SEAN P. REIS (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Telephone: (949) 459-2124

RAFEY S. BALABANIAN*
rbalabanian@edelson.com
BENJAMIN H. RICHMAN*
brichman@edelson.com
CHRISTOPHER DORE*
cdore@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370

*pro hac vice application to be filed

[Additional counsel appearing on signature page]

*Counsel for Plaintiff and the putative class*

**Filed**
SEP 12 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Fee paid
SI
99

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TRINDADE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REACH MEDIA GROUP, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. CV12-04759 PSG<br><br>**CLASS ACTION COMPLAINT** |



## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff David Trindade brings this class action complaint against Defendant Reach Media Group, LLC, to stop Defendant's practice of making unsolicited text message calls to cellular telephones of consumers nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendant Reach Media Group is a performance based publisher network specializing in "affiliate marketing," "lead generation, interactive web design, branding & consumer acquisition." Defendant generates leads by making text message calls or having them made on its behalf to drive consumers to information collection websites and payday loan offers. Such text messages inform the recipients that "Chase is offering $1500 cash loans deposited within 2hrs" and "Lenders offering $1,500 cash loans deposited within 2hrs. NO credit checks!," and directing consumers to visit the websites TwoHourCash.com, TwoHourCash.net, TwoHourCash.org, and CashIn2Hrs.com.

2. Defendant repeatedly made (or directed to be made on its behalf) unsolicited text message calls to Plaintiff's and the other putative Class member's cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

3. Neither Plaintiff Trindade, nor the other members of the proposed Class, ever provided their cellular telephone numbers to Defendant for any purpose, nor did they consent to have Defendant make text message calls to their phones.

4. By making the text message calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text message calls, and the monies paid to their wireless carriers for the receipt of such text message calls.

5. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited text message calling activities and

an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

### PARTIES

6. Plaintiff David Trindade is a natural person and citizen of the State of California.

7. Defendant Reach Media Group LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 3715 Northside Parkway, Building 100, Suite 300, Atlanta, Georgia 30327. Reach Media Group does business throughout the United States, the State of California and in this District.

### JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, which is a federal statute.

9. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District and the conduct and events giving rise to Plaintiff's claims arose in substantial part in this District.

### COMMON FACTUAL ALLEGATIONS

10. In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to transmit bulk solicitations cheaply.

11. One of the most prevalent alternatives is bulk advertising through so-called Short Message Services. "Short Message Services" or "SMS" is a messaging system that allows for the transmission and receipt of short text message calls (usually no more than 160 characters) to and from cellular telephones.

12. SMS message calls are directed to a wireless device using the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, SMS messages may be received by the called party virtually anywhere in the world.

13. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—made directly to user's cell phones." In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone." Amanda Lenhart, *Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens*, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited September 5, 2012).

14. Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because cell phone users must pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

15. Defendant made (and/or had made on its behalf), and presently continues to make, text message calls to Plaintiff's and the other Class members' cell phones without consent.

16. Defendant obtained Plaintiff's and the other Class members' cell phone numbers by purchasing lists of phone numbers from a third party and/or simply dialing numbers at random.

17. On August 13, 2012, Defendant made, or had made on its behalf, the following text message call to Plaintiff's cell phone:

> Lenders offering $1,500 cash loans deposited within 2hrs. NO credit checks! Get money today by applying right now directly on your phone at www.TwoHourCash.com

18. Defendant made, or had made on its behalf, the above text message call to Plaintiff from the phone number (323) 400-9751.

19. At the time Plaintiff received the above text message call, clicking on TwoHourCash.com linked a consumer directly to MobileCashSource.com. Shortly thereafter, TwoHourCash.com linked to CashAdvanceDiamond.com. Both of these websites are registered to, and owned and/or operated by Defendant.

20. Defendant also made other similarly phrased text message calls to the putative Class, including, for example:

> Chase is offering $1500 cash loans deposited within 2hrs. NO credit checks! Get the

money today by applying right now directly on your phone at CashIn2Hrs.com.

Chase is offering $1500 cash loans deposited within 2hrs. NO credit checks! Get the money today by applying right now on your phone at www.TwoHourCash.org.

Chase is offering $1500 cash loans deposited within 2hrs. NO credit checks or faxing! Get the money today by applying right now on your phone at TwoHourCash.net

Chase is offering $1,500 cash loans deposited within 2hrs. NO credit checks! Get the money today by applying right now on your phone at www.TwoHourCash.org.

Wells Fargo: Get up to $1500 deposited into your account today. Not a scam & bad credit ok. Apply from your phone at bit.ly/NmCRO0 now. Instant approval.

21. Like the text message call above, CashIn2Hrs.com, TwoHourCash.net, www.TwoHourCash.org, and the "shortened" link bit.ly/NmCRO0 all lead directly to Defendant owned and/or operated websites including CashAdvanceDiamond.com and MobileCashSource.com.

22. Defendant made, or had made on its behalf, text message calls from numerous phone numbers, including but not limited to: (323) 819-3946, (347) 304-1748, (507) 676-2674, (612) 723-6736, (347) 304-0382, (619) 346-9694, (662) 336-0540, (262) 717-5843, (662) 336-0540, (315) 775-6453, (347) 452-6839.

23. Defendant made, or had made on its behalf, the text message calls to Plaintiff using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

24. Plaintiff did not provide his phone number to Defendant or any entity that indicated that he would receive text message calls from Defendant, let alone text message calls promoting payday loans.

25. Plaintiff never consented to, requested, or otherwise desired or permitted Defendant to make text message calls to his cellular phone, nor did Plaintiff provide Defendant with his cellular telephone number.

26. Defendant made, or had made on its behalf, the same (or substantially the same) text message call *en masse* to a list of cellular telephone numbers or randomly generated phone numbers.

27. Defendant, or third parties acting directly on its behalf, utilize third party domain

- 4 -

registration companies to mask from public view the true owner and operator of the websites featured in its text message calls, as well as the websites those text messages lead a consumer to. Defendant takes this action in order to avoid detection and liability for its conduct. Additionally, Defendant has recently altered its website registrations, which previously identified Defendant Reach Media Group as the owner of CashAdvanceDiamond.com and MobileCashSource.com, and listing its corporate headquarters as the contact address; however, the registrations currently represent that the website is owned by "R M" and has the contact address for a UPS store in Atlanta.

28. Defendant was and is aware that the above described text message calls were and are being made either by it directly, or made on its behalf, and that the text message calls were being made to consumers who had not consented to receive them.

## CLASS ALLEGATIONS

29. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a class (the "Class") defined as follows:

> All individuals in the United States who received a text message on their cellular telephones made by or on behalf of Defendant promoting payday loans, including but not limited to text messages directing consumers to click on TwoHourCash.com, TwoHourCash.net, TwoHourCash.org and CashIn2Hrs.com.

30. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made text message calls to tens of thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

31. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

32. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) whether Defendant's conduct constitutes a violation of the TCPA;

   (b) whether the equipment Defendant used to make the text message calls in question was an automatic telephone dialing system as contemplated by the TCPA;

   (c) whether Defendant systematically made text message calls to persons who did not previously provide Defendant with their prior express consent to receive such text message calls;

   (d) whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

34. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

35. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

36. Defendant and its agents made unsolicited text message calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class *en masse* without its prior express consent.

37. Defendant made the text message calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

38. Defendant and its agents utilized equipment that made, or had made on its behalf, the text message calls to Plaintiff and other members of the Class simultaneously and without human intervention.

39. By making, or having made on its behalf, the unsolicited text message calls to Plaintiff and the Class, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

40. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited text message calls on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

41. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff David Trindade, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff David Trindade as the representative of the Class, and appointing his counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited text message calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: September 12, 2012

EDELSON MCGUIRE LLP

By: _____
One of his Attorneys

SEAN P. REIS (SBN 184044)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Telephone: (949) 459-2124

RAFEY S. BALABANIAN*
rbalabanian@edelson.com
BENJAMIN H. RICHMAN*
brichman@edelson.com
CHRISTOPHER DORE*
cdore@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370

STEFAN COLEMAN, ESQ.*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, PLLC
1072 Madison Avenue, Suite 1
Lakewood, NJ 08701
Telephone: (877) 333-9427

*pro hac vice application to be filed