JOSHUA M. BRIONES (Bar No. 205293)
joshua.briones@dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, California 90067-4704
Tel: 310-595-3000
Fax: 310-595-3300

ALBERT E. HARTMANN (*pro hac vice* pending)
albert.hartmann@dlapiper.com
DLA PIPER LLP (US)
203 North LaSalle Street, Ste 1900
Chicago, IL 60601-1293
Tel: 312-368-4000
Fax: 312-236-7516

VISHALI SINGAL (Bar No. 267481)
vishali.singal@dlapiper.com
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: 415.836.2500
Fax: 415.836.2501

Attorneys for Defendant
REACH MEDIA GROUP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID TRINDADE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REACH MEDIA GROUP, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 5:12-CV-04759 (PSG)<br><br>**CLASS ACTION**<br><br>**ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>Judge:   Hon. Paul Singh Grewal<br>Dept:    Courtroom 5 |

Pursuant to the provisions of Federal Rule of Civil Procedure 8, Defendant REACH MEDIA GROUP, LLC ("RMG" or "Defendant"), answers the Complaint and files its affirmative defenses as follows. Any allegations that are not specifically admitted are denied.

## ANSWER TO ALLEGATIONS

### NATURE OF THE ACTION

1. RMG admits that it is a performance based publisher network specializing in "affiliate marketing," "lead generation, interactive web design, branding & consumer acquisition." Further, RMG admits that it generates leads by contracting with third-party publishers to advertise payday loan offers to consumers through text messages, e-mails, or other methods of advertisement. RMG denies that it generates leads by making text message calls or having them made on its behalf to drive consumers to information collection websites and payday loan offers. RMG further denies that it makes text messages or has made on its behalf text messages that inform the recipients that "Chase is offering $1500 cash loans deposited within 2hrs" and "Lenders offering $1,500 cash loans deposited within 2hrs. NO credit checks!" or that direct consumers to visit the websites TwoHourCash.com, TwoHourCash.net, TwoHourCash.org, and CashIn2Hrs.com.

2. RMG denies that it repeatedly made or directed to be made on its behalf unsolicited text message calls to Plaintiff's and the other putative Class member's cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

3. RMG lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint and therefore, RMG denies these allegations.

4. RMG denies generally and specifically each and every allegation contained in Paragraph 4 of the Complaint.

5. RMG denies that it engaged in any unlawful conduct. RMG admits that Plaintiff filed a lawsuit and seeks an injunction requiring RMG to cease all unsolicited text message calling activities and an award of statutory damages to the members of the purported Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

6.  RMG lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff is a natural person and citizen of the State of California.

7.  RMG admits that it is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 3715 Northside Parkway, Building 100, Suite 300, Atlanta, Georgia 30327. RMG further admits that it has conducted business in the State of California and in the Northern District of California. RMG denies specifically the remaining allegations in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.  Paragraph 8 of the Complaint contains a legal conclusion and to that extent does not require an answer. To the extent an answer is required, RMG admits that this Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, which is a federal statute.

9.  Paragraph 9 of the Complaint contains a legal conclusion and to that extent does not require an answer. To the extent an answer is required, RMG denies generally and specifically each and every allegation contained in Paragraph 9 of the Complaint.

## COMMON FACTUAL ALLEGATIONS

10. RMG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint and therefore, denies those allegations.

11. RMG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Complaint and therefore, denies those allegations.

12. RMG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Complaint and therefore, denies those allegations.

13. RMG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Complaint and therefore, denies those

allegations.

14. RMG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint and therefore, denies those allegations.

15. RMG denies generally and specifically each and every allegation contained in Paragraph 15 of the Complaint.

16. RMG denies generally and specifically each and every allegation contained in Paragraph 16 of the Complaint.

17. RMG denies generally and specifically each and every allegation contained in Paragraph 17 of the Complaint.

18. RMG denies generally and specifically each and every allegation contained in Paragraph 18 of the Complaint.

19. RMG admits that the websites www.mobilecashsource.com and www.cashadvancediamond.com are registered to, owned, and operated by RMG. RMG denies that the website TwoHourCash.com is registered to, owned by, or operated by RMG. RMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19 of the Complaint and therefore, denies those allegations.

20. RMG denies generally and specifically each and every allegation contained in Paragraph 20 of the Complaint.

21. RMG admits that it owns and operates the websites www.cashadvancediamond.com and www.mobilecashsource.com. RMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21 of the Complaint and therefore, denies those allegations.

22. RMG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Complaint and therefore, denies those allegations.

23. RMG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of the Complaint and therefore, denies those

allegations.

24. RMG admits that Plaintiff did not provide his phone number to RMG. RMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 24 of the Complaint and therefore, denies those allegations.

25. RMG admits that Plaintiff never provided RMG with his cellular telephone number. RMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 25 of the Complaint and therefore, denies those allegations.

26. RMG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Complaint and therefore, denies those allegations.

27. RMG admits that it is the owner and operator of the websites www.cashadvancediamond.com and www.mobilecashsource.com. RMG further admits that the registrations for both of these websites represent that they are registered under the name "R M" and the administrative and technical contact information as "M, R tech@reachmg.com, 4355 Cobb Parkway, Ste J, Atlanta, Georgia 30339, United States +1.4049493123." RMG additionally admits that the registrations for both of these websites previously listed "Reach Media Group" as the registrant and provided RMG's corporate headquarter address. RMG also admits that both websites include the contact information "Reach Media Group, 4355 Cobb Parkway, Ste J134, Atlanta Ga. 30339." RMG denies that it utilizes third party domain registration companies to mask from public view the true owner and operator of any websites. RMG further denies that it avoids detection and liability for its conduct. RMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 27 of the Complaint and therefore, denies those allegations.

28. RMG denies that it was or is aware that text messages were being made to consumers who had not consented to receive them. RMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 28 of the Complaint and therefore, denies those allegations.

## CLASS ALLEGATIONS

29. RMG admits that Plaintiff purports to bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a class defined as:

> All individuals in the United States who received a text message on their cellular telephones made by or on behalf of Defendant promoting payday loans, including but not limited to text messages directing consumers to click on TwoHourCash.com, TwoHourCash.net, TwoHourCash.org and CashIn2Hrs.com.

RMG denies that it is liable to Plaintiff or any member of the purported class.

30. RMG denies generally and specifically each and every allegation against it contained in Paragraph 30 of the Complaint. RMG further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.

31. RMG denies generally and specifically each and every allegation against it contained in Paragraph 31 of the Complaint. RMG further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.

32. RMG lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff has retained counsel competent and experienced in complex class actions contained in Paragraph 32 of the Complaint and therefore, denies that allegation. RMG denies generally and specifically the remaining allegations against it contained in Paragraph 32 of the Complaint. RMG further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.

33. RMG denies generally and specifically each and every allegation against it contained in Paragraph 33, and each of its subparts, of the Complaint. RMG further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.

34. RMG denies generally and specifically each and every allegation against it contained in Paragraph 34 of the Complaint. RMG further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.

## ANSWER TO COUNT I

35. RMG realleges and incorporates herein by reference each of the answers to Paragraphs 1 through 34 above as though fully set forth herein.

36. RMG denies generally and specifically each and every allegation contained in Paragraph 36 of the Complaint.

37. RMG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37 of the Complaint and therefore, denies those allegations.

38. RMG lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38 of the Complaint and therefore, denies those allegations.

39. Paragraph 39 of the Complaint contains legal conclusions and to that extent does not require an answer. To the extent an answer is required, RMG denies generally and specifically each and every allegation against it contained therein.

40. Paragraph 40 of the Complaint contains legal conclusions and to that extent does not require an answer. To the extent an answer is required, RMG denies generally and specifically each and every allegation against it contained therein.

41. Paragraph 41 of the Complaint contains legal conclusions and to that extent does not require an answer. To the extent an answer is required, RMG denies generally and specifically each and every allegation against it contained therein.

## JURY DEMAND

RMG denies that Plaintiff or any purported class member is entitled to any relief in this matter and/or a trial by jury.

## SEPARATE AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, subject to discovery, based on information and belief, and without assuming the burden of proof on any issue for which Plaintiff bears the burden of proof, RMG asserts the following separate and distinct affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

The Complaint and each purported cause of action contained therein fail to state a claim against RMG upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Consent)

The Complaint and each purported cause of action contained therein are barred to the extent that Plaintiff provided RMG's independent contractors with consent for the alleged text messages, including, without limitation, "prior express consent" under the TCPA.

## THIRD AFFIRMATIVE DEFENSE

(Unconstitutional Vagueness and Overbreadth)

Interpretations of the TCPA upon which the Plaintiff's Complaint is based are unconstitutionally vague and overbroad and thus violate the due process clause of the Fifth Amendment to the United States Constitution, and the due process provision of the Fourteenth Amendment to the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE

(No Duplicative Relief)

To the extent that any relief sought by Plaintiff would be duplicative of relief sought by other plaintiffs in other lawsuits, subjecting RMG to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments of the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

(Settlement Credits)

In the event that a settlement is reached between Plaintiff or any other putative class member, on the one hand, and any other person or entity on the other hand, RMG is entitled to any settlement credits permitted by law.

### SIXTH AFFIRMATIVE DEFENSE

(Lack of Control)

Any purported damages to Plaintiff or the purported class members, which RMG continues to deny, are the result of the acts or omissions of persons or entities over whom RMG has neither control nor responsibility.

### SEVENTH AFFIRMATIVE DEFENSE

(Defenses Specific to Class Members)

RMG may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class. RMG reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

### EIGHTH AFFIRMATIVE DEFENSE

(Excessive Penalties)

The statutory penalties sought by Plaintiff and members of the putative class are excessive and thus violate the due process clause of the Fifth Amendment to the United States Constitution, and the due process provision of the Fourteenth Amendment to the United States Constitution.

### NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

If Plaintiff or members of the putative class recover any damages, such award must be reduced by all damages attributable to Plaintiff's failure to take appropriate action and mitigate damages prior to and subsequent to the institution of this action.

### TENTH AFFIRMATIVE DEFENSE

(Third Parties)

The matters that are the subject of this Complaint and the actions therein complained of are attributable to third parties over whom RMG had no control or right to control, and recovery is therefore barred or proportionately reduced accordingly.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Substantial Compliance with Laws)

RMG is not liable to Plaintiff or members of any purported class because RMG acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

**TWELFTH AFFIRMATIVE DEFENSE**

(No Liability)

RMG is not liable to Plaintiff or members of the purported class because RMG did not make or have made on its behalf unsolicited text messages to Plaintiff or members of the purported class without their prior express consent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Reservation of Rights)

RMG reserves the right to raise additional defenses to which it may be entitled or which may be developed in the course of discovery.

Dated: November 1, 2012

DLA PIPER LLP (US)

By: /s/ Vishali Singal
    VISHALI SINGAL
    Attorneys for Defendant