Sean P. Reis (SBN 184004)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

*Attorneys for Plaintiff David Trindade and the Putative Class*

Joshua M. Briones (SBN 205293)
joshua.briones@dlapiper.com
DLA Piper LLP (US)
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, California 90067-4704
Telephone: (310) 593-3000
Facsimile: (310) 595-3300

Vishali Singal (SBN 267481)
vishali.singal@dlapiper.com
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, California 94105
Telephone: (415) 836-2500
Facsimile: (415) 836-2501

*Attorneys for Defendant Reach Media Group, LLC*

[Additional counsel included in signature block.]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| DAVID TRINDADE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REACH MEDIA GROUP, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 5:12-CV-04759-PSG<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Honorable Paul Singh Grewal<br>Department: Courtroom 5<br>Conference Date: December 18, 2012<br>Conference Time: 2:00 p.m. PT<br>Action Filed: September 12, 2012 |

Pursuant to Fed. R. Civ. P. 26, Local Rule 16-9 and the Standing Order for all Judges of the Northern District of California, Plaintiff David Trindade ("Trindade"), and Defendant Reach Media Group, LLC ("RMG") (collectively, the "Parties"), hereby jointly submit the following Joint Case Management Statement.[1]

## I. JURISDICTION AND SERVICE

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, because the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). The Court has personal jurisdiction over RMG and venue is proper in this District because it transacts significant amounts of business within this District and the conduct and events giving rise to Plaintiff's claims arose in substantial part in this District.

RMG has been served.

RMG is in the process of serving Third-Party Defendants Ryan Lenahan, an individual, Kyle Danna, an individual, and Eagle Web Assets, Inc., a corporation, named in its Third-Party Complaint filed in this matter on November 15, 2012. (Dkt. No. 22.)

## II. FACTUAL DISPUTES

**A. Plaintiff's Position:** Plaintiff alleges, individually and on behalf of a nationwide class of similarly situated individuals, that RMG repeatedly made (or directed to be made on its behalf) unsolicited text message calls to consumers in an effort to drive them to information collection websites and online payday loan offers, all in violation of the TCPA. Plaintiff alleges that neither he nor the members of the proposed Class ever provided their cellular telephone numbers to RMG for any purpose or ever consented to receiving RMG's text message calls.

The factual issues in this case include, but are not limited to:

(a) whether Plaintiff and members of the Class gave prior express consent to receive the text message calls at issue;

---

[1] On November 15, 2012, RMG filed a Third-Party Complaint against Eagle Web Assets, Inc., Ryan Lenahan and Kyle Danna (collectively, the "Third-Party Defendants"). (Dkt. No. 22.) However, the Third-Party Defendants have yet to appear in this matter and therefore, did not participate in the drafting and filing of the instant Statement.

(b) whether RMG authorized the text message calls at issue to be sent on its behalf; and

(c) whether RMG was responsible for making the text message calls at issue.

**B. Defendant's Position:** RMG denies any and all allegations by Plaintiff that it made, or directed to be made on its behalf, unsolicited text messages to consumers in an effort to drive them to information collection websites and online payday loan offers. RMG further denies that it violated the TCPA. As a performance based publisher network, RMG enters into agreements with third party publishers for the publication of advertisements pursuant to terms and conditions which require such third party publishers to comply with federal law and any other applicable local laws. These terms and conditions also prohibit third party publishers from engaging in or promoting any illegal activities in association with their agreements with RMG. RMG is informed and believes, and thereon alleges in its Third-Party Complaint, that Third-Party Defendants, with whom RMG entered into agreements and whose conduct was governed by these terms and conditions, sent text messages purportedly on behalf of RMG not in compliance with these terms and conditions. Accordingly, RMG has further alleged that to the extent Plaintiff and members of the purported Class have suffered any damage as a result of these text messages, each of Third-Party Defendants' conduct solely, actually and proximately caused those damages.

**III. LEGAL ISSUES**

The primary legal issues in this case include but are not limited to:

(a) whether the text messages received by Plaintiff and the Class violate the TCPA;

(b) whether the text messages at issue were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers as defined by the TCPA;

(c) whether RMG is liable under the TCPA for the text messages received by Plaintiff as identified in the Complaint;

(d) whether RMG is liable under the TCPA for the text messages received by any member of the purported Class as identified in the Complaint;

|   |     |     |
|---|-----|-----|
| 1 | (e) | what damages, if any, Plaintiff is entitled to recover; |
| 2 | (f) | whether Plaintiff can succeed on his claim for class certification of the purported Class as defined in the Complaint; |
| 4 | (g) | whether, if the purported Class is certified, Class members are entitled to any damages, and if so, what damages; |
| 6 | (h) | whether, if the purported Class is certified, Class members are entitled to treble damages under 47 U.S.C. § 227(b)(3)(C) based on the alleged willfulness of RMG's conduct. (RMG continues to deny that this action meets the mandatory prerequisites for a class action or that this case is appropriate for class treatment.) |

## IV. MOTIONS

There are no prior or pending motions. The Parties anticipate the filing of the following motions: (i) Plaintiff's motion for class certification; (ii) cross-motions for summary judgment; and (iii) discovery-related motions, if necessary.

## V. AMENDMENT OF PLEADINGS

On November 15, 2012, RMG filed its Third-Party Complaint against the Third-Party Defendants. Based upon information contained in RMG's Third-Party Complaint and additional investigation, Plaintiff believes that amending his pleading may be necessary. Further, to the extent necessary as a result of additional investigation, RMG believes it may be necessary to amend its Third-Party Complaint and/or Answer to Plaintiff's Class Action Complaint to raise new or different claims and defenses.

The Parties propose that amended pleadings be filed and the joinder of additional parties (if any) be completed in accordance with the proposed schedules of discovery and general case deadlines outlined in Section XVII below.

## VI. EVIDENCE PRESERVATION

Counsel for the Parties have spoken to their respective clients about the need to preserve relevant evidence, including electronically stored information. RMG has put a litigation hold in

place, instructing its employees to preserve documents and data they reasonably believe are relevant, and has communicated the need to preserve such information to third parties who may possess relevant evidence.

**VII.  DISCLOSURES**

The Parties each served the initial disclosures required under Fed. R. Civ. P. 26(a)(1) on November 27, 2012.

**VIII.  DISCOVERY**

To date, the Parties have not engaged in discovery. The Parties agree to conduct discovery under the guidelines set forth in the Federal Rules of Civil Procedure. They anticipate that they will each require discovery in the form of depositions, interrogatories, requests for admission, and document requests, including potential discovery from third-parties, on all factual and legal issues identified above and in the pleadings.

    **A.**    **Scope of Discovery:**

<u>Plaintiff's Position</u>: Plaintiff anticipates taking discovery on the following non-exhaustive list of topics: (i) the content and total number of text messages transmitted to the members of the proposed Class; (ii) any and all purported authorizations provided by members of the proposed Class to receive such text messages; (iii) all marketing agreements between RMG and any third-party related to the transmission of the text messages at issue; and, (iv) the equipment used by (or on behalf of) RMG to transmit the text messages at issue.

<u>Defendant's Position</u>:  Defendant anticipates taking discovery on the following non-exhaustive list of topics:  (i) the content of all text messages Plaintiff alleges RMG sent or authorized to be sent on its behalf to Plaintiff and all members of the purported Class; (ii) the content of all text messages sent by Third-Party Defendants purportedly on RMG's behalf; (iii) all phone numbers to which Third-Party Defendants sent text messages purportedly on RMG's behalf; (iv) any and all forms of authorization provided by owners of phone numbers to which Third-Party Defendants sent text messages purportedly on RMG's behalf; (v) the equipment used by Third-

Party Defendants to send text messages purportedly on RMG's behalf; (vi) the total number of text messages sent to Plaintiff and members of the purported Class allegedly by or on behalf of RMG; and (vii) any and all forms of authorization provided by Plaintiff and all members of the purported Class for the receipt of text message advertisements.

  B.  **Form of Electronic Discovery and Claims of Privilege:** With respect to the discovery of electronically stored information ("ESI") and claims of privilege, the Parties have agreed to further discuss: (i) the identification of relevant and discoverable ESI; (ii) the scope of discoverable ESI to be preserved and produced by the Parties; (iii) the formats for preservation and production of ESI; (iv) the protection of confidential and proprietary information; (v) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; and (vi) any other relevant ESI issues involved in the case that may arise. The Parties will attempt to craft an appropriate stipulation governing the production of electronic evidence for the Court's approval.

## IX.  CLASS CERTIFICATION

  A.  **Plaintiff's Position:** Plaintiff intends to seek class certification pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) of a class (the "Class") of similarly situated individuals, defined as follows:

> All individuals in the United States who received a text message on their cellular telephones made by or on behalf of Defendant promoting payday loans, including but not limited to text messages directing consumers to click on TwoHourCash.com, TwoHourCash.net, TwoHourCash.org and CashIn2Hrs.com.

The proposed Class satisfies each of the requisites to class certification under Rules 23(a), (b)(2) and (b)(3). In particular, the Class consists of potentially thousands of individuals, making joinder of all members impracticable (numerosity), and there are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, which predominate over any questions that may affect only individual Class members—including whether Defendant's conduct constitutes a violation of the TCPA; whether the equipment used to make the text message calls was an automatic telephone dialing system as contemplated by the TCPA; whether Defendant

systematically made text message calls to persons who did not previously provide prior express consent to receive such text message calls; and whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct (commonality and predominance). Further, Plaintiff's claims are typical of the claims of all of the other members of the Class, inasmuch as they were similarly injured as a result of Defendant's same unlawful conduct (typicality), and Plaintiff will fairly and adequately represent and protect the interests of the members of the Class, and has retained counsel competent and experienced in complex class actions (adequacy of representation).

Moreover, this case is appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. That is, the potential recovery to the individual members of the Class will likely be relatively small compared to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's conduct. Even if members of the Class themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties, as well as the likelihood of the imposition of inconsistent obligations. This case is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding restitutionary relief with respect to the Class as a whole.

**B.    Defendant's Position:** RMG denied in its Answer to Plaintiff's Class Action Complaint, and continues to deny, that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment. RMG intends to oppose any motion for class certification by Plaintiff.

## X.    RELATED CASES

The Parties are not aware of any related cases at this time.

## XI. RELIEF SOUGHT

**A. Plaintiff's Position:** Plaintiff respectfully requests that the Court enter an Order:

1. Certifying the Class as defined above, appointing Plaintiff David Trindade as the representative of the Class, and appointing his counsel as Class Counsel;

2. Awarding actual and statutory damages;

3. Entering an injunction requiring Defendant to cease all unsolicited text message calling activities, and otherwise protecting the interests of the Class;

4. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs; and

5. Awarding such other and further relief that the Court deems reasonable and just.

**B. Defendant's Position:** RMG denied in its Answer to Plaintiff's Class Action Complaint, and continues to deny, that Plaintiff or any purported class member is entitled to any relief in this matter. RMG is not liable to Plaintiff or any member of the purported Class for any harm or damages. Should RMG suffer any loss or damage as a result of Plaintiff's lawsuit and Third-Party Defendants' conduct is found to be the sole, actual and proximate cause of any injuries and damages sustained by Plaintiff and other members of the purported Class, RMG respectfully requests that the Court issue judgment against Third-Party Defendants compelling them to pay in full to RMG for such loss or damage as required by the indemnification clause of their agreements with RMG.

## XII. SETTLEMENT AND ADR

The Parties have had (and are continuing with) preliminary discussions regarding the potential for an early resolution of this matter. In the meantime, the Parties have elected to proceed with private mediation to be conducted by a neutral selected from the roster at JAMS or a similar provider, within the Court's ninety (90) day presumptive deadline to complete such process. The

Parties filed a Stipulation and Proposed Order Selecting ADR Process on November 13, 2012. On November 14, 2012, the Court adopted and ordered the Parties' stipulation.

### XIII. CONSENT TO MAGISTRATE JUDGE

The Parties consent to proceed before Magistrate Judge Paul Singh Grewal for all purposes.

### XIV. OTHER REFERENCES

The Parties do not believe that this action is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

At this stage of the proceedings, the Parties are unable to further narrow the factual or legal issues presented in this action.

### XVI. EXPEDITED SCHEDULE

The Parties agree that this action is not appropriate for the procedures outlined in Expedited Trial Procedure of General Order No. 64, Attachment A.

### XVII. SCHEDULING

Plaintiff proposes the following schedule of discovery and general case deadlines:

| | |
|---|---|
| **November 27, 2012:** | Deadline to serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). |
| **May 17, 2013:** | Deadline to file motions to amend pleadings or join parties. |
| **June 25, 2013:** | Plaintiff's deadline to disclose experts, expert witness summaries and reports, as required by Fed. R. Civ. P. 26. |
| **July 23, 2013:** | Defendants' deadline to disclose experts, expert witness summaries and reports, as required by Fed. R. Civ. P. 26. |
| **August 27, 2013:** | Fact and expert discovery cutoff. |
| **September 27, 2013:** | Plaintiff's deadline to file Motion for Class Certification. |
| **Dispositive Motion Deadline:** | Parties shall file all dispositive pre-trial motions and memoranda of law no later than forty-five (45) days after the Court's ruling on Plaintiff's Motion for Class Certification. |
| **Pre-trial Conference:** | To be set at the Court's convenience. |

| | | |
|---|---|---|
| **Trial:** | | To be set at the Court's convenience. However, the Parties anticipate that this case will be ready for trial by January 2014. |

Defendant agrees to Plaintiff's proposed schedule with the exception of the proposed August 27, 2013 date for fact and expert discovery cutoff. Defendant proposes that all non-expert fact discovery concerning class certification shall be completed by August 27, 2013. This discovery will encompass facts relating to the class certification issues on which Plaintiff has the burden of proof under Rule 23 of the Federal Rules of Civil Procedure (unless any such issues are not disputed), and will also encompass any facts relating to any defenses (affirmative or otherwise) which Defendants intend to assert in an effort to oppose or defeat class certification. The discovery cut-off date for all non-expert fact discovery regarding the merits of this case shall be set on or after the date this Court rules on Plaintiff's Motion for Class Certification, if necessary.

## XVIII. TRIAL

Plaintiff has requested a trial by jury of all claims that can be so tried. The Parties anticipate a jury trial would last approximately three to five Court days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties have each separately filed certificates of interested entities or persons. (Dkt. Nos. 3, 6.)

## XX. OTHER MATTERS

The Parties are unaware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this action at this time.

    Respectfully submitted,

    **DAVID TRINDADE**, individually and on behalf of all others similarly situated,

Dated: November 27, 2012    By: /s/ Benjamin H. Richman
    One of Plaintiff's Attorneys

|   |   |   |
|---|---|---|
| 1 | | Sean P. Reis (SBN 184004) |
| 2 | | sreis@edelson.com<br>EDELSON MCGUIRE LLP |
| 3 | | 30021 Tomas Street, Suite 300<br>Rancho Santa Margarita, California 92688 |
| 4 | | Telephone: (949) 459-2124 |

```
 1                                    Sean P. Reis (SBN 184004)
                                      sreis@edelson.com
 2                                    EDELSON MCGUIRE LLP
                                      30021 Tomas Street, Suite 300
 3                                    Rancho Santa Margarita, California 92688
                                      Telephone: (949) 459-2124
 4
                                      Rafey S. Balabanian (Admitted Pro Hac Vice)
 5                                    rbalabanian@edelson.com
                                      Benjamin H. Richman (Admitted Pro Hac Vice)
 6                                    brichman@edelson.com
                                      Christopher L. Dore (Admitted Pro Hac Vice)
 7                                    cdore@edelson.com
                                      EDELSON MCGUIRE LLC
 8                                    350 North LaSalle Street, Suite 1300
                                      Chicago, Illinois 60654
 9                                    Telephone: (312) 589-6370
                                      Facsimile: (312) 589-6378
10
                                      REACH MEDIA GROUP, LLC,
11

12   Dated: November 27, 2012          By: /s/ Vishali Singal
                                              One of Defendant's Attorneys
13
                                      Joshua M. Briones (SBN 205293)
14                                    joshua.briones@dlapiper.com
                                      DLA Piper LLP (US)
15                                    2000 Avenue of the Stars, Suite 400 North Tower
                                      Los Angeles, California 90067-4704
16                                    Telephone: (310) 593-3000
                                      Facsimile: (310) 595-3300
17
                                      Vishali Singal (SBN 267481)
18                                    vishali.singal@dlapiper.com
                                      DLA PIPER LLP (US)
19                                    555 Mission Street, Suite 2400
                                      San Francisco, California 94105
20                                    Telephone: (415) 836-2500
                                      Facsimile: (415) 836-2501
21
                                      Albert E. Hartmann (Pro Hac Vice pending)
22                                    albert.hartmann@dlapiper.com
                                      DLA PIPER LLP (US)
23                                    203 North LaSalle Street, Suite 1900
                                      Chicago, Illinois 60601
24                                    Telephone: (312) 368-4000
                                      Facsimile: (312) 236-7516
25

26

27

28

     JOINT CASE MANAGEMENT          11                 CASE NO. 5:12-CV-04759-PSG
     STATEMENT
```

## CERTIFICATE OF SERVICE

I, Benjamin H. Richman, an attorney, hereby certify that on November 27, 2012, I served the above and foregoing ***Joint Case Management Statement***, by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system on this, the 27th day of November, 2012.

/s/ Benjamin H. Richman