**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Virginia A. Sanderson (Bar No. 240241)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
ginny@KRInternetLaw.com

Attorneys for Third-Party Defendants
Ryan Lenahan and Kyle Danna

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**DAVID TRINDADE**, individually and on behalf of all others similarly situated,

Plaintiff,

v.

**REACH MEDIA GROUP, LLC**, a Delaware limited liability company,

Defendant,

**REACH MEDIA GROUP, LLC**, a Delaware limited liability company,

Third-Party Plaintiff,

v.

**RYAN LENAHAN**, an individual, **KYLE DANNA**, an individual, and **EAGLE WEB ASSETS INC.**, a corporation,

Third-Party Defendants.

Case No. 5:12-cv-04759 (PSG)

**THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE AND/OR DISMISS THIRD-PARTY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

DATE: February 26, 2013
TIME: 10:00 a.m.
CTRM: 5, 4th Floor
JUDGE: The Hon. Paul S. Grewal

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

**TABLE OF CONTENTS**

INTRODUCTION ..... 2

BACKGROUND ..... 3

A. RMG's Business Model and Publisher Terms ..... 3

B. Third-Party Defendants Danna and Lenahan ..... 3

C. Plaintiff's Case ..... 4

D. RMG's Third-Party Claims ..... 4

ARGUMENT ..... 6

A. RMG's causes of action are not proper Third-Party Claims in that they are not dependent on the outcome of Plaintiff's claim and will only delay the disposition of Plaintiff's case ..... 6

B. RMG has failed to state a single valid claim for relief against either Danna or Lenahan ..... 7

1. RMG has failed to state a claim for breach of warranty or contract against either Danna or Lenahan ..... 8

2. RMG has failed to state a claim for libel per se against Lenahan ..... 10

a. RMG has no standing to assert Third-Party Claims on behalf of non-party Roger Dowd ..... 10

b. RMG has failed to state a prima facie case of libel per se ..... 10

3. RMG has failed to state any claim for tortious interference of contract or economic advantage against Lenahan ..... 12

C. The Court has no personal jurisdiction over Danna ..... 13

IV. CONCLUSION ..... 14

## TABLE OF AUTHORITIES

*Allwaste, Inc. v. Hecht,* 65 F.3d 1523 (9th Cir. 1995) .................................................. 7-8

*Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). ........ 7

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) .......................................................... 7

*Blatty v. New York Times Co.,* 42 Cal. 3d 1033 (1986) ................................................ 10

*Brockman v. Merabank,* 40 F.3d 1013 (9th Cir. 1994)................................................... 6

*Canton Plaza, Inc. v. Regions Bank, Inc.,* 732 S.E. 2d 449 (Ga. App. 2012) ................. 9

*Cf. U.S. Faucets, Inc. v. Home Depot U.S.A. Inc.,* No. 1:03-CV-1572WSD, 2006 WL 1518887 at * 1–2 (N.D. Ga. May 31, 2006)............................................................ 8

*Clegg v. Cult Awareness Network,* 18 F.3d 752 (9th Cir.1994) ...................................... 8

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.,* 11 Cal. 4th 376 (1995) ..................... 12

*Doe v. Unocal Corp.,* 248 F.3d 915 (9th Cir. 2001) ...................................................... 14

*Dollar Tree Stores Inc. v. Toyama Partners, LLC,* No. C 10-325 SI, 2010 WL 4973761 (N.D. Cal. Dec. 1, 2010)........................................................................................ 8

*Edwards v. Arthur Andersen LLP,* 44 Cal. 4th 937 (2008)............................................ 12

*Fireman's Fund Ins. Co. v. Nat. Bank of Coops.,* 103 F.3d 888 (9th Cir. 1996) ............ 13

*Gibbs Patrick Farms, Inc. v. Syngenta Seeds, Inc.,* No. 7:06-CV-48 (HL), 2008 WL 822522 at *10 (M.D. Ga. Mar. 26, 2008)................................................................ 9

*Hoffman-Pugh v. Ramsey,* 193 F. Supp. 2d 1295 (N.D. Ga. 2002)............................. 12

*Ileto v. Glock, Inc.*, 349 F.3d 1191 (9th Cir. 2003)......................................................... 7

*In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049 (9th Cir. 2008) ......................................... 8

*In re Med. Capital Sec. Litig.,* 842 F. Supp. 2d 1208 (C.D. Cal. 2012) ........................... 8

*In re Wells Fargo Residential Mortg. Lending Discrimination Litig.,* No. 08-CV-1930 MMC, 2010 WL 3037061 at *2 (N.D. Cal. July 30, 2010)......................................... 6

*Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035 (C.D. Cal. 1998)........................................................................................................................ 10

*Krainski v. Mill,* 356 F. App's 951 (9th Cir. 2009)......................................................... 6

*Lauter v. Anoufrieva,* 642 F. Supp. 2d 1060 (C.D. Cal. 2009)........................................ 8

*Mabra v. SF, Inc.,* 728 S.E. 2d 737 (Ga. App. 2012)..................................................... 12

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

*Nelson v. Int'l Paint Co.,* 716 F.2d 640 (9th Cir. 1983) .................................................. 12
*Old Oakland P'ship I v. Lukens,* 188 F.3d 514 (9th Cir. 1999)......................................... 8
*Pacific Gas & Electric Co. v. Bear Stearns & Co.,* 50 Cal.3d 1118 (1990) .................... 12
*Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293 (9th Cir.1998) ...................................... 8
*Stewart v. American Int'l Oil & Gas Co.,* 845 F.2d 196 (9th Cir.1988) .............................. 2
*Usher v. City of Los Angeles,* 828 F.2d 556 (9th Cir. 1987) ........................................... 8

**Federal Statutes and Other Authorities**

CAL. CIV. CODE § 45(A) ......................................................................................... 10
FED. R. CIV. P. 8(a). .................................................................................................. 7
FED. R. CIV. P. 12(b)(6). ........................................................................................... *7*
FED. R. CIV. P. 14(a). ........................................................................................ *passim*
6 Fed. Prac. & Proc. § 1446 at 257 (1971 ed.) ............................................................. 6
Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq ....................................... 2

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108



TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 26, 2013 at 10:00 a.m., or at another date and time set by the Court, before the Honorable Paul S. Grewal, United States Magistrate Judge for the United States District Court, Northern District of California, located at the San Jose Courthouse, Courtroom 5, 4th Floor 280 South 1st Street, San Jose, California 95113, Third-Party Defendants Ryan Lenahan and Kyle Danna (collectively, "Third-Party Defendants") will move, and do hereby respectfully move, this Court for an order dismissing the Third-Party Complaint of Plaintiff Reach Media Group, LLC ("Reach Media").

This motion is based upon Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 14(a)(4), this notice, the memorandum of points and authorities submitted herewith, the declaration of Kyle Danna in support of this motion, the proposed order submitted herewith, the Complaint and Third-Party Complaint on file in this action, the record in this case, and any other evidence and argument that may be adduced at hearing.

Respectfully submitted,

DATED: January 11, 2013

KRONENBERGER ROSENFELD, LLP

By: s/Virginia Sanderson
Virginia Sanderson

Attorneys for Third-Party Defendants Ryan Lenahan and Kyle Danna

KRONENBERGER | ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Defendant and Third-Party Plaintiff Reach Media Group, LLC ("RMG") has attempted to divert attention, blame, and liability from itself in this consumer class action by filing a Third-Party Complaint concerning a business dispute with its affiliates. Plaintiff David Trindade ("Plaintiff") filed a putative consumer class action against RMG, an Internet and mobile marketing company, under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* At this early stage in the case, the class has not been certified; thus, presently at issue is a single text message Plaintiff received referring him to websites owned and operated by RMG, which Plaintiff claims was unsolicited. While not admitting any wrongdoing or accepting liability for the text message, RMG filed its Third-Party Complaint against its own advertising affiliates—Ryan Lenahan ("Lenahan"), Kyle Danna ("Danna"), and Eagle Web Assets ("EWA")[1]—accusing them of sending unsolicited text messages in promotion of RMG's advertising campaign. RMG asserts breach of warranty and contract claims against Danna and Lenahan (collectively, "Third-Party Defendants") for alleged violations of its affiliate Terms and Conditions (the "Terms"). RMG further alleges claims for libel per se and tortious interference against Lenahan relating to posts allegedly made by Lenahan on a Facebook page regarding RMG's admitted refusal to pay him. Although, in the Third-Party Complaint, RMG repeatedly contends that Third-Party Defendants are required to indemnify RMG for Plaintiff's claims, RMG does not assert any claim for indemnification or contribution.

RMG's Third-Party Complaint is improper at every turn. First, RMG's attempt to hijack Plaintiff's case by litigating a tenuously related business dispute in the midst of a consumer class action is impermissible under Federal Rule of Civil Procedure 14(a) because RMG's claims against Third-Party Defendants are not dependent on the outcome of Plaintiff's claims against RMG. Second, RMG has failed to state a valid claim against either Danna or Lenahan. Finally, RMG has not met its burden to demonstrate

[1] This motion is only made by Danna and Lenahan, not EWA.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

that the Court has jurisdiction over Danna, a Louisiana resident, and in fact, it does not. Thus, Third-Party Defendants respectfully ask the Court to (1) strike the Third-Party Complaint as an impermissible pleading under Federal Rule of Civil Procedure 14(a)(4), and/or (2) to dismiss it for failure to state a valid claim, and/or (3) dismiss Danna as a Third-Party Defendant for lack of personal jurisdiction.

**BACKGROUND**

In the online and mobile advertising context, a "publisher" is a person or business that publishes advertisements (such as on their websites or blogs) in exchange for commissions for referring sales, leads, and/or traffic to an advertiser's website. As a publisher or "affiliate" network, RMG runs advertisements for its clients through individuals and businesses called "publishers," Given the dramatic rise of Internet and mobile marketing, it is not always economical or even feasible for someone who wants to advertise their product to procure and manage relationships with multiple publishers. This problem is addressed by the services of entities known as publisher networks.

**A. RMG's Business Model and Publisher Terms**

By its own definition, "RMG is a leading performance based publisher network." (Third-Party Complaint of Reach Media Group, LLC [D.E. 22] [hereinafter for citation purposes, "TPC"] ¶1.) RMG alleges that each publisher is required to agree to RMG's publisher Terms in order to enroll. (*Id.*) The Terms specifically govern the generation of sales "leads" through text and email campaigns. (TPC Ex. A ¶1.) Among other things, the Terms include RMG's payment obligations, a bilateral indemnification clause, and a choice of law provision for Georgia. (TPC Ex. A ¶¶8, 16, 17.)

**B. Third-Party Defendants Danna and Lenahan**

Danna and Lenahan are individual publishers who enrolled in RMG's network.[2] (TPC ¶4.) According to RMG, Lenahan enrolled on August 9, 2012 (*id.* ¶17)—only four

[2] RMG also alleges that EWA is a publisher and enrolled on July 21, 2012. (TPC ¶16.) Neither Danna nor Lenahan is related to EWA.

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

days before Plaintiff allegedly received the unsolicited text at issue on August 13, 2012 (Complaint [D.E. 1] ¶17.) Danna did not enroll until September 4, 2012. (TPC ¶18.)

Lenahan is a California resident. (TPC ¶10.) Danna, on the other hand, is a resident of Louisiana with no ties to California. (*Id.* ¶11; Declaration of Kyle Danna in Support of Third-Party Defendants' Motion to Strike and/or Dismiss Third-Party Complaint ["Danna Decl."] ¶¶3–5.)

**C. Plaintiff's Case**

Plaintiff files its suit against RMG on September 12, 2012. [D.E. 1.] Therein, Plaintiff alleges that the unsolicited text he received on August 13, 2012 was made by RMG or someone acting on its behalf. (Complaint ¶17.) Plaintiff also alleges that RMG sent unsolicited text messages to others advertising a variety of payday loan products, without first obtaining the recipients' consent. (*Id.* ¶¶20–22.) Plaintiff's sole claim is for violation of the TCPA, and is based on the lack of consent—that is, the content of the text messages is not at issue. (*Id.* ¶¶36–39.)

**D. RMG's Third-Party Claims**

After answering the Complaint, RMG filed the instant Third-Party Complaint against Danna, Lenahan, and EWA. RMG alleges that all three breached the following provisions of the terms by (1) sending text messages on RMG's behalf, the content of which did not comply with RMG's pre-approved "creatives" and (2) sending text messages without first obtaining the recipients' consent:

> **4.) Creative Changes:** Editing of Reach Media Group's Creative is strictly prohibited, without prior written approval from Reach Media Group. Creative includes, but is not limited to, text ads, graphic ads, from and subject line, any copy associated with the campaign including survey questions and answers. Any changes to Creative, without prior written permission will result in the loss of payment of Leads.
>
> **11.) PUBLISHER Representations and Warranties:** Publisher represents and warrants that: (1) the recipients of all email addresses used by PUBLISHER in connection with this Agreement have manifested affirmative consent to receive commercial emails from PUBLISHER and none of the email addresses were obtained through email harvesting or dictionary attacks; (2) PUBLISHER will not fraudulently add leads or clicks

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

> or inflate leads or clicks by fraudulent traffic generation (as determined solely by Reach Media Group, such as prep-population of forms or mechanisms not approved by Reach Media Group); (3) PUBLISHER will not attempt in any way to alter, modify, eliminate, conceal, or otherwise render inoperable or ineffective the Site tags, source codes, links, pixels, modules or other data provided by or obtained from Reach Media Group that allows Reach Media Group to measure ad performance and provide its services and (4) all of PUBLISHER's efforts associated with this Agreement comply with the laws of the United States, and any other laws of any other jurisdictions which are applicable to PUBLISHER. PUBLISHER will not engage in or promote any illegal activities of any kind in association with this Agreement.

(TPC Ex. A.)

As to Lenahan, RMG also alleges that he made libelous statements concerning RMG and its CEO, Roger Dowd, on a Facebook page that wrongfully interfered with RMG's contracts and business relations. The statements at issue are:

> Roger Dowd from Reach Media group owes me $13,000 and forcing me to hire Harrison Gevirtz to take them to court. I'm also aware that they owe another network $xx,xxx in addition to another affiliate they owe $xx,xxx. Roger claims we were using "unapproved" sms content however I have countless emails, skype transcripts…etc where he told me to use his exact word for word message on my marketing materials or else risk non payment, which I did under threat and now hes claiming its unapproved BS story.
>
> Roger Dowd sent a 14k wire to my partner whom was using the very same sms content, then 3 days later contacted the bank and pretended the wire they sent was fraud in attempts to get it reversed. Luckily a signed IO, invoice, emails, transcripts…etc got the bank to realize it was a BS story and stopped the fraudulent reversal.

(TPC ¶28.) Based on these statements, RMG has asserted libel per se, tortious interference with contract, and tortious interference with prospective economic advantage claims against Lenahan. However, RMG admits that "RMG refused to pay Lenahan pursuant to the Agreement on the grounds that Lenahan did not comply with the terms and conditions of the Agreement." (*Id.*)

//

//

//

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

## ARGUMENT

### A. RMG's causes of action are not proper Third-Party Claims in that they are not dependent on the outcome of Plaintiff's claim and will only delay the disposition of Plaintiff's case.

Federal Rule of Civil Procedure 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." However, under 14(a)(4), the Court retains the right to strike a third-party complaint "if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim." *In re Wells Fargo Residential Mortg. Lending Discrimination Litig.*, No. 08-CV-1930 MMC, 2010 WL 3037061 at *2 (N.D. Cal. July 30, 2010) (citing 1963 Advisory Committee's Notes on Fed. R. Civ. P. 14.) "[a] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." *Stewart v. American Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir.1988). Quoting Wright and Miller, the Ninth Circuit in *Stewart* goes on to explain:

> [The claim] cannot simply be an independent or related claim but must be based upon plaintiff's claim against defendant. The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.

*Id.* (quoting 6 Fed. Prac. & Proc. § 1446 at 257 (1971 ed.)); *see also Krainski v. Mill*, 356 F. App's 951, 952 (9th Cir. 2009); *Brockman v. Merabank*, 40 F.3d 1013, 1016 (9th Cir. 1994).

For the reasons stated below, RMG's claims are unmeritorious in that each fails to state a cognizable claim. In addition, although RMG repeatedly references the indemnification clause in the Terms, it is clear from the face of the Third-Party Complaint that the claims and allegations therein are completely independent of Plaintiff's claims against RMG. Plaintiff asserts a single claim for violation of the TCPA. By contrast, RMG asserts five claims against Danna and Lenahan. RMG alleges that Danna and Lenahan breached the Terms by "sending text messages to cellular phone

numbers which language did not comply with RMB's Creatives" (TPC ¶40), while Plaintiff's claims are not based on the language of the text messages (Compl. ¶¶36–38). RMG further alleges that Lenahan defamed RMG and thereby interfered with its business relationships. (TPC ¶¶42–56.) Plaintiff's claims clearly have nothing to do with statements made on a Facebook page for Internet advertisers. As to the breach of warranty claims, it is clear from the face of the Third-Party Complaint that Danna, who did not sign up with RMG until September 4, 2012, did not send the text to Plaintiff on August 13, 2012, and it is highly unlikely that Lenahan, who signed up on August 9, 2012, did. (TPC ¶¶17–18; Compl. ¶17.) Thus, this claim is premature, and RMG admits as much when it states "*to the extent* . . . [the alleged] text messages were sent by Third-Party Defendants," they are liable. (TPC ¶8 [emphasis added].)

Permitting what is essentially a business dispute, complete with defamation claims, to proceed in the midst of a consumer class action would entirely derail the central purpose of the case. RMG's claims would require independent damages calculations, experts, written discovery, and depositions that would have no relevance to Plaintiff's case. Accordingly, pursuant to Rule 14(a)(4), the Court should strike the Third-Party Complaint.

**B. RMG has failed to state a single valid claim for relief against either Danna or Lenahan.**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1199–1200 (9th Cir. 2003); Fed. R. Civ. P. 12(b)(6). Although the federal pleading rules are notoriously liberal (Fed. R. Civ. P. 8(a)), a claimant must still allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). If the plaintiff does not state facts sufficient to support the claim, the Court must grant dismissal. *Allwaste, Inc. v. Hecht*, 65 F.3d

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

1523, 1527 (9th Cir. 1995).

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir.1994). However, exhibits attached to the complaint may be treated as part of the complaint. *See, e.g.*, *In re Med. Capital Sec. Litig*., 842 F. Supp. 2d 1208, 1210–11 (C.D. Cal. 2012). The Court must assume the truth of the claimant's allegations and draw all reasonable inferences in their favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). This is especially applicable to conclusory allegations "which are contradicted by documents referred to in the complaint." *Old Oakland P'ship I v. Lukens*, 188 F.3d 514 (9th Cir. 1999) and *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1077 (C.D. Cal. 2009), both citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). For example, where a claimant appends a contract to a complaint, the terms of which contradict the allegations, the allegations are not accepted as true. *Dollar Tree Stores Inc. v. Toyama Partners, LLC*, No. C 10-325 SI, 2010 WL 4973761 (N.D. Cal. Dec. 1, 2010).

**1. RMG has failed to state a claim for breach of warranty or contract against either Danna or Lenahan.**

RMG has alleged two claims against Danna and Lenahan arising out of the terms: (1) breach of warranty, and (2) breach of contract. Paragraph 17 of the Terms states that "This Agreement will be governed by the laws of the State of Georgia." (TPC Ex. A ¶17.) RMG has failed to state a claim for either breach of warranty or contract under Georgia law.

In Georgia, a breach of express warranty—is treated the same as a breach of contract. *Cf. U.S. Faucets, Inc. v. Home Depot U.S.A. Inc.*, No. 1:03-CV-1572WSD, 2006 WL 1518887 at * 1–2 (N.D. Ga. May 31, 2006) (combining prima facie analysis of warranty and contract claims). "The elements for a breach of contract claim in Georgia

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

are the (1) breach and (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *Canton Plaza, Inc. v. Regions Bank, Inc.*, 732 S.E. 2d 449, 454 (Ga. App. 2012). RMG has failed to state allegations that satisfy any of these three prongs in support of its warranty and contract claims.

Regarding breach of warranty, RMG alleges that Third-Party Defendants breached their warranty and that "all their efforts associated with the Agreements complied with the laws of the United States, and any other laws of any other jurisdictions applicable to each of them." (TPC ¶35.) However, RMG never alleges violation by either Danna or Lenahan of a specific law. Indeed, in recounting Plaintiff's allegations of violations of the TCPA, RMG specifically denies that they took place. (TPC ¶2 ["RMG denies Plaintiff's claims and denies any liability for any damages alleged by Plaintiff"]; *see also generally* RMG's Answer to Complaint [D.E. 17].)

Regarding breach of contract, RMG alleges that Third-Party Defendants breached the provision in the Terms prohibiting editing of RMG's "Creatives," but provides no information in support of this conclusory allegation. At the very least, to establish plausibility of its claim, RMG should be required to specify the language of the approved Creative and the language of the texts allegedly sent by Third-Party Defendants.

Regarding both claims, RMG has not alleged proper damages. Georgia law requires an allegation of resultant damages to the party who has the right to complain about the contract being broken. Here, RMG is the complaining party, yet it alleges no resulting damages of its own. Instead, in support of its breach of warranty claim, RMG alleges that Plaintiff and the putative class members *may* have been damaged.[3] (TPC

[3] Quizzically, RMG also notes that the Terms "specify that under no circumstances shall RMG be liable to publishers or any third parties 'for any reason.'" (TPC ¶8.) While it is true that in Paragraph 15 of the Terms, which RMG clearly drafted, RMG disclaims all potential liability for anything under the sun, Plaintiff and the putative class members are not bound by this provision. Moreover, as it applies to Third-Party Defendants, this clause is substantively unconscionable under Georgia law in that it is patently unreasonable, improperly allocates risk between the parties, and contradicts the mutual indemnification provision, payment provision, and other clauses wherein RMG assumes certain obligations and liabilities. *See, e.g.*, *Gibbs Patrick Farms, Inc. v. Syngenta Seeds, Inc.*, No. 7:06-CV-48 (HL), 2008 WL 822522 at *10 (M.D. Ga. Mar. 26, 2008).

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

¶37.) RMG makes no allegation of resulting damages in support of its breach of contract claim. Accordingly, both claims must be dismissed.

**2. RMG has failed to state a claim for libel per se against Lenahan.**

**a. RMG has no standing to assert Third-Party Claims on behalf of non-party Roger Dowd.**

As a preliminary matter, it is worth noting that both of the allegedly defamatory statements concern RMG CEO Roger Dowd, not Reach Media. Although the first refers to "Roger Dowd from Reach Media group" by way of identification, it goes on to only refer to "Roger." (TPC ¶28.) The second does not refer to RMG at all, only "Roger Dowd." (*Id.*) RMG's libel per se claim repeatedly references the injury to Dowd's reputation. (*Id.* ¶33.) RMG simply has no standing to assert claims on behalf of non-party Dowd. *See, e.g.*, *Blatty v. New York Times Co*., 42 Cal. 3d 1033, 1046 (1986) (defamatory statement must be "of and concerning" plaintiff in order to be actionable); *see also Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.,* 12 F. Supp. 2d 1035, 1045 (C.D. Cal. 1998) (allegedly defamatory statement about the Isuzu Trooper was only of and concerning the Trooper and its manufacturer, Isuzu Motors Ltd., not related companies Isuzu Motors America, Inc. or American Isuzu Motors Inc.). Furthermore, the awkwardness with which Dowd's interest is plead in the Third-Party Complaint only illustrates why these claims do not belong in this consumer class action under Rule 14(a).

**b. RMG has failed to state a prima facie case of libel per se.**

"A libel which is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact, is said to be a libel on its face." Cal. Civ. Code § 45(a). Under this test, the second allegedly defamatory statement by Lenahan, which does not reference RMG at all, is simply not actionable by RMG as libel per se. An explanation that Dowd is the CEO of RMG and allegedly took the described actions on behalf of RMG is required for it to be libelous of RMG.

As to the first statement, RMG alleges it is libelous because it accuses "RMG of

unjustifiably withholding funds from Lenahan." (TPC ¶29.) The "unjustifiabl[e]" portion of this allegation is apparently what RMG contends to be libelous, as RMG admits that it has withheld funds from Lenahan. (*Id.* ¶28 ["After RMG refused to pay Lenahan pursuant to the Agreement…"].) However, whether the withholding of funds was "unjustifiable" is a matter of interpretation and is therefore not libel per se. Indeed, the statement recounts the same story as RMG:

| From the Statement | From RMG's Allegations |
|---|---|
| "Roger Dowd from Reach Media group owes me $13,000…" | "RMG refused to pay Lenahan…" (TPC ¶28.) |
| "Roger claims we were using 'unapproved sms content…" | "Dowd told Lenahan that . . . Lenahan was in breach of the Agreement because he had sent text messages on RMG's behalf that were not in compliance with the terms of the Agreement…" (TPC ¶22.) |
| "…however I have countless emails, skype transcripts . . . etc where he told me to use his exact word for word message…" | "Dowd spoke with Lenahan again, demanding that Lenahan cease sending non-compliant and unlawful text messages on RMG's behalf…" (TPC ¶22.) |
| "…or else risk non payment…" | "RMG refused to pay Lenahan on the grounds that Lenahan did not comply with the terms and conditions of the Agreement…" (TPC ¶28.) |
| "…and now hes claiming its unapproved BS story." | "Third-Party Defendants, and each of them, independently breached this obligation by sending text messages to cellular phone numbers which language did not comply with RMG's Creatives." (TPC ¶40; see also, TPC ¶¶21–23, 28.) |

Thus, the statement recounts the same facts as RMG—namely, that RMG repeatedly told Lenahan to use compliant content, that RMG contends Lenahan failed to do so, and that, on that basis, RMG withheld payment. Neither the word "unjustifiably" —nor any related thereto, such as "unfairly," "wrongfully," or "without reason"—is used in the statement. Such meaning must be inferred, as RMG is clearly doing, based on its own familiarity with the background and viewpoint. As such, the statement is not libel per se and RMG's claim must be dismissed.

KRONENBERGER ROSENFELD 150 Post Street, Suite 520, San Francisco, CA 94108

**3. RMG has failed to state any claim for tortious interference of contract or economic advantage against Lenahan.**

RMG asserts two additional claims against Lenahan based on the allegedly libelous statements: (1) "Tortuous" interference with contractual relations and (2) "Tortuous" interference with prospective economic advantage (collectively, the "interference claims"). (TPC at 12–13.) Under California Law,[4] "The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990). Similarly, to state a claim for intentional interference with prospective economic advantage, RMG must allege (1) an economic relationship between RMG and a third party, with the probability of future economic benefit to RMG; (2) Lenahan's knowledge of the relationship; (3) an intentional act by Lenahan, designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to RMG proximately caused by Lenahan's wrongful conduct. *See, e.g.*, *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 944 (2008).

RMG has failed to meet these elements for either claim. First, the essential element of a tortious interference claim is that it is tortious—that is, it was committed with wrongful intent independent of its interfering character. *See, e.g.*, *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 392-393 (1995). RMG contends that

[4] The Terms state that Georgia law applies to the Terms, without the expansive language common in other contracts extending the choice of law provision to any disputes "arising out of" the agreement. (TPC Ex. A ¶15.) As such, the interference and libel claims are addressed under California law. *See, e.g.*, *Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983) (default is to apply substantive law of the forum state). Regardless, the analysis under Georgia law for any of these claims would not provide a different result. *See, e.g.*, *Hoffman-Pugh v. Ramsey*, 193 F. Supp. 2d 1295, 1299 (N.D. Ga. 2002) (under Georgia law, the actionability of a statement as libel per se depends on whether the defamatory meaning attributable to them is understood by the average reader without further information; *Mabra v. SF, Inc.*, 728 S.E. 2d 737, 740 (Ga. App. 2012) (setting forth elements of tortious interference claims).

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

the alleged conduct was wrongful because it was libelous. (TPC ¶¶48, 54.) However, as illustrated above, RMG's libel claims fail. So too, then, must the interference claims.

RMG's nebulous allegations concerning (1) its contracts and economic relationships with third parties and (2) its resulting damages do not meet the plausibility standard of *Bell.* Lenahan's knowledge of these contracts and relationships—and intent to frustrate them—is a requirement for each claim. By providing no detail other than conclusory allegations about the existence of these contracts and relationships, and even less about Lenahan's knowledge of them, RMG has failed to state an interference claim.

Finally, for each of these claims, RMG seeks injunctive relief that would abrogate Lenahan's First Amendment rights. (TPC ¶¶50, 56.) This request finds no support in the law. For this and the other reasons stated above, the interference claims must be dismissed.

**C. The Court has no personal jurisdiction over Danna.**

In addition to the above, Danna hereby moves to dismiss the Third-Party Complaint against him pursuant to Rule 12(b)(2) for lack of personal jurisdiction. As acknowledged by RMG, Danna "is a natural person and resident of the State of Louisiana." (TPC ¶11.) Danna has no property or business in California and conducts all business from his home in Louisiana. (Danna Decl. ¶¶3–5.) Danna does not have, and RMG has not alleged, any contacts with California that would subject him to the jurisdiction of this Court.

The Court is obviously familiar with the analytical structure of a personal jurisdiction challenge, beginning with general jurisdiction and, when that fails, determining whether jurisdiction exists specific to the claims at hand. *See, e.g.*, *Fireman's Fund Ins. Co. v. Nat. Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996). However, such a detailed analysis is not required at this point because RMG has not asserted a single allegation that either (1) contends this Court has jurisdiction over Danna, or (2) would support such a contention. (*See, e.g.*, TPC, "The Parties and

Jurisdiction" section, ¶¶9–13.) RMG, as the claimant, bears the burden of establishing the Court's jurisdiction over Third-Party Defendants. *See, e.g.*, *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Having failed to do so with respect to Danna, RMG's claims against him must now be dismissed.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court strike and/or dismiss the Third-Party Complaint in its entirety.

Respectfully submitted,

DATED: January 11, 2013

KRONENBERGER ROSENFELD, LLP

By: s/Virginia Sanderson
Virginia Sanderson

Attorneys for Third-Party Defendants Ryan Lenahan and Kyle Danna

KRONENBERGER | ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

