**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Virginia A. Sanderson (Bar No. 240241)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
ginny@KRInternetLaw.com

Attorneys for Third-Party Defendant Ryan Lenahan and for Specially Appearing Third-Party Defendant Kyle Danna

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID TRINDADE**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**REACH MEDIA GROUP, LLC**, a Delaware limited liability company,<br><br>Defendant,<br>**REACH MEDIA GROUP, LLC**, a Delaware limited liability company,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>**RYAN LENAHAN**, an individual, **KYLE DANNA**, an individual, and **EAGLE WEB ASSETS INC.**, a corporation,<br><br>Third-Party Defendants. | Case No. 5:12-cv-04759 (PSG)<br><br>**DECLARATION OF RYAN LENAHAN IN SUPPORT OF THIRD-PARTY DEFENDANT RYAN LENAHAN'S MOTION TO STRIKE CLAIMS UNDER CAL. CODE OF CIV. PROC. 425.16 (ANTI-SLAPP MOTION)**<br><br>DATE: February 26, 2013<br>TIME: 10:00 a.m.<br>CTRM: 5, 4th Floor<br>JUDGE: The Hon. Paul S. Grewal |

I, Ryan Lenahan, declare as follows:

1. I am a Third-Party Defendant in the above-referenced matter. Unless otherwise stated, I have personal knowledge of the matters stated herein.

2. In August 2012, I enrolled to serve as a publisher in Reach Media Group, LLC ("RMG")'s publisher network by completing RMG's online application. Soon after, RMG notified me that I had been approved as a publisher.

3. On or around August 7, 2012, RMG sent me an Insertion Order, which I signed and returned to RMG on August 9, 2012. Thereafter, RMG's President and CEO Roger Dowd signed the insertion order and sent me a fully signed copy. A true and correct copy of that Insertion Order is attached hereto as **Exhibit A.**

4. After I enrolled in RMG, I stayed in continuous contact with RMG via email, instant messaging, and telephone. My primary contact at RMG was Luciano Castro. However, I also regularly communicated with RMG's President and CEO Roger Dowd and with Trish Hurst from RMG's accounting department.

5. After I enrolled in RMG's network, Dowd and Castro assigned specific advertising campaigns to me through the Insertion Order. Dowd and Castro asked me to circulate advertisements to promote these campaigns, and more specifically, to drive Internet traffic to specific websites.

6. In mid-August, I began submitting proposed advertisements for these campaigns to RMG for approval. Roger Dowd specifically approved my proposed ads.

7. Beginning in early to mid-August, I began circulating the approved ads for the advertising campaigns identified in the Insertion Order. I continued to circulate these approved ads on behalf of RMG throughout the end of August and into the first week of September. During this time, RMG closely monitored my activities and encouraged me to continue circulating the ads, and even to increase the circulation.

8. While I regularly communicated with RMG, and even inquired about RMG's other publishers, RMG never disclosed the identities of other publishers to me—except

1 for the publishers I already knew about and had a relationship with before I started working with RMG.

9. On or around August 27, I submitted an invoice to RMG for $13,200. A true and correct copy of this invoice is attached hereto as **Exhibit B**. I expected payment on September 3, pursuant to the "net 7" payment basis set forth in the Insertion Order.

10. RMG refused to make the payment. While I inquired about the status of the payment on multiple occasions, RMG refused to respond.

11. Finally, on September 18, 2012, RMG accused me of publishing non-compliant ads and ceased all communications with me.

12. In late September, Kyle Danna told me about a similar situation he experienced with RMG, where RMG had paid an invoice Danna had submitted for about $14,000, only to try to reverse the wire transfer, claiming that Danna had effected the transfer by fraud. Danna told me that RMG's actions were completely unjustified as Danna had never engaged in any fraudulent activity and had only used compliant ads in connection with RMG's campaigns.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on January 18, 2013.

                                                s/Ryan Lenahan

                                                Ryan Lenahan

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the General Order No. 45, section 45 X(B), for The United States District Court for the Northern District of California, I, Jeffrey M. Rosenfeld, hereby attest that the concurrence to the filing of this Declaration of Ryan Lenahan in Support of Third-Party Defendant Ryan Lenahan's Motion to Strike Claims Under Cal. Code of Civ. Proc. 425.16 (Anti-Slapp Motion) has been obtained from Ryan Lenahan who has provided the conformed signature above.

DATED: January 18, 2013      KRONENBERGER ROSENFELD, LLP

By:    s/Jeffrey M. Rosenfeld
       Jeffrey M. Rosenfeld

Attorneys for Third-Party Defendant Ryan Lenahan and for Specially Appearing Third-Party Defendant Kyle Danna



Case No. 5:12-cv-04759 (PSG)     3     **LENAHAN DECL ISO MTN TO STRIKE (ANTI-SLAPP)**