

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Virginia A. Sanderson (Bar No. 240241)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
ginny@KRInternetLaw.com

Attorneys for Third-Party Defendant Ryan Lenahan and for Specially Appearing Third-Party Defendant Kyle Danna

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID TRINDADE**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**REACH MEDIA GROUP, LLC**, a Delaware limited liability company,<br><br>Defendant,<br>**REACH MEDIA GROUP, LLC**, a Delaware limited liability company,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>**RYAN LENAHAN**, an individual, **KYLE DANNA**, an individual, and **EAGLE WEB ASSETS INC.**, a corporation,<br><br>Third-Party Defendants. | Case No. 5:12-cv-04759 (PSG)<br><br>**DECLARATION OF KYLE DANNA IN SUPPORT OF THIRD-PARTY DEFENDANT RYAN LENAHAN'S MOTION TO STRIKE CLAIMS UNDER CAL. CODE OF CIV. PROC. 425.16 (ANTI-SLAPP MOTION)**<br><br>DATE: February 26, 2013<br>TIME: 10:00 a.m.<br>CTRM: 5, 4th Floor<br>JUDGE: The Hon. Paul S. Grewal |

Case No. 5:12-cv-04759 (PSG)  **DANNA DECL ISO MTN TO STRIKE (ANTI-SLAPP)**

I, Kyle Danna, declare as follows:

1. I am a Third-Party Defendant in the above-referenced matter. Unless otherwise stated, I have personal knowledge of the matters stated herein.

2. On August 9, 2012, I enrolled as a publisher in Reach Media Group, LLC ("RMG")'s publisher network by completing RMG's online application. That day, RMG notified me that I had been approved as a publisher.

3. After I enrolled with RMG, I stayed in continuous contact with RMG via email and telephone. My primary contact at RMG was Andre Zouvi. However, I also communicated with Luciano Castro and with Trish Hurst from RMG's accounting department.

4. After I enrolled in RMG's network, RMG assigned specific advertising campaigns to me through an insertion order and asked me to circulate advertisements to promote these campaigns, and more specifically, to drive Internet traffic to specific websites.

5. During August, I began to circulate ads for RMG's campaigns and to drive Internet traffic to the advertiser's websites. I only used ads that I understood had been approved by RMG. During this time, RMG closely monitored my activities and encouraged me to continue circulating ads, and even to increase the circulation.

6. On August 27, 2012 I submitted an invoice to RMG for $18,146, for payment pursuant to the "net 15" payment basis RMG had offered to me. True and correct copies of this invoice and the email chain attaching this invoice are attached hereto as **Exhibits A** and **B** respectively. In response to my invoice, Andre Zouvi told me that RMG would pay me $3,857 on September 10 and $14,080 on September 17.

7. Up through September 20, 2012, I continued to circulate ads for RMG, and RMG stayed in continuous contact with me, monitoring my performance and encouraging me to generate more leads.

8. As of September 17, I had not received the second payment of $14,080. I sent several emails and made several phone calls to RMG inquiring about the status of

1 this payment. In response, on September 17, Andre Zouvi informed me that the second
2 payment should be processed that day.

3     9.    Per my arrangements with RMG, the payment of $14,080 was to be made
4 by wire transfer to my personal bank account with Capital One in Slidell, Louisiana. On
5 or around September 18, 2012, I received a wire transfer from RMG into my Capital One
6 account for $14,080. Later that day, I logged into my online account, but I was not able
7 view the account that had received the wire transfer. I immediately called the bank's
8 customer service department. The bank notified me that my bank account had been
9 frozen because fraud had been reported in connection with the account. I informed the
10 customer service representative that I had not reported any fraud and that I needed
11 access to my accounts. The customer service representative was not able to help me.

12     10.    After I ended my call with Capital One's customer service department, I
13 went to my branch of Capital One in Slidell, Louisiana. An account representative at the
14 bank told me that RMG had made a claim that RMG had not authorized the $14,080
15 wire, and had indicated that I had fraudulently transferred funds from RMG to my
16 account.

17     11.    I explained to the account representative that the wire was valid, that I was
18 entitled to the funds, and that I had no idea why RMG was trying to reverse the wire
19 transfer. I presented documents to the bank to demonstrate that I was entitled to the
20 funds, including my insertion order with RMG, my invoice to RMG, and my email
21 communications with RMG (*i.e.* with Andre Zouvi and Trish Hurst (from RMG's
22 accounting department)) showing that I was entitled to the payment.

23     12.    After I demonstrated to the bank that I was entitled to the funds, they
24 cancelled the wire reversal and allowed me access to my account.

25     13.    In late September, I communicated all of these facts to Ryan Lenahan.
26 //
27 //
28 //

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on January 18, 2013.

        s/Kyle Danna

        Kyle Danna

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the General Order No. 45, section 45 X(B), for The United States District Court for the Northern District of California, I, Jeffrey M. Rosenfeld, hereby attest that the concurrence to the filing of this Declaration of Kyle Danna in Support of Third-Party Defendant Ryan Lenahan's Motion to Strike Claims Under Cal. Code of Civ. Proc. 425.16 (Anti-Slapp Motion) has been obtained from Kyle Danna who has provided the conformed signature above.

DATED: January 18, 2013    KRONENBERGER ROSENFELD, LLP

           By: s/Jeffrey M. Rosenfeld
             Jeffrey M. Rosenfeld

           Attorneys for Third-Party Defendant Ryan Lenahan and for Specially Appearing Third-Party Defendant Kyle Danna