**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Virginia A. Sanderson (Bar No. 240241)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
ginny@KRInternetLaw.com

Attorneys for Third-Party Defendants
Ryan Lenahan and Kyle Danna

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID TRINDADE**, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>**REACH MEDIA GROUP, LLC**, a Delaware limited liability company,<br><br>   Defendant,<br><br>**REACH MEDIA GROUP, LLC**, a Delaware limited liability company,<br><br>   Third-Party Plaintiff,<br><br>   v.<br><br>**RYAN LENAHAN**, an individual, **KYLE DANNA**, an individual, and **EAGLE WEB ASSETS INC.**, a corporation,<br><br>   Third-Party Defendants. | Case No. 5:12-cv-04759 (PSG)<br><br>**THIRD-PARTY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE AND/OR DISMISS THIRD-PARTY COMPLAINT**<br><br>DATE: March 12, 2013<br>TIME: 10:00 a.m.<br>CTRM: 5, 4th Floor<br>JUDGE: The Hon. Paul S. Grewal |

Case No. 5:12-cv-04759 (PSG)                    **REPLY ISO MTN TO STRIKE AND/OR DISMISS**

Third-Party Defendants Ryan Lenahan ("Lenahan") and Kyle Danna ("Danna") (collectively, "Third-Party Defendants") respectfully submit the following memorandum of points and authorities in reply to Third-Party Plaintiff Reach Media Group, LLC ("RMG")'s opposition (the "Opposition") to Third-Party Defendants' motion to strike and/or dismiss third-party complaint and request for limited jurisdictional discovery.

## MEMORANDUM OF POINTS AND AUTHORITIES

## ARGUMENT

As stated by Third-Party Defendants in their motion to strike and/or dismiss RMG's Third-Party Complaint, (1) RMG's contract and tort claims against Third-Party Defendants are not proper third-party claims to this consumer class action, (2) RMG has failed to state any of its five claims against Third-Party Defendants, and (3) Danna is not subject to this Court's jurisdiction, and RMG has made no showing thereof. In its Opposition, RMG does not provide any supportable basis for the Court to permit the Third-Party Complaint, or any of the claims therein, to move forward as part of this case. The problems inherent in RMG's Opposition include the following:

- **RMG's Opposition is based on unverified facts.** The entire "Statement of Facts" section of the Opposition is not supported by either citation to the pleadings or a declaration. (Opp. at 2–7.) For the most part, these statements appear to be duplicative of allegations in the Third-Party Complaint; however, to the extent additional information is included, the Court's consideration of them is improper.

- **According to RMG's own authority, RMG's claims are not properly brought in this action.** RMG admits that "the purpose of impleader is 'to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim.'" (Opp. at 8 [quoting *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986)].) Yet all of RMG's claims concern Third-Party Defendants' alleged liability to RMG separate and

apart from Plaintiff's claims.  Litigating these claims in the middle of Plaintiff's case will frustrate judicial efficiency and, as such, they should be stricken.

- **RMG has not asserted a claim for indemnification.**  RMG spends the bulk of its argument claiming that it has "properly asserted a third-party claim by alleging the existence of a contractual indemnification clause." (Opp. at 11; *see also id.* at 9–12.) Yet it is still unclear whether RMG intends to assert a claim for indemnification, and the Third-Party Complaint suggests RMG does not.  For example, RMG's claims are separately numbered and stated on the caption page of the Third-Party Complaint, and indemnification is not included.  In the body of the Third-Party Complaint, RMG also numbers its claims as Count I, Count II, and so forth.  Indemnification is simply not listed as a "Count."

- **RMG's arguments in support of its contract claims are unclear.**  RMG does not address Third-Party Defendants' argument that it fails to state a prima facie claim for either breach of contract or warranty.  Instead, RMG simply repeats the allegations of the Third-Party Complaint concerning these claims. (Opp. at 18–19.)  Then, RMG quizzically requests to change the "title" of its breach of warranty claim "to a claim for contractual indemnification to accurately reflect the allegations and legal theory upon which it is based." (*Id.* at 19.)  The fact that the prima facie elements of a contractual indemnification claim and a breach of warranty claim are not the same only supports Third-Party Defendants' argument that RMG is playing fast and loose with its pleading, hoping that if it pleads a variety of allegations, something will stick.

- **RMG admits that the defamatory meaning must be implied or inferred from the allegedly libelous statements.**  RMG cites *Maponics, LLC v. Wahl*, 2008 WL 2788282 (N.D. Cal. July 18, 2008) for the ridiculous proposition that inferences drawn from an allegedly defamatory statement can, themselves, "constitute the basis for a libel per se claim." (Opp. at 15.)  Not only does RMG's position directly contradict the very definition of libel per se in California Civil Code section 45a, but it finds no support in *Maponics*.  When the Court in *Maponics* held that the defamatory statement at issue

1  "impl[ied] a provably false assertion of fact," the Court was deciding the issue of whether
2  the statement was one of fact or opinion, NOT whether it was libel per se. *Maponics*,
3  2008 WL 2788282 at *4. In making this argument, however, RMG admits that the
4  defamatory nature of the statements at issue depend on "explanatory matter,"
5  "inducement," "innuendo," or "extrinsic fact."[1] (*E.g.,* Opp. at 16 ["At a minimum, these
6  comments imply…"].)

7  • **RMG patently ignores the "of and concerning" doctrine regarding its
8  standing to assert a defamation claim for a statement that only references Roger
9  Dowd, a non-party.** Instead, RMG relies entirely on *Powerlineman.com, LLC v.
10  Kackson*, No. CIVS07-879LKK/EFB, 2007 WL 3479562 at *6 (E.D. Cal. Nov. 15, 2007),
11  which did not address any of the many cases supporting the "of and concerning"
12  doctrine. Moreover, *Powerlineman* is distinguishable because it involved the alleged
13  theft of content from the plaintiff website by the defendant website's operator for use on
14  the defendant website—that is, that the content on the defendant website was stolen. *Id.*
15  As such, the Court's departure from the "of and concerning" doctrine to hold that the
16  statement "was directed toward the website as much as it was directed toward its
17  operator," makes some sense in that context, but does not extend to the circumstances
18  at hand.

19  • **RMG does not provide any basis for its request to conduct
20  jurisdictional discovery regarding Danna.** Jurisdictional discovery is only permitted
21  where the claimant has demonstrated there are pertinent, controverted facts at issue
22  regarding discovery that require further investigation. *See, e.g., Herman v.
23  YellowPages.com, LLC*, 780 F. Supp. 2d 1028, 1036 (S.D. Cal. 2011). RMG does not
24  provide a single allegation in either the Third-Party Complaint or its Opposition

---

[1] In this portion of its opposition, RMG contends that Lenahan accuses Dowd "of asserting a 'BS story' about the requirements of the marketing materials." (Opp. at 15.) Here again, RMG is reading into the statement, which concludes with "…which I did under threat and now hes claiming its unapproved BS story." It is difficult to see how the phrase "BS story" used on Facebook could constitute anything but opinion. That said, the clause is still subject to two interpretations: (1) that Dowd is claiming Lenahan's use of approved marketing materials is an "unapproved BS story," or (2) that Dowd's claims are a "BS story."

Case No. 5:12-cv-04759 (PSG)         3         **REPLY ISO MTN TO STRIKE AND/OR DISMISS**

suggesting that Danna could be subject to the Court's jurisdiction. "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008). RMG has not even attempted to meet that burden and, as such, should not be permitted to go on a jurisdictional fishing expedition. *See, e.g., Concord Servicing Corp. v. JPMorgan Chase Bank, N.A.*, No. CV 12-0438-PHX-JAT, 2012 WL 2913282 at *4 (D. Ariz. July 16, 2012); *NuboNau, Inc. v. NB Labs, Ltd.*, No. 10CV2631-LAB BGS, 2011 WL 5237566 at *3 (S.D. Cal. Oct. 31, 2011); *see also Boschetto, supra*, 539 F.3d at 1020 (Jurisdictional discovery should not be granted "based on little more than a hunch that it might yield jurisdictionally relevant facts.").

## CONCLUSION

For the all of the foregoing reasons, in addition to those stated in their moving papers, Third-Party Defendants respectfully request that the Court strike and/or dismiss the Third-Party Complaint in its entirety.

Respectfully submitted,

DATED: January 31, 2013                    KRONENBERGER ROSENFELD, LLP

By: _s/ Virginia Sanderson_
Virginia Sanderson

Attorneys for Third-Party Defendants Ryan Lenahan and Kyle Danna