1  JOSHUA M. BRIONES (Bar No. 205293)
   joshua.briones@dlapiper.com
2  DLA PIPER LLP (US)
   2000 Avenue of the Stars, Suite 400 North Tower
3  Los Angeles, California 90067-4704
   Tel: 310-595-3000
4  Fax: 310-595-3300

5  ALBERT E. HARTMANN (*pro hac vice* pending)     ERIN J. ILLMAN (Bar No. 236282)
   albert.hartmann@dlapiper.com                     VISHALI SINGAL (Bar No. 267481)
6  DLA PIPER LLP (US)                               vishali.singal@dlapiper.com
   203 North LaSalle Street, Ste 1900               DLA PIPER LLP (US)
7  Chicago, IL 60601-1293                           555 Mission Street, Suite 2400
   Tel: 312-368-4000                                San Francisco, CA 94105-2933
8  Fax: 312-236-7516                                Tel: 415.836.2500
                                                    Fax: 415.836.2501
9  Attorneys for Defendant and Third-Party Plaintiff
   REACH MEDIA GROUP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID TRINDADE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REACH MEDIA GROUP, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO 5:12-CV-04759 (PSG)<br><br>(Complaint Filed: September 12, 2012)<br><br>**CLASS ACTION**<br><br>**UNOPPOSED MOTION AND [PROPOSED] ORDER TO EXTEND TIME FOR SERVICE OF THIRD-PARTY COMPLAINT ON THIRD-PARTY DEFENDANT EAGLE WEB ASSETS INC.**<br><br>[Fed. R. Civ. Proc. 6(b)(1)(A)]<br><br>Judge: Honorable Paul Singh Grewal<br>Department: Courtroom 5<br>Complaint Filed: Sept. 12, 2012<br>Third-Party Complaint Filed: Nov. 15, 2012 |
| REACH MEDIA GROUP, LLC, a Delaware limited liability company,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>RYAN LENAHAN, individually, KYLE DANNA, individually, and EAGLE WEB ASSETS INC., a corporation,<br><br>Third-Party Defendants. | |

Defendant and Third-Party Plaintiff Reach Media Group, LLC ("RMG"), by and through its undersigned attorneys, respectfully requests that this Court extend the 30-day deadline set in its January 8, 2013 Civil Minute Order for service of the Third-Party Complaint in this matter on Third-Party Defendant Eagle Web Assets Inc. ("EWA"), to 14 days following the date this Court issues its order on Third-Party Defendants Ryan Lenahan's ("Lenahan") and Kyle Danna's ("Danna") Motion to Strike And/Or Dismiss Third-Party Complaint. Plaintiff David Trindade ("Plaintiff"), Lenahan, and Danna, do not oppose and have stipulated, along with RMG, to this extension (collectively, the "Parties"). (See Declaration of Vishali Singal, Esq., In Support of Reach Media Group, LLC's Unopposed Motion to Extend Time for Service of Third-Party Complaint on Third-Party Defendant Eagle Web Assets Inc. ("Singal Decl."), ¶ 2, Ex. A.)

## I. **Relevant Statement of Facts**

RMG filed a Third-Party Complaint in this matter on November 15, 2012 against Third-Party Defendants Lenahan, Danna, and EWA. (Dkt. #22.) The Third-Party Complaint states five counts: (1) Breach of Warranty Against All Third-Party Defendants; (2) Breach of Contract Against All Third-Party Defendants; (3) Libel Per Se Against Third-Party Defendants Lenahan and EWA; (4) Tortuous Interference With Contractual Relations Against Third-Party Defendant Lenahan; and (5) Tortuous Interference With Prospective Economic Advantage Against Third-Party Defendant Lenahan. RMG completed timely service of process on Lenahan and Danna but encountered difficulty serving EWA with the Third-Party Complaint. (See Singal Decl., ¶ 4.)

During the Initial Case Management Conference in this matter on January 8, 2013, counsel appearing on behalf of RMG, Vishali Singal, Esq., informed this Court that as of January 8, 2013, RMG had encountered difficulty serving EWA with the Third-Party Complaint. (Singal Decl., ¶ 5.) Ms. Singal further informed this Court that RMG likely required an additional month to effectuate service on EWA of the Third-Party Complaint. (Singal Decl., ¶ 5.)

Subsequently, during the Initial Case Management Conference, this Court set a 30-day deadline for RMG to serve EWA with the Third-Party Complaint, reflected in the Civil Minute Order of the same date. (Dkt. #37.) That deadline corresponds with the date February 7, 2013.

On or about January 10, 2013, Ms. Singal instructed Keith Nesbit, legal assistant at DLA

Piper LLP (US), to research addresses to serve process on EWA's Vice President of Accounting or Vice President of Human Resources and once identified, to authorize a process server to attempt service at the identified address(es). (See Singal Decl., ¶ 6.) Ms. Singal learned on or about January 10, 2013 that Mr. Nesbit located an address online that appeared to be associated with Savy Lam, identified on EWA's website on January 10, 2013 as Vice President of Accounting. (See Singal Decl., ¶ 6.) As a result, Ms. Singal instructed Mr. Nesbit to authorize a process server to attempt service of the Third-Party Complaint at that address. (See Singal Decl., ¶ 6.)

One day later, on Friday, January 11, 2013, RMG was electronically served through this Court's Electronic Case Filing system with Lenahan's and Danna's Third-Party Defendants' Notice of Motion and Motion to Strike And/Or Dismiss Third-Party Complaint and Memorandum of Points and Authorities In Support Thereof ("Motion"). (Dkt. #38.) The Notice of Motion to Strike And/Or Dismiss Third-Party Complaint ("Notice of Motion") specified a hearing date of February 26, 2013. (Dkt. #38.) The Motion argues, among other things, that RMG has not stated a proper third-party claim as to Lenahan and Danna and that RMG has failed to state claims for Breach of Warranty and Breach of Contract. (See Motion, pp. 6-7.)

The following Wednesday, on or about January 16, 2013, Ms. Singal learned that the process server had unsuccessfully attempted service of the Third-Party Complaint on January 14, 2013 at the address associated with Ms. Lam. (See Singal Decl., ¶ 8.) In the meantime, RMG's counsel had reviewed the Motion, and in light of its content, shifted its focus to preparing an opposition brief to the Motion and considering the implications of the Motion on allegations and counts stated in the Third-Party Complaint as to EWA. (See Singal Decl., ¶ 8.) On or about January 22, 2013, Ms. Singal instructed Mr. Nesbit to obtain a background report for Mr. Eagle, to identify additional addresses at which to attempt service of the Third-Party Complaint on EWA, and on or about January 24, 2013, Ms. Singal received that background report.

On January 25, 2013, this Court reset the February 26, 2013 hearing on the Motion to March 12, 2013. (Dkt. #45.)

On February 5, 2013, the Parties agreed to stipulate to RMG's requested extension to

-2-

serve EWA with the Third-Party Complaint or an amended Third-Party Complaint to 14 days from the date this Court issues its order on the Motion, or such other date and time thereafter as the Court shall order. (See Singal Decl., ¶ 2, Ex. A.)

## II. Argument

Under FRCP 6, where an act "may or must be done within a specified time, the court may, for good cause, extend the time [] with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." FRCP 6(b)(1)(A). Here, RMG respectfully submits its unopposed request for an extension of time to serve EWA with the Third-Party Complaint or an amended Third-Party Complaint, before the deadline set by this Court of February 7, 2013 and before the end of the 120-day statutory period under FRCP 4(m), March 15, 2013, for RMG to serve the Third-Party Complaint on EWA.

RMG's request is grounded on the argument that because the Motion challenges claims brought against Lenahan and Danna that are also brought against EWA in the Third-Party Complaint, this Court's decision on that Motion will impact RMG's decision on how to proceed against EWA, both in terms of the decision to proceed and the content of the Third-Party Complaint as it relates to EWA. (See Singal Decl., ¶ 11.) Specifically, the Motion challenges the Third-Party Complaint as to Lenahan and Danna on the grounds that it does not state a proper third-party claim because the asserted claims are "not dependent on the outcome of Plaintiff's claim" (Motion, p. 6, ll. 2-4) and that it fails to state claims for Breach of Warranty and Breach of Contract (Motion, p. 8, ll. 18-24), among other arguments. Allegations made in the Third-Party Complaint regarding the legal basis for the Third-Party Complaint, and Counts I and II, for Breach of Warranty and Breach of Contract, respectively, are asserted as to all three Third-Party Defendants. (Dkt. #22, ¶¶ 15, 34-40.) Accordingly, the Court's decision on these aspects of the Motion will necessarily impact the viability of the Third-Party Complaint in its current form as to EWA. (Singal Decl., ¶ 11.)

In an effort to prevent duplicative motion practice and associated expenditures of judicial resources and costs on the Parties involved, which is good cause for granting this request, RMG respectfully requests through this unopposed motion that this Court extend the deadline by which

-3-

it must serve the Third-Party Complaint or, if it so chooses, an amended Third-Party Complaint on EWA to 14 days from the date this Court issues its order on the Motion. The Parties appearing in this action will not be prejudiced by this extension of time, and in fact, the Parties have stipulated to this extension; Plaintiff has already commenced discovery as to RMG and this Court is scheduled to hear two motions filed by Third-Party Defendants Lenahan and Danna, one jointly and the other only by Lenahan, on March 12, 2013. (Singal Decl., ¶ 13; Dkt. #45.) No trial schedule (or scheduling order) has yet been issued for this case. Accordingly, this requested extension of time, the fifth extension of time in this matter and the third request for an extension of time by RMG (See Singal Decl., ¶ 14), would have no impact on any such schedule.

Should this Court choose not to extend the February 7, 2013 deadline currently in place, this complex case will likely be delayed by duplicative motion practice and judicial resources will be further wasted. (Singal Decl., ¶ 12.)

### III. Conclusion

For all these reasons, RMG respectfully requests that this Court grant Defendant and Third-Party Plaintiff RMG's unopposed motion to extend time for serving the Third-Party Complaint or, in its discretion, an amended Third-Party Complaint on Third-Party Defendant EWA to 14 days following the date this Court issues its Order on Third-Party Defendants Lenahan's and Danna's Motion to Dismiss and/or Strike Claims.

Dated: February 6, 2013

DLA PIPER LLP (US)

By: /s/ Vishali Singal
ERIN JANE ILLMAN
VISHALI SINGAL
Attorneys for Defendant and Third-Party Plaintiff
REACH MEDIA GROUP, LLC

# [PROPOSED] ORDER

Good cause appearing therefore, Defendant and Third-Party Plaintiff Reach Media Group, LLC's deadline to serve Third-Party Defendant Eagle Web Assets Inc. with the Third-Party Complaint or an amended Third-Party Complaint is extended to ____ days from the date this Court issues its order on the Motion to Strike And/Or Dismiss Third-Party Complaint, filed by Third-Party Defendants Ryan Lenahan and Kyle Danna (Dkt. #38). This deadline corresponds with _____, 2013.

IT IS SO ORDERED.

DATED: _____, 2013

By _____
HONORABLE PAUL SINGH GREWAL
UNITED STATES MAGISTRATE JUDGE