1   JOSHUA M. BRIONES (Bar No. 205293)
    joshua.briones@dlapiper.com
2   DLA PIPER LLP (US)
    2000 Avenue of the Stars, Suite 400 North Tower
3   Los Angeles, California 90067-4704
    Tel: 310-595-3000
4   Fax: 310-595-3300

5   ALBERT E. HARTMANN (*pro hac vice* pending)      ERIN J. ILLMAN (Bar No. 236282)
    albert.hartmann@dlapiper.com                      VISHALI SINGAL (Bar No. 267481)
6   DLA PIPER LLP (US)                                vishali.singal@dlapiper.com
    203 North LaSalle Street, Ste 1900               DLA PIPER LLP (US)
7   Chicago, IL 60601-1293                            555 Mission Street, Suite 2400
    Tel: 312-368-4000                                San Francisco, CA  94105-2933
8   Fax: 312-236-7516                                Tel:  415.836.2500
                                                     Fax:  415.836.2501
9   Attorneys for Defendant and Third-Party Plaintiff
    REACH MEDIA GROUP, LLC

10

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                       SAN JOSE DIVISION

14
    DAVID TRINDADE, individually and on       CASE NO  5:12-CV-04759 (PSG)
15  behalf of all others similarly situated,
                                              (Complaint Filed: September 12, 2012)
16              Plaintiff,
                                              **CLASS ACTION**
17      v.
                                              **DECLARATION OF VISHALI SINGAL,**
18  REACH MEDIA GROUP, LLC,  a                **ESQ., IN SUPPORT OF UNOPPOSED**
    Delaware limited liability company,       **MOTION TO EXTEND TIME**
19                                            **FOR SERVICE OF THIRD-PARTY**
                Defendant.                    **COMPLAINT ON THIRD-PARTY**
20                                            **DEFENDANT EAGLE WEB ASSETS INC.**

21  REACH MEDIA GROUP, LLC, a                 Judge: Honorable Paul Singh Grewal
    Delaware limited liability company,       Department: Courtroom 5
22                                            Complaint Filed: Sept. 12, 2012
                Third-Party Plaintiff,        Third-Party Complaint Filed: Nov. 15, 2012
23
        v.

24  RYAN LENAHAN, individually, KYLE
    DANNA, individually, and EAGLE WEB
25  ASSETS INC., a corporation,

26              Third-Party Defendants.

27

28

1    I, VISHALI SINGAL, hereby declare as follows:

2        1.      I am an attorney admitted to practice law in the State of California and authorized

3    to practice before this Court.  I am an associate with the law firm of DLA Piper LLP (US),

4    counsel for Defendant and Third-Party Plaintiff Reach Media Group, LLC ("RMG").  I have

5    personal knowledge of the matters contained herein and, if called as a witness, I could and would

6    competently testify to the following:

7        2.      Attached hereto as **Exhibit A** is a true and correct copy of a Stipulation to Extend

8    Time For Service of Third-Party Complaint on Third-Party Defendant Eagle Web Assets Inc.

9    ("EWA") agreed upon by Plaintiff David Trindade ("Plaintiff"), Third-Party Defendants Ryan

10   Lenahan ("Lenahan") and Kyle Danna ("Danna"), and RMG, by and through their respective

11   counsel, on February 5, 2013.

12       3.      RMG filed a Third-Party Complaint in this matter on November 15, 2012 against

13   Third-Party Defendants Lenahan, Danna, and EWA.  (Dkt. #22.)

14       4.      RMG completed personal service of process on Danna on or about November 21,

15   2012 and completed subservice of process on Lenahan on or about December 3, 2012, making the

16   effective date of service on Lenahan December 13, 2012.  I understand that RMG unsuccessfully

17   attempted service of process on EWA at two separate addresses associated with Ryan Eagle,

18   founder and managing partner of EWA, with multiple attempts at each of these addresses.

19       5.      During the Initial Case Management Conference in this matter on January 8,

20   2013, I appeared on behalf of RMG.  I informed this Court that as of January 8, 2013, RMG had

21   encountered difficulty serving EWA with the Third-Party Complaint.  I further informed this

22   Court that RMG likely required an additional month to effectuate service on EWA of the Third-

23   Party Complaint.

24       6.      After this Court set a deadline of 30 days from the date of the January 8, 2013

25   Initial Case Management Conference in this matter for RMG to serve EWA with the Third-Party

26   Complaint, on or about January 10, 2013, I instructed Keith Nesbit, a legal assistant at DLA Piper

27   LLP (US), to research addresses to serve process on EWA's Vice President of Accounting or

28   Vice President of Human Resources and once identified, to authorize a process server to attempt

1    service at the identified address(es). That same day, I saw webpages on EWA's website that

2    listed Savy Lam as Vice President of Accounting and Marissa Thoman as Vice President of

3    Human Resources and Corporate Secretary of EWA. Attached hereto as **Exhibit B** are true and

4    correct copies of screenshots taken of these webpages on January 10, 2013. Additionally, I

5    learned from Mr. Nesbit on or about January 10, 2013 that he had located an address online that

6    appeared to be associated with Ms. Lam. As a result, I instructed Mr. Nesbit to authorize a

7    process server to attempt service of the Third-Party Complaint at that address.

8         7.    On January 11, 2013, I received, through this Court's Electronic Case Filing

9    ("ECF") system, Lenahan's and Danna's Third-Party Defendants' Notice of Motion and Motion

10   to Strike And/Or Dismiss Third-Party Complaint and Memorandum of Points and Authorities In

11   Support Thereof ("Motion"). (Dkt. #38.) The Notice of Motion to Strike And/Or Dismiss Third-

12   Party Complaint ("Notice of Motion") specified a hearing date of February 26, 2013. (Dkt. #38.)

13        8.    The following Monday, on or about January 14, 2013, I reviewed the Motion, and

14   in light of its contents and upon direction by RMG's lead counsel, Joshua Briones, Esq., I shifted

15   my attention to preparing an opposition brief to the Motion and considering the implications of

16   the Motion on allegations and counts stated in the Third-Party Complaint as to EWA. On or

17   about January 16, 2013, I learned from Mr. Nesbit that the process server had unsuccessfully

18   attempted service of the Third-Party Complaint on January 14, 2013 at the address associated

19   with Ms. Lam.

20        9.    On or about January 22, 2013, I instructed Mr. Nesbit to obtain a background

21   report for Mr. Eagle, to identify additional addresses at which to attempt service of the Third-

22   Party Complaint on EWA, and on or about January 24, 2013, I received that background report.

23        10.   On January 25, 2013, I received, through this Court's ECF system, this Court's

24   Clerk's Notice resetting the February 26, 2013 hearing on the Motion to March 12, 2013. (Dkt.

25   #45.)

26        11.   The Third-Party Complaint asserts common allegations and two causes of action,

27   Breach of Warranty and Breach of Contract, as to Lenahan, Danna, and EWA which are the

28   subject of Lenahan's and Danna's Motion set for hearing on March 12, 2013. (See Dkts. #22 and

38.) As a result, this Court's decision on the Motion will impact RMG's decision on how it proceeds against EWA, both in terms of the decision to proceed and the content of the Third-Party Complaint as it relates to EWA. Specifically, the Court's decision will indicate whether certain aspects of the Third-Party Complaint would survive a motion to dismiss as against EWA.

12.    If this Court does not grant RMG's request for an extension of time to serve EWA with the Third-Party Complaint, RMG will be forced either to involuntary dismiss EWA from this action more than a month ahead of its statutory deadline of March 15, 2013 to serve EWA, thereby prejudicing RMG, or attempt to serve EWA with the Third-Party Complaint which may result in duplicative motion practice and a waste of judicial resources.

13.    On or about January 8, 2013, I was served three sets of discovery by Plaintiff's counsel – (1) Plaintiff's First Set of Interrogatories to RMG; (2) Plaintiff's First Set of Requests to Admit Facts to RMG; and (3) Plaintiff's First Set of Requests for the Production of Documents to RMG.

14.    RMG's request, pursuant to Federal Rule of Civil Procedure 6(b), for a 14-day extension of time to serve EWA with the Third-Party Complaint or, in its discretion, an amended Third-Party Complaint from the date this Court issues its order on the Motion is the third time RMG has requested a change to any event previously scheduled by this Court. Previously, (1) on October 4, 2012, RMG and Plaintiff requested a continuance of the Initial Case Management Conference and all corresponding deadlines (Dkt. #7), which this Court granted on October 12, 2012 (Dkt. #9) and (2) on December 4, 2012, RMG and Plaintiff requested a continuance of the Initial Case Management Conference (Dkt. #25), which this Court granted on December 7, 2012 (Dkt. #26.) It is the fifth time any other time modification has been requested in this case, by Court order or stipulation. In addition to the two continuances described above, on October 4, 2012, RMG and Plaintiff stipulated to an extension of time for RMG to respond to the Class Action Complaint in this matter (Dkt. #25), and on December 12, 2012, RMG and Third-Party Defendants Lenahan and Danna stipulated to an extension of time for Lenahan and Danna to respond to the Third-Party Complaint. (Dkt. # 37.)

/////

1         I declare under penalty of perjury that the foregoing is true and correct to the best of my

2    knowledge and that this Declaration is executed on February 6, 2013, at San Francisco,

3    California.

4

5

6                              VISHALI SINGAL

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA Piper LLP (US)
San Francisco