1  JOSHUA M. BRIONES (Bar No. 205293)
   joshua.briones@dlapiper.com
2  DLA PIPER LLP (US)
   2000 Avenue of the Stars, Suite 400 North Tower
3  Los Angeles, California 90067-4704
   Tel: 310-595-3000
4  Fax: 310-595-3300

5  ALBERT E. HARTMANN (*pro hac vice* pending)    ERIN J. ILLMAN (Bar No. 236282)
   albert.hartmann@dlapiper.com                    VISHALI SINGAL (Bar No. 267481)
6  DLA PIPER LLP (US)                              vishali.singal@dlapiper.com
   203 North LaSalle Street, Ste 1900              DLA PIPER LLP (US)
7  Chicago, IL 60601-1293                          555 Mission Street, Suite 2400
   Tel: 312-368-4000                               San Francisco, CA 94105-2933
8  Fax: 312-236-7516                               Tel: 415.836.2500
                                                   Fax: 415.836.2501
9  Attorneys for Defendant and Third-Party Plaintiff
   REACH MEDIA GROUP, LLC
10

11                              UNITED STATES DISTRICT COURT

12                             NORTHERN DISTRICT OF CALIFORNIA

13                                      SAN JOSE DIVISION

14
   DAVID TRINDADE, individually and on         CASE NO 5:12-CV-04759 (PSG)
15 behalf of all others similarly situated,

16                 Plaintiff,                  **CLASS ACTION**

17         v.                                  **DECLARATION OF VISHALI SINGAL,
                                               ESQ., IN SUPPORT OF UNOPPOSED
18 REACH MEDIA GROUP, LLC, a                   MOTION TO EXTEND TIME TO AMEND
   Delaware limited liability company,         THIRD-PARTY COMPLAINT AND
19                                             SERVE THIRD-PARTY DEFENDANT
                   Defendant.                  EAGLE WEB ASSETS INC.**
20
                                               Judge: Honorable Paul Singh Grewal
21 REACH MEDIA GROUP, LLC, a                   Department: Courtroom 5
   Delaware limited liability company,         Complaint Filed: Sept. 12, 2012
22                                             Third-Party Complaint Filed: Nov. 15, 2012
                   Third-Party Plaintiff,
23
           v.
24
   RYAN LENAHAN, individually, KYLE
25 DANNA, individually, and EAGLE WEB
   ASSETS INC., a corporation,
26
                   Third-Party Defendants.
27

28

DLA PIPER LLP (US)
SAN FRANCISCO
                              SINGAL DECLARATION ISO MOTION FOR EXTENSION OF TIME
                                                          CASE NO. 5:12-CV-04759 (PSG)

I, VISHALI SINGAL, hereby declare as follows:

1. I am an attorney admitted to practice law in the State of California and authorized to practice before this Court. I am an associate with the law firm of DLA Piper LLP (US) ("DLA Piper"), counsel for Defendant and Third-Party Plaintiff Reach Media Group, LLC ("RMG"). I have personal knowledge of the matters contained herein and, if called as a witness, I could and would competently testify to the following:

2. RMG completed personal service of process on Third-Party Defendant Kyle Danna on or about November 21, 2012 and completed subservice of process on Third-Party Defendant Ryan Lenahan on or about December 3, 2012, making the effective date of service on Lenahan December 13, 2013. I am informed and believe that RMG unsuccessfully attempted service of process on Third-Party Defendant Eagle Web Assets Inc. ("EWA") at two separate addresses associated with Ryan Eagle, founder and managing partner of EWA, with multiple attempts at each of these addresses.

3. During the Initial Case Management Conference ("CMC") in this matter on January 8, 2013, I appeared on behalf of RMG. I informed this Court that as of January 8, 2013, RMG had encountered difficulty serving EWA with the Third-Party Complaint. I further informed this Court that RMG likely required an additional month to effectuate service on EWA of the Third-Party Complaint.

4. After this Court set a deadline of 30 days from the date of the January 8, 2013 Initial Case Management Conference in this matter for RMG to serve EWA with the Third-Party Complaint, on or about January 10, 2013, I instructed Keith Nesbit, a legal assistant at DLA Piper, to research addresses to serve process on EWA's Vice President of Accounting or Vice President of Human Resources and once identified, to authorize a process server to attempt service at the identified address(es). That same day, I saw webpages on EWA's website that listed Savy Lam as Vice President of Accounting and Marissa Thoman as Vice President of Human Resources and Corporate Secretary of EWA. Additionally, I learned from Mr. Nesbit on or about January 10, 2013 that he had located an address online that appeared to be associated with Ms. Lam. As a result, I instructed Mr. Nesbit to authorize a process server to attempt service

-1-

of the Third-Party Complaint at that address.

5. On or about January 8, 2013, I was served three sets of discovery by Plaintiff's counsel – (1) Plaintiff's First Set of Interrogatories to RMG; (2) Plaintiff's First Set of Requests to Admit Facts to RMG; and (3) Plaintiff's First Set of Requests for the Production of Documents to RMG.

6. The following Monday, on or about January 14, 2013, I reviewed Third-Party Defendant Lenahan's and Danna's Motion to Strike And/Or Dismiss Third-Party Complaint and Memorandum of Points and Authorities In Support Thereof ("Motion"), and in light of its contents and upon direction by RMG's lead counsel, Joshua Briones, Esq., I shifted my attention to preparing an opposition brief to the Motion and considering the implications of the Motion on allegations and counts stated in the Third-Party Complaint as to EWA.

7. On or about January 16, 2013, I learned from Mr. Nesbit that the process server had unsuccessfully attempted service of the Third-Party Complaint on January 14, 2013 at the address associated with Ms. Lam.

8. On or about January 22, 2013, I instructed Mr. Nesbit to obtain a background report for Mr. Eagle, to identify additional addresses at which to attempt service of the Third-Party Complaint on EWA, and on or about January 24, 2013, I received that background report.

9. On or about February 5, 2013, I received consent from counsel for Plaintiff and counsel for Third-Party Defendants Lenahan and Danna to file a stipulation for RMG's requested extension to serve EWA with the Third-Party Complaint or an amended Third-Party Complaint of 14 days from the date this Court issued its order on the Motion, or such other date and time thereafter as the Court ordered, on the grounds that because the Third-Party Complaint asserts common allegations and two causes of action against all three Third-Party Defendants, including EWA, and that those allegations and causes of action were the subject of the Motion, RMG sought to await the outcome of the Motion in determining how it affected the content of the Third-Party Complaint as to EWA and the decision to proceed against EWA. (Dkt. #53-1.)

10. I am informed and believe that, on or about March 11, 2013, RMG served its objections and responses to the discovery requests propounded by Plaintiff, in accordance with

-2-

the deadline reached between RMG and Plaintiff.

11. To date, RMG has not propounded any discovery on Third-Party Defendants Lenahan or Danna.

12. I am informed and believe that RMG is encountering severe financial difficulties and that, in light of its weak financial condition, is evaluating available options to address its financing and operating challenges.

13. On August 12, 2013, I received e-mails from counsel for Plaintiff and counsel for Third-Party Defendants Lenahan and Danna, stating that Plaintiff, and that Lenahan and Danna, respectively, would not oppose RMG's Motion to Extend Time to Amend Third-Party Complaint and Serve Third-Party Defendant Eagle Web Assets Inc..

14. RMG's request, pursuant to Federal Rule of Civil Procedure 6(b), for a 30-day extension of time from August 14, 2013 to amend its Third-Party Complaint and serve EWA is the fourth time RMG has requested a change to any event previously scheduled by this Court. Previously, (1) on October 4, 2012, RMG and Plaintiff requested a continuance of the Initial Case Management Conference and all corresponding deadlines (Dkt. #7), which this Court granted on October 12, 2012 (Dkt. #9); (2) on December 4, 2012, RMG and Plaintiff requested a continuance of the Initial Case Management Conference (Dkt. #25), which this Court granted on December 7, 2012 (Dkt. #26), and (3) on February 6, 2013, RMG requested an extension to the deadline set by this Court to serve Third-Party Defendant EWA with the Third-Party Complaint or an amended Third-Party Complaint (Dkt. #52), which this Court granted on February 7, 2013 (Dkt. #54.) In addition, this request is the sixth time any other time modification has been requested in this case, by Court order or stipulation. In addition to the aforementioned requests for extension of time, (1) on October 4, 2012, RMG and Plaintiff stipulated to an extension of time for RMG to respond to the Class Action Complaint in this matter (Dkt. #7); and (2) on December 12, 2012, RMG and Third-Party Defendants Lenahan and Danna stipulated to an extension of time for Lenahan and Danna to respond to the Third-Party Complaint (Dkt. #27).

/////

/////

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct to the best of my knowledge and that this Declaration was executed
3  on August 13, 2013, at San Francisco, California.

/s/ Vishali Singal
VISHALI SINGAL