1 | Mark Eisen (SBN – 289009)
meisen@edelson.com
2 | EDELSON PC
555 West Fifth Street, 31st Floor
3 | Los Angeles, California 90013
Tel: 213.533.4100
4 | Fax: 213.947.4251

5 | Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
6 | Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
7 | Christopher L. Dore (Admitted *Pro Hac Vice*)
cdore@edelson.com
8 | EDELSON PC
350 North LaSalle Street, Suite 1300
9 | Chicago, Illinois 60654
Tel: 312.589.6370
10 | Fax: 312.589.6378

11 | *Attorneys for Plaintiff and the Putative Class*

12 | **UNITED STATES DISTRICT COURT**

13 | **NORTHERN DISTRICT OF CALIFORNIA**

14 | DAVID TRINDADE, individually and on
behalf of all others similarly situated,

15 |            *Plaintiff*,

16 |

17 | v.

18 | REACH MEDIA GROUP, LLC, a Delaware
limited liability company,

19 |            *Defendant*.

20 |

21 | REACH MEDIA GROUP, LLC, a Delaware
limited liability company,

22 |            *Third-Party Plaintiff*,

23 | v.

24 | RYAN LENAHAN, individually, KYLE
DANNA, individually, and EAGLE WEB
25 | ASSETS INC., an Illinois corporation,

26 |            *Third-Party Defendants*.

27 |

28 |

Case No. 5:12-cv-04759 (PSG)

**DECLARATION OF BENJAMIN H.
RICHMAN IN SUPPORT OF MOTION
FOR ENTRY OF DEFAULT JUDGMENT**

Judge: Honorable Paul Singh Grewal
Action Filed: September 12, 2012

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1.      I am over the age of eighteen and am fully competent to make this declaration. I make this declaration based upon personal knowledge unless otherwise indicated. If called upon to testify to the matters stated herein, I could and would do so competently.

2.      I am a partner at the law firm of Edelson PC, which has been retained to represent the named Plaintiff in this matter, David Trindade.

3.      Shortly after the filing of Defendant Reach Media Group, LLC's ("RMG") Answer and Cross-Complaint, Trindade served his first set of written discovery requests to RMG, including interrogatories, requests for production, and requests for admission.

4.      RMG ultimately provided written responses to Trindade's written discovery requests, but did not produce responsive documents.

5.      In early 2013, I, along with my colleagues Rafey S. Balabanian and Christopher L. Dore, also of Edelson PC, began discussions (via telephone and e-mail correspondence) with then counsel of record for RMG, Albert E. Hartmann and Vishali Singal of DLA Piper LLP, regarding the potential for an early resolution of the case. Unfortunately, after several months of back and forth, communications between the Parties ceased.

6.      Thereafter, RMG's attorneys withdrew as counsel of record and since then, RMG has not produced any additional information or documents in response to Trindade's discovery requests, nor has it indicated that it intends to retain new counsel or defend itself in this matter.

7.      Attached hereto as Exhibit 1-A is a true and accurate copy of Defendant Reach Media Group, LLC's Objections and Responses to Plaintiff David Trindade's First Set of Interrogatories.

8.      Attached hereto as Exhibit 1-B is a true and accurate copy of Defendant Reach Media Group, LLC's Objections and Responses to Plaintiff David Trindade's First Set of Requests for the Production of Documents.

9.      Attached hereto as Exhibit 1-C is a true and accurate copy of Defendant Reach

1    Media Group, LLC's Objections and Responses to Plaintiff David Trindade's First Set of Requests

2    to Admit Facts.

3                        *                    *                    *

4         I declare under penalty of perjury that the foregoing is true and correct.

5    Executed this 14th day of May 2014 at Chicago, Illinois.

6                                        /s/ Benjamin H. Richman
                                         Benjamin H. Richman
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1-A

1  JOSHUA M. BRIONES (Bar No. 205293)
   joshua.briones@dlapiper.com
2  DLA PIPER LLP (US)
   2000 Avenue of the Stars, Suite 400 North Tower
3  Los Angeles, California 90067-4704
   Tel: 310-595-3000
4  Fax: 310-595-3300

5  ALBERT E. HARTMANN (*pro hac vice* pending)          ERIN J. ILLMAN (Bar No. 238262)
   albert.hartmann@dlapiper.com                          erin.illman@dlapiper.com
6  DLA PIPER LLP (US)                                    VISHALI SINGAL (Bar No. 267481)
   203 North LaSalle Street, Ste 1900                    vishali.singal@dlapiper.com
7  Chicago, IL 60601-1293                                DLA PIPER LLP (US)
   Tel: 312-368-4000                                     555 Mission Street, Suite 2400
8  Fax: 312-236-7516                                     San Francisco, CA 94105-2933
                                                         Tel: 415.836.2500
9  Attorneys for Defendant and Third-Party Plaintiff     Fax: 415.836.2501
   REACH MEDIA GROUP, LLC

10

11                      UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13                           SAN JOSE DIVISION

14

15  DAVID TRINDADE, individually and on            CASE NO 5:12-CV-04759 (PSG)
    behalf of all others similarly situated,
16                                                  (Complaint Filed: September 12, 2012)
                   Plaintiff,
17                                                  **DEFENDANT REACH MEDIA GROUP,**
           v.                                       **LLC'S OBJECTIONS AND RESPONSES**
18                                                  **TO PLAINTIFF DAVID TRINDADE'S**
    REACH MEDIA GROUP, LLC, a                       **FIRST SET OF INTERROGATORIES**
19  Delaware limited liability company,

20                 Defendant.

21  REACH MEDIA GROUP, LLC, a
    Delaware limited liability company,
22
                   Third-Party Plaintiff,
23
           v.
24
    RYAN LENAHAN, individually, KYLE
25  DANNA, individually, and EAGLE WEB
    ASSETS INC., a corporation,
26
                   Third-Party Defendants.
27

28

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662175.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF, DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1    PROPOUNDING PARTY:         PLAINTIFF DAVID TRINDADE

2    RESPONDING PARTY:          DEFENDANT REACH MEDIA GROUP, LLC

3    SET NO.:                   ONE

4          Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Reach

5    Media Group, LLC ("RMG") hereby provides the following objections and responses to the First

6    Set of Interrogatories ("Interrogatories") propounded by Plaintiff David Trindade ("Plaintiff").

7                          **PRELIMINARY STATEMENT**

8          RMG has not yet completed its discovery or investigation in this case nor has RMG

9    completed preparation for trial.  The objections and responses of RMG herein are based on the

10   information available as of the date of these objections and responses.  Further discovery,

11   investigation, and analysis may supply additional facts and add meaning to known facts, as well

12   as establish entirely new factual conclusions and legal contentions, all of which may lead to

13   changes to, additions to, or variations from the information set forth herein.  RMG reserves the

14   right to amend or supplement, correct, add to, or clarify any of these responses and objections

15   accordingly, or in the case of inadvertent error or omission, at any time through trial.

16   Notwithstanding the foregoing, RMG undertakes no obligation to amend its responses beyond the

17   requirements of the Federal Rules of Civil Procedure.

18                           **GENERAL OBJECTIONS**

19         A.    RMG objects to the Interrogatories to the extent that they call for the production of

20   confidential, proprietary, and/or trade secret information.  RMG will not produce confidential

21   information except pursuant to a protective order entered in this case, and it will not produce trade

22   secret information unless ordered to do so by a court.

23         B.    RMG objects to the Interrogatories to the extent that they seek disclosure of the

24   content of communications between RMG and its legal counsel, on the ground that such

25   information is protected by the attorney-client privilege.

26         C.    RMG objects to the Interrogatories to the extent that they seek information

27   prepared in anticipation of litigation in this case, or information prepared by RMG's legal counsel

28   and/or legal consultants, on the ground that such information is protected under the work-product

DLA Piper LLP (US)
San Francisco          WEST\240662175.1

-1-
DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1    doctrine.

2    D.    RMG objects to the Interrogatories to the extent that they seek information that is

3    subject to any legally recognized privilege or exemption from disclosure or discovery.

4    E.    RMG objects to the Interrogatories to the extent that they call for the production of

5    documents or information relating to documents or information created, gathered, or assembled

6    by RMG or its attorneys after the filing of this lawsuit.

7    F.    RMG objects to the Interrogatories to the extent that they purport to impose

8    obligations beyond those provided for by the Federal Rules of Civil Procedure.

9    G.    RMG objects to the Interrogatories to the extent that they seek information that is

10   not relevant to the subject matter this action and not reasonably calculated to lead to the

11   discovery of admissible evidence.

12   H.    RMG objects to the Interrogatories on the grounds that they are compound and

13   thereby exceed the limit of twenty-five written interrogatories imposed by Federal Rule of Civil

14   Procedure 33(a)(1), absent stipulation or an order by the court.  Plaintiff has circumvented that

15   limitation by serving interrogatories with numerous parts and subparts.

16   I.    RMG objects to the Interrogatories to the extent that they seek information that is

17   not in RMG's possession, custody or control, and/or purport to require RMG to conduct an

18   investigation that Plaintiff is equally capable of conducting without imposing the burden or

19   expense of such discovery on RMG.

20   J.    RMG objects to Plaintiff's definitions of "COMPUTER" and "COMPUTER

21   EQUIPMENT" as overly broad and unduly burdensome as it seeks to include all data processing

22   equipment without regard to whether the storage device, computing platform, server or other

23   equipment bears any relationship to the storage of responsive information in this matter.

24   K.    RMG objects to Plaintiff's definition of "COMPUTER SYSTEM" as overly broad

25   and unduly burdensome as it seeks to include all network infrastructure, data processing

26   equipment and computer support systems without regard to whether the storage device, network,

27   computing platform, server or other equipment bears any relationship to the storage of responsive

28   information in this matter.  Further, this definition is overly broad and unduly burdensome in that

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662175.1

-2-

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1    it requires the responding party to search computer systems of "YOUR subsidiaries, predecessors,

2    successors, assigns, joint ventures, partners, parents, agents, or affiliates (in this country or

3    throughout the world)".

4        L.    RMG objects to the term "ESI METADATA" as undefined, vague and ambiguous

5    as it does not define the categories of metadata requested. Further, RMG objects to this term to

6    the extent it calls for information protected by the attorney-client privilege and attorney work

7    product doctrine.

8        M.    RMG objects to Plaintiff's definitions of "PROPOSED CLASS" and

9    "PROPOSED CLASS MEMBERS" as vague, ambiguous and unascertainable. Accordingly,

10   RMG is unable to respond to these Interrogatories to the extent they seek information about the

11   "PROPOSED CLASS" or "PROPOSED CLASS MEMBERS", as defined by these

12   Interrogatories.

13       N.    RMG objects to Plaintiff's definition of "RELEVANT TIME PERIOD",

14   specifically "the time period between September 12, 2008 and the present" as overly broad and

15   unduly burdensome, and not limited in time or scope to reasonably relate to the material

16   allegations in this lawsuit or reasonably calculated to lead to the discovery of admissible

17   evidence. Accordingly, RMG will respond to these Interrogatories only to the extent that they

18   include the four years preceding the filing of this lawsuit, specifically from September 12, 2008 to

19   September 12, 2012.

20       O.    RMG objects to Plaintiff's definition of "TCPA" as overly broad and vague. RMG

21   further objects to Plaintiff's definition of "TCPA" to the extent it improperly seeks a legal

22   conclusion. Accordingly, RMG will respond to these Interrogatories only to the extent that the

23   term "TCPA" (Telephone Consumer Protection Act) refers to 47 U.S.C. § 227 and does not call

24   for a legal conclusion.

25       P.    RMG objects to Plaintiff's definitions of "TEXT MESSAGE" and "TEXT

26   MESSAGES" as overly broad and unduly burdensome, and not limited in time or scope to

27   reasonably relate to the material allegations in this lawsuit or reasonably calculated to lead to the

28   discovery of admissible evidence. Accordingly, RMG will respond to these Interrogatories only

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662175.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1     to the extent that the terms "TEXT MESSAGE" and "TEXT MESSAGES" are interpreted to

2     mean the SMS text message identified in Paragraph 17 and the SMS text message content

3     identified in Paragraph 20 of the Class Action Complaint.

4         Q.     RMG objects to Plaintiff's definitions of "TRANSMIT", "TRANSMITTED," and

5     "TRANSMISSION" as overly broad and unduly burdensome, and not limited in time or scope to

6     reasonably relate to the material allegations in this lawsuit or reasonably calculated to lead to the

7     discovery of admissible evidence.  Accordingly, RMG will respond to these Interrogatories only

8     to the extent that the terms "TRANSMIT," "TRANSMITTED," and "TRANSMISSION" are

9     interpreted to mean "mak[ing] any call" "using any automatic telephone dialing system or an

10     artificial or prerecorded voice" as used in 47 U.S.C. § 227(b)(1)(A).

11         R.     RMG objects to Plaintiff's definitions of "YOU", "YOUR", "DEFENDANT" and

12     "REACH MEDIA" as overly broad and unduly burdensome, and not limited in time or scope to

13     reasonably relate to the material allegations in this lawsuit or reasonably calculated to lead to the

14     discovery of admissible evidence.  Accordingly, RMG will respond to these Interrogatories only

15     to the extent that the terms "YOU", "YOUR", "DEFENDANT" and "REACH MEDIA" are

16     interpreted to mean Reach Media Group, LLC, and all its present and former officers, directors,

17     and employees.

18         S.     RMG objects to these Interrogatories as unduly burdensome to the extent they

19     require RMG to prepare a compilation, abstract, audit or summary from documents already in

20     Plaintiff's possession or documents produced to Plaintiff.

21         T.     RMG responds to these Interrogatories without waiving any objections to

22     relevance, privilege, or admissibility of any information provided by RMG in any subsequent

23     proceeding, or at the trial of this or any other action.

24         U.     By its responses, RMG does not indicate its agreement with Plaintiff's

25     characterizations or express or implied assumptions, and does not make any admission that it

26     participated in any conduct alleged by Plaintiffs or otherwise violated the TCPA, or that

27     Plaintiff's interpretations of the TCPA are true and complete.

28         V.     In responding to an Interrogatory by referring to documents from which

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662175.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1   information responsive to the Interrogatory may be derived, RMG is not stating or implying that

2   only those documents identified contain such information, but only that a full and complete

3   answer to the Interrogatory can be derived, at least in part, from the referenced documents.

4   Further, documents identified in response to one Interrogatory may also have information

5   responsive to another Interrogatory whether or not identified in response to that other

6   Interrogatory.

7       W.      Each of the General Objections asserted herein applies to each Interrogatory to the

8   extent such Interrogatory purports to seek information in a manner that is the subject of such

9   objections.  The assertion of the same, similar or additional objections in RMG's responses to

10  individual Interrogatories, or the failure to assert any additional objection to an Interrogatory,

11  does not waive any of RMG's objections set forth in this section or the following sections.

12                          **INTERROGATORIES AND RESPONSES**

13  **INTERROGATORY NO. 1:**

14      IDENTIFY all PERSONS who participated in or supplied information upon which YOUR

15  answers to these Interrogatories, YOUR responses to Plaintiff's First Set of Requests for the

16  Production of Documents to Defendant Reach Media Group, LLC, and Plaintiff's First Set of

17  Requests to Admit Facts to Defendant Reach Media Group, LLC, as well as YOUR Answer and

18  Affirmative Defenses to the COMPLAINT and YOUR THIRD-PARTY COMPLAINT are based.

19  **RESPONSE TO INTERROGATORY NO. 1:**

20      RMG objects to this Interrogatory as compound, overly broad, and unduly burdensome.

21  RMG further objects to this Interrogatory as overly broad in its use of the term "YOUR" as

22  defined in these Interrogatories, and as vague and ambiguous in its use of the undefined phrases

23  "participated in" and "supplied information upon."  RMG also objects to this Interrogatory to the

24  extent it seeks information protected by the attorney-client privilege and/or work product

25  doctrine.  Subject to and without waiving the foregoing objections or the Preliminary Statement

26  and the General Objections, which are incorporated herein by reference, RMG responds as

27  follows:

28      The following individuals, by and through their counsel of record, provided information

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1   upon which RMG's answers to these Interrogatories, responses to Plaintiff's First Set of Requests

2   for the Production of Documents to RMG, responses to Plaintiff's First Set of Requests to Admit

3   Facts to RMG, Answer to the Class Action Complaint, Affirmative Defenses to the Class Action

4   Complaint, and Third-Party Complaint, are based:

5        Roger Dowd, President and Chief Executive Officer of RMG

6        Rick Hoeye, Chief Operating Officer of RMG

7        Randy Mitchelson, Chief Marketing Officer of RMG

8   **INTERROGATORY NO. 2:**

9        For each PERSON IDENTIFIED in YOUR answer to Interrogatory No. 1 above, state the

10   PERSON'S employer, their position or title, their job duties or responsibilities, the length of time

11   of each such PERSON'S employment, and IDENTIFY the answers, responses or portions of

12   DOCUMENTS that each such PERSON assisted in answering, responding to, drafting or

13   otherwise has knowledge of.

14   **RESPONSE TO INTERROGATORY NO. 2:**

15        RMG objects to this Interrogatory as compound, overly broad, and unduly burdensome.

16   RMG further objects to this Interrogatory as overly broad in its use of the term "YOUR" as

17   defined in these Interrogatories. RMG further objects to this Interrogatory to the extent it is

18   undefined and not limited as to time.  RMG also objects to this Interrogatory to the extent it seeks

19   information protected by the attorney-client privilege and/or work product doctrine.  Subject to

20   and without waiving the foregoing objections or the Preliminary Statement and the General

21   Objections, which are incorporated herein by reference, RMG responds as follows:

22        Roger Dowd ("Dowd") is the founder and President and Chief Executive Officer of RMG.

23   Dowd has been employed with RMG since RMG was founded in November 2010.  Dowd

24   oversees every aspect of RMG's business, including the approval process for every publisher or

25   advertisers who seeks entry into RMG's network, the process for developing the terms of the

26   advertising campaigns offered by RMG, the process for developing the terms of the advertising

27   campaigns offered by RMG, the process for developing the unique advertisements used for each

28   advertising campaign, and the operation of RMG's sales, accounting and human resources

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662175.1

-6-

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1  departments. Dowd has knowledge of and provided information utilized in RMG's answers to

2  these Interrogatories, responses to Plaintiff's First Set of Requests for the Production of

3  Documents to RMG, responses to Plaintiff's First Set of Requests to Admit Facts to RMG,

4  Answer to the Class Action Complaint, Affirmative Defenses to the Class Action Complaint, and

5  Third-Party Complaint.

6      Rick Hoeye ("Hoeye") is the Chief Operating Officer of RMG. Hoeye has been employed

7  with RMG since 2011. Hoeye oversees RMG's nationwide operations, including RMG's day-to-

8  day operations both internally and externally and the development of RMG's Creatives. Hoeye

9  has knowledge of and provided information utilized in RMG's answers to these Interrogatories,

10  responses to Plaintiff's First Set of Requests for the Production of Documents to RMG, and

11  responses to Plaintiff's First Set of Requests to Admit Facts to RMG.

12      Randy Mitchelson ("Mitchelson") is the Chief Marketing Officer of RMG. Mitchelson

13  has been employed with RMG since 2012. Mitchelson leads marketing operations, sales

14  operations, product management, and partnership marketing. In the area of marketing operations,

15  in particular, Mitchelson develops RMG's relationships with media and industry members, and

16  overseas its market research efforts. Mitchelson has knowledge of and provided information

17  utilized in RMG's answers to these Interrogatories, responses to Plaintiff's First Set of Requests

18  for the Production of Documents to RMG, and responses to Plaintiff's First Set of Requests to

19  Admit Facts to RMG.

20  **INTERROGATORY NO. 3:**

21      IDENTIFY all PERSONS that participated in, created, TRANSMITTED, processed, or

22  relayed the TEXT MESSAGES. For each PERSON so IDENTIFIED, DESCRIBE their role in

23  the participation, creation, TRANSMISSION, processing or relaying of the TEXT MESSAGES.

24  **RESPONSE TO INTERROGATORY NO. 3:**

25      RMG objects to this Interrogatory as compound, overly broad, unduly burdensome. RMG

26  further objects to this Interrogatory as seeking information that is neither relevant to the parties'

27  claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to

28  the extent that it calls for the identify of PERSONS who did not "make any call", as that phrase is

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662175.1

7

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1     defined by the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A), and a description

2     of those PERSONS' roles in the "participation, creation, TRANSMISSION, processing or

3     relaying of the TEXT MESSAGES." RMG also objects to this Interrogatory as overly broad in

4     its use of the terms "TRANSMITTED", "TRANSMISSION", and "TEXT MESSAGES", as

5     defined in these Interrogatories, and as vague and ambiguous in its use of the undefined terms

6     "participated in", "participation", "created", "creation", "processed", "processing", "relayed", and

7     "relaying". RMG further objects to this Interrogatory to the extent it seeks information that is not

8     in the possession, custody or control of this responding party. Subject to and without waiving the

9     foregoing objections or the Preliminary Statement and the General Objections, which are

10     incorporated herein by reference, RMG responds as follows:

11         One or more Third-Party Defendants in this action may have made the call, as that phrase

12     is used in 47 U.S.C. § 227(b)(1)(A)(iii), identified in Paragraph 17 of the Class Action Complaint

13     and/or Third-Party Defendants in this action may have made calls which included the text

14     message language identified in Paragraph 20 of the Class Action Complaint. As set forth in

15     RMG's Third-Party Complaint in this matter, Third-Party Defendants entered into agreements

16     with RMG ("Agreements") under which they were obligated to comply with the Terms and

17     Conditions of the Agreements, including the requirement that they not edit the content of the text

18     message advertisements designed by RMG, also known as RMG's "Creatives", without RMG's

19     written prior approval. RMG is informed and believes, and thereon alleges, that Third-Party

20     Defendants and each of them, independently breached their obligation to comply with the Terms

21     and Conditions by sending text messages to cellular phone numbers which language did not

22     comply with RMG's Creatives and without receiving RMG's prior written approval for any

23     change to the Creatives. To the extent that Third-Party Defendants engaged in such conduct, they

24     were acting outside the control, direction, knowledge, or scope of authority of RMG.

25     **INTERROGATORY NO. 4:**

26         State the total number of the TEXT MESSAGES that were TRANSMITTED to

27     PROPOSED CLASS MEMBERS.

28

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662175.1

-8-
DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

**RESPONSE TO INTERROGATORY NO. 4:**

RMG objects to this Interrogatory as overly broad and unduly burdensome. RMG further objects to this Interrogatory as seeking information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for information regarding SMS text messages or text message content not identified in the Class Action Complaint in this matter. RMG also objects to this Interrogatory as overly broad in its use of the terms "TEXT MESSAGES" and "TRANSMITTED" as defined in these Interrogatories, and as not readily susceptible to response as RMG is unable to identify the "PROPOSED CLASS MEMBERS" as defined in these Interrogatories. RMG further objects to this Interrogatory to the extent it seeks information that is not in the possession, custody or control of this responding party. Subject to and without waiving the foregoing objections or the Preliminary Statement and the General Objections, which are incorporated herein by reference, RMG is unable to respond to this Interrogatory.

**INTERROGATORY NO. 5:**

DESCRIBE the process by which any PERSON TRANSMITTING the TEXT MESSAGES (INCLUDING EWA, Ryan Lenahan, and Kyle Danna), obtained or came into possession of the cellular telephone numbers belonging to the PROPOSED CLASS MEMBERS.

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662175.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1    **RESPONSE TO INTERROGATORY NO. 5:**

2        RMG objects to this Interrogatory as overly broad and unduly burdensome.  RMG further

3    objects to this Interrogatory as seeking information that is neither relevant to the parties' claims or

4    defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent

5    that it calls for information regarding SMS text messages or text message content not identified in

6    the Class Action Complaint in this matter.  RMG also objects to this Request as overly broad in

7    its use of the terms "TRANSMITTING" and "TEXT MESSAGES" as defined in these

8    Interrogatories, and as not readily susceptible to response as RMG is unable to identify the

9    "PROPOSED CLASS MEMBERS" as defined in these Interrogatories. RMG further objects to

10   this Interrogatory to the extent it seeks information that is not in the possession, custody or

11   control of this responding party. Subject to and without waiving the foregoing objections or the

12   Preliminary Statement and the General Objections, which are incorporated herein by reference,

13   RMG is unable to respond to this Interrogatory.

14   **INTERROGATORY NO. 6:**

15       If YOU contend that YOU had prior express consent to TRANSMIT the TEXT

16   MESSAGES to PLAINTIFF or any PROPOSED CLASS MEMBERS, or that prior express

17   consent was obtained by any other PERSON (INCLUDING EWA, Ryan Lenahan, and Kyle

18   Danna), DESCRIBE with particularity the means by which YOU or any other PERSON obtained

19   such prior express consent, and IDENTIFY all DOCUMENTS that support YOUR contention(s).

20   **RESPONSE TO INTERROGATORY NO. 6:**

21       RMG objects to this Interrogatory as compound, overly broad,  and unduly burdensome.

22   RMG further objects to this Interrogatory as seeking information that is neither relevant to the

23   parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible

24   evidence, to the extent that it calls for information regarding SMS text messages or text message

25   content not identified in the Class Action Complaint in this matter.  RMG also objects to this

26   Interrogatory as overly broad in its use of the terms "YOU", "YOUR", "TRANSMIT", and

27   "TEXT MESSAGES" as defined in these Interrogatories, and as not readily susceptible to

28   response to the extent its references "PROPOSED CLASS MEMBERS" as RMG is unable to

-10-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662175.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1  identify the "PROPOSED CLASS MEMBERS" as defined in these Interrogatories. RMG further

2  objects to this Interrogatory to the extent it seeks information that is not in the possession, custody

3  or control of this responding party. RMG further objects to this Interrogatory to the extent it

4  prematurely seeks information regarding "contentions" as responding party has completed its

5  investigation or discovery.  Subject to and without waiving the foregoing objections or the

6  Preliminary Statement and the General Objections, which are incorporated herein by reference,

7  RMG responds as follows:

8      One or more of the Third-Party Defendants in this action may have made the call, as that

9  phrase is used in 47 U.S.C. § 227(b)(1)(A)(iii), identified in Paragraph 17 of the Class Action

10  Complaint and/or Third-Party Defendants in this action may have made calls which included the

11  text message language identified in Paragraph 20 of the Class Action Complaint.  As set forth in

12  RMG's Third-Party Complaint in this matter, Third-Party Defendants entered into the

13  Agreements with RMG under which they were obligated to comply with the Terms and

14  Conditions of the Agreements.  The Terms and Conditions of the Agreements required Third-

15  Party Defendants to represent and warrant that all their efforts associated with the Agreements

16  complied with the laws of the United States, and any other laws of any other jurisdictions

17  applicable to each of them, and that they would not engage in or promote any illegal activities of

18  any kind in association with the Agreements.  RMG is informed and believes, and thereon

19  alleges, that Third-Party Defendants, and each of them, independently breached their warranties

20  to RMG by sending text messages to cell phone numbers without the prior express consent of the

21  called parties, in violation of federal law.

22  **INTERROGATORY NO. 7:**

23      DESCRIBE YOUR relationship to EWA, INCLUDING the manner in which YOU

24  compensate EWA and the services provided to YOU by EWA.

25  **RESPONSE TO INTERROGATORY NO. 7:**

26      RMG objects to this Interrogatory as compound, overly broad and unduly burdensome.

27  RMG further objects to this Interrogatory as overly broad in its use of the term "YOU" as defined

28  in these Interrogatories and that it is not limited by time period.  RMG also objects to this

-12-

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1   Interrogatory as seeking information that is neither relevant to the parties' claims or defenses nor

2   reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks

3   information about the manner in which RMG compensates Third-Party Defendant Eagle Web

4   Assets, Inc. ("EWA").  Subject to and without waiving the foregoing objections or Preliminary

5   Statement and the General Objections, which are incorporated herein by reference, RMG

6   responds as follows:

7           On or around July 20, 2012, EWA entered into an Agreement with RMG to publish

8   RMG's uniquely designed advertisements, called RMG's "Creatives".  This Agreement required

9   that EWA "display the Advertisement and perform lead generation services described in the

10  attached Insertion Order."  (Third Party Complaint ("TPC"), Ex. A, ¶ 1.)  The Agreement further

11  specified that any editing of RMG's Creatives was "strictly prohibited, without prior written

12  approval from Reach Media Group."  (Id., ¶ 4.)  Indeed, any violation of this prohibition would

13  result in the loss of payment per lead basis, pursuant to the Agreement.  (Id.)  Subsequently, on or

14  around July 21, 2012, EWA agreed to publish advertisements for RMG's Cash Advance Diamond

15  -- WEB/WAP campaign and on or around August 27, 2012, EWA agreed to publish

16  advertisements for the Quick Cash Money Loan -- WEB/WAP campaign, as well. On or around

17  August 31, 2012, RMG suspended EWA as a publisher.

18          Terms and conditions, including payment terms, for all RMG affiliates are governed by

19  the RMG "Direct Publisher Agreement".  RMG affiliates are paid on a cost-per-action (CPA)

20  basis as outlined in section 3a of the Direct Publisher Agreement. In addition, an Insertion Order

21  is completed between RMG and the affiliate which serves as an addendum to the "Direct

22  Publisher Agreement". The Insertion Order typically contains additional details such as payment

23  terms (monthly, weekly net terms, etc.), price (CPA) and other campaign specific details. In

24  order to receive payment, affiliates send RMG a W9 and invoices based on reporting that RMG

25  provides to affiliates. In turn, RMG pays invoices which are in compliance with the terms and

26  conditions of all agreements between RMG and the affiliate. Payment terms can be changed

27  during the course of a campaign by executing an additional Insertion Order commemorating the

28  new terms.

-12-

**INTERROGATORY NO. 8:**

DESCRIBE YOUR relationship to Ryan Lenahan, INCLUDING the manner in which YOU compensate Ryan Lenahan and the services provided to YOU by Ryan Lenahan.

**RESPONSE TO INTERROGATORY NO. 8:**

RMG objects to this Interrogatory as compound, overly broad and unduly burdensome. RMG further objects to this Interrogatory as overly broad in its use of the term "YOU" as defined in these Interrogatories and that it is not limited by time period. RMG also objects to this Interrogatory as seeking information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information about the manner in which RMG compensates Third-Party Defendant Ryan Lenahan ("Lenahan"). Subject to and without waiving the foregoing objections or the Preliminary Statement and the General Objections, which are incorporated herein by reference, RMG responds as follows:

On or about July 11, 2012, Lenahan submitted an online application and agreed to the Terms and Conditions to publish RMG's pre-approved and uniquely designed advertisements, called RMG's "Creatives" ("Agreement"). This Agreement required that Lenahan "display the Advertisement and perform lead generation services described in the attached Insertion Order." (TPC, Ex. A, ¶ 1.) The Agreement further specified that any editing of RMG's Creatives was "strictly prohibited, without prior written approval from Reach Media Group." (Id., ¶ 4.) Indeed, any violation of this prohibition would result in the loss of payment per lead basis, pursuant to the Agreement. (Id.) Upon submitting an application to join RMG's network, Lenahan was approved as a publisher on or about July 11, 2012. Once his account was approved, Lenahan was permitted to select campaigns on RMG's network for which he wanted to publish. Once he selected campaigns, he automatically received emails with the content of the approved Creatives for those campaigns. On or about August 9, 2012, Lenahan signed an Insertion Order identifying _only_ the following campaigns for which he was to publish text message advertisements: (1) Auto Loan Professionals, (2) Cash Advance Diamond, (3) Central Payday Advance, (4) Honest Cash

-13-

DLA PIPER LLP (US)
SAN FRANCISCO
WEST\240662175.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1    Loan, (5) Huge Cash Advance, (6) Instant Cash Express, (7) Mobile Cash Source, and (8) Second

2    Chance Cash Advance.

3        Lenahan received special instructions regarding the text message advertisements he was to

4    send.  Those instructions specified, among other things, that bank names, amounts over $1000,

5    and the phrase "cash in 2 hours" were not permitted in the text messages.  Furthermore, those

6    instructions specified that the text message advertisements must include opt-out language. On or

7    about August 26, 2012, Lenahan was suspended as an RMG publisher.

8        Terms and conditions, including payment terms, for all RMG affiliates are governed by

9    the RMG "Direct Publisher Agreement".  RMG affiliates are paid on a cost-per-action (CPA)

10   basis as outlined in section 3a of the Direct Publisher Agreement. In addition, an Insertion Order

11   is completed between RMG and the affiliate which serves as an addendum to the "Direct

12   Publisher Agreement". The Insertion Order typically contains additional details such as payment

13   terms (monthly, weekly net terms, etc.), price (CPA) and other campaign specific details. In

14   order to receive payment, affiliates send RMG a W9 and invoices based on reporting that RMG

15   provides to affiliates. In turn, RMG pays invoices which are in compliance with the terms and

16   conditions of all agreements between RMG and the affiliate. Payment terms can be changed

17   during the course of a campaign by executing an additional Insertion Order commemorating the

18   new terms.

19   **INTERROGATORY NO. 9:**

20       DESCRIBE YOUR relationship to Kyle Danna, INCLUDING the manner in which YOU

21   compensate Kyle Danna and the services provided to YOU by Kyle Danna.

22   **RESPONSE TO INTERROGATORY NO. 9:**

23       RMG objects to this Interrogatory as compound, overly broad and unduly burdensome.

24   RMG further objects to this Interrogatory as overly broad in its use of the term "YOU" as defined

25   in these Interrogatories and that it is not limited by time period.  RMG also objects to this

26   Interrogatory as seeking information that is neither relevant to the parties' claims or defenses nor

27   reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks

28   information about the manner in which RMG compensates Third-Party Defendant Kyle Danna

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662175.1

-14-

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1   ("Danna"). Subject to and without waiving the foregoing objections or the Preliminary Statement

2   and the General Objections, which are incorporated herein by reference, RMG responds as

3   follows:

4        On or about August 9, 2012, Danna submitted an online application and agreed to the

5   Terms and Conditions to publish RMG's pre-approved and uniquely designed advertisements,

6   called RMG's "Creatives" ("Agreement"). This Agreement required that Danna "display the

7   Advertisement and perform lead generation services described in the attached Insertion Order."

8   (TPC, Ex. A, ¶ 1.) The Agreement further specified that any editing of RMG's Creatives was

9   "strictly prohibited, without prior written approval from Reach Media Group." (Id., ¶ 4.) Indeed,

10  any violation of this prohibition would result in the loss of payment per lead basis, pursuant to the

11  Agreement. (Id.) Upon submitting an application to join RMG's network, Danna was approved

12  as a publisher immediately, on or about August 9, 2012. Once his account was approved, Danna

13  was permitted to select campaigns on RMG's network for which he wanted to publish. Once he

14  selected a campaign, he automatically received emails with the content of the approved Creatives

15  for that campaign. On or about September 4, 2012, Danna signed an Insertion Order identifying

16  the following campaign for which he was required to publish text message advertisements – the

17  Homeland Cash Advance campaign.

18       Danna received special instructions regarding the text message advertisements he was

19  required to send. Those instructions specified, among other things, that bank names, amounts

20  over $1000, and the phrase "cash in 2 hours" were not permitted in the text messages.

21  Furthermore, those instructions specified that the text message advertisements must have included

22  opt-out language. On or about September 11, 2012, RMG officially suspended Danna as an RMG

23  publisher.

24       Terms and conditions, including payment terms, for all RMG affiliates are governed by

25  the RMG "Direct Publisher Agreement". RMG affiliates are paid on a cost-per-action (CPA)

26  basis as outlined in section 3a of the Direct Publisher Agreement. In addition, an Insertion Order

27  is completed between RMG and the affiliate which serves as an addendum to the "Direct

28  Publisher Agreement". The Insertion Order typically contains additional details such as payment

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662175.1

-15-

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1   terms (monthly, weekly net terms, etc.), price (CPA) and other campaign specific details. In

2   order to receive payment, affiliates send RMG a W9 and invoices based on reporting that RMG

3   provides to affiliates. In turn, RMG pays invoices which are in compliance with the terms and

4   conditions of all agreements between RMG and the affiliate. Payment terms can be changed

5   during the course of a campaign by executing an additional Insertion Order commemorating the

6   new terms.

7   **INTERROGATORY NO. 10:**

8       IDENTIFY the PERSONS who own and/or operate the following websites:

9   www.TwoHourCash.com,CashIn2Hrs.com, www.TwoHourCash.org, and/or TwoHourCash.net.

10  **RESPONSE TO INTERROGATORY NO. 10:**

11      RMG objects to this Interrogatory as compound. RMG further objects to this Interrogatory

12  to the extent it seeks information that is not in the possession, custody or control of this

13  responding party. Subject to and without waiving the foregoing objections or the Preliminary

14  Statement and the General Objections, which are incorporated herein by reference, RMG is

15  unable to respond to this Interrogatory.

16  **INTERROGATORY NO. 11:**

17      IDENTIFY all PERSONS that have entered into any contracts, agreements or

18  understandings with YOU to PROMOTE the website MobileCashSource.com, and DESCRIBE

19  the services each PERSON has provided or continues to provide to YOU.

20  **RESPONSE TO INTERROGATORY NO. 11:**

21      RMG objects to this Interrogatory to the extent it calls for confidential, proprietary, and/or

22  trade secret information. RMG further objects to this Interrogatory as compound, overly broad

23  and unduly burdensome. RMG also objects to this Interrogatory as overly broad in its use of the

24  term "YOU". RMG further objects to this Interrogatory to the extent it seeks information not

25  reasonably calculated to lead to the discovery of admissible evidence and/or seeks information

26  that does not bear a reasonable relationship to the claims at issue in this action. Subject to and

27  without waiving the foregoing objections or the Preliminary Statement and the General

28  Objections, which are incorporated herein by reference, RMG offers to meet and confer with

-16-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662175.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1    Plaintiff regarding the timing and scope of this Interrogatory.

2    **INTERROGATORY NO. 12:**

3        IDENTIFY all PERSONS that have entered into any contracts, agreements or

4    understandings with YOU to PROMOTE the website CashAdvanceDiamond.com, and

5    DESCRIBE the services each PERSON has provided or continues to provide to YOU.

6    **RESPONSE TO INTERROGATORY NO. 12:**

7        RMG objects to this Interrogatory to the extent it calls for confidential, proprietary, and/or

8    trade secret information.  RMG further objects to this Interrogatory as compound, overly broad

9    and unduly burdensome.  RMG also objects to this Interrogatory as overly broad in its use of the

10   term "YOU".  RMG further objects to this Interrogatory to the extent it seeks information not

11   reasonably calculated to lead to the discovery of admissible evidence and/or seeks information

12   that does not bear a reasonable relationship to the claims at issue in this action. Subject to and

13   without waiving the foregoing objections or the Preliminary Statement and the General

14   Objections, which are incorporated herein by reference, RMG offers to meet and confer with

15   Plaintiff regarding the timing and scope of this Interrogatory.

16   **INTERROGATORY NO. 13:**

17       IDENTIFY and DESCRIBE all facts supporting YOUR statement in Paragraph 6 of the

18   THIRD-PARTY COMPLAINT that:

19       RMG is informed and believes, and thereon alleges, that each Third-Party
         Defendant breached their warranties under the Agreements by sending text
20       messages to cellular phone numbers without the prior express consent of the called
         Parties. Moreover, RMG is informed and believes, and thereon alleges, that Third-
21       Party Defendants also breached the Agreements by sending text messages to
         cellular phone numbers that did not comply with RMG's Creatives, without
22       receiving prior written approval from RMG.

23   **RESPONSE TO INTERROGATORY NO. 13:**

24       RMG objects to this Interrogatory as overly broad in its use of the term "YOUR."  RMG

25   further objects to this Interrogatory as premature as RMG has only begun to conduct its

26   investigation and discovery and thus, the information sought in this Interrogatory is not yet

27   known to or readily obtainable by RMG.  RMG further objects to this Interrogatory to the extent

28   it seeks information not relevant to the claims of Plaintiffs. Subject to and without waiving the

-17-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662175.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1    foregoing objections or the Preliminary Statement and the General Objections, which are

2    incorporated herein by reference, RMG directs Plaintiffs to RMG's Third Party Complaint.

3    **INTERROGATORY NO. 14:**

4    　　　IDENTIFY and DESCRIBE all facts supporting YOUR statement in Paragraph 22 of the

5    THIRD-PARTY COMPLAINT that:

6    　　　Based upon information and belief, Dowd told Lenahan that the unauthorized text
     messages had been sent by Lenahan and that Lenahan was in breach of the
7    Agreement because he had sent messages on RMG's behalf that were not in
     compliance with the terms of the Agreement between RMG and Lenahan. Dowd
8    also demanded that Lenahan cease sending unlawful text messages on RMG's
     behalf

9

10   **RESPONSE TO INTERROGATORY NO. 14:**

11   　　　RMG objects to this Interrogatory as overly broad in its use of the term "YOUR." RMG

12   further objects to this Interrogatory as premature as RMG has only begun to conduct its

13   investigation and discovery and thus, the information sought in this Interrogatory is not yet

14   known to or readily obtainable by RMG. RMG further objects to this Interrogatory to the extent

15   it seeks information not relevant to the claims of Plaintiffs. Subject to and without waiving the

16   foregoing objections or the Preliminary Statement and the General Objections, which are

17   incorporated herein by reference, RMG directs Plaintiffs to RMG's Third Party Complaint.

18   **INTERROGATORY NO. 15:**

19   　　　IDENTIFY and DESCRIBE all facts supporting YOUR statement in Paragraph 24 of the

20   THIRD-PARTY COMPLAINT that:

21   　　　It came to RMG's attention that EWA was sending text messages, purportedly
     pursuant to the Agreement entered into by and between RMG and EWA, which,
22   upon information and belief, were developed by Lenahan, and which were in
     violation of the terms and conditions of the Agreement between RMG and EWA.
23

24   **RESPONSE TO INTERROGATORY NO. 15:**

25   　　　RMG objects to this Interrogatory as overly broad in its use of the term "YOUR." RMG

26   further objects to this Interrogatory as premature as RMG has only begun to conduct its

27   investigation and discovery and thus, the information sought in this Interrogatory is not yet

28   known to or readily obtainable by RMG. RMG further objects to this Interrogatory to the extent

-18-

DLA Piper LLP (US)
San Francisco

WEST\240662175.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1  it seeks information not relevant to the claims of Plaintiffs. Subject to and without waiving the

2  foregoing objections or the Preliminary Statement and the General Objections, which are

3  incorporated herein by reference, RMG directs Plaintiffs to RMG's Third Party Complaint.

4  **INTERROGATORY NO. 16:**

5      IDENTIFY and DESCRIBE all facts supporting YOUR statement in Paragraph 25 of the

6  THIRD-PARTY COMPLAINT that:

7      Upon information and belief, EWA learned that Danna was also sending text
   messages, purportedly on behalf of RMG, not incompliance [sic] with the terms of
8      the Agreement entered into with RMG.

9  **RESPONSE TO INTERROGATORY NO. 16:**

10     RMG objects to this Interrogatory as overly broad in its use of the term "YOUR." RMG

11 further objects to this Interrogatory as premature as RMG has only begun to conduct its

12 investigation and discovery and thus, the information sought in this Interrogatory is not yet

13 known to or readily obtainable by RMG. RMG further objects to this Interrogatory to the extent

14 it seeks information not relevant to the claims of Plaintiffs. Subject to and without waiving the

15 foregoing objections or the Preliminary Statement and the General Objections, which are

16 incorporated herein by reference, RMG directs Plaintiffs to RMG's Third Party Complaint.

17 **INTERROGATORY NO. 17:**

18     State the total amount of money YOU retained as a result of the TEXT MESSAGES

19 DESCRIBED in Paragraphs 22, 24, and 25 of the THIRD-PARTY COMPLAINT.

20 **RESPONSE TO INTERROGATORY NO. 17:**

21     RMG objects to this Interrogatory as overly broad. RMG further objects to this

22 Interrogatory as seeking information that is neither relevant to the parties' claims or defenses nor

23 reasonably calculated to lead to the discovery of admissible evidence. RMG also objects to this

24 Interrogatory as overly broad in its use of the terms "YOU" and "TEXT MESSAGES" as defined

25 in these Interrogatories, and as vague and ambiguous in its use of the undefined term "retained."

26 Additionally, RMG objects to this Interrogatory as premised on a factual circumstance without

27 any foundation. Subject to and without waiving the foregoing objections or the Preliminary

28 Statement and the General Objections, which are incorporated herein by reference, RMG in

-19-

1    unable to respond to this Interrogatory as phrased.

2    **INTERROGATORY NO. 18:**

3        DESCRIBE the policies and procedures YOU have in place to ensure that YOU and third

4    party PERSONS acting on YOUR behalf are aware of and comply with the TCPA.

5    **RESPONSE TO INTERROGATORY NO. 18:**

6        RMG objects to this Interrogatory as compound, overly broad, and unduly burdensome.

7    RMG further objects to this Interrogatory as seeking information that is neither relevant to the

8    parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible

9    evidence.  RMG also objects to this Interrogatory as overly broad in its use of the terms "YOU",

10   "YOUR", and "TCPA" as defined in these Interrogatories, and as vague and ambiguous in its use

11   of the undefined phrase "have in place." Additionally, RMG objects to this Interrogatory as

12   premised on a factual circumstance without any foundation. Subject to and without waiving the

13   foregoing objections or the Preliminary Statement and the General Objections, which are

14   incorporated herein by reference, RMG responds as follows: RMG's compliance, advertising

15   standards and marketing campaigns are designed to adhere to the policies, industry standards and

16   best practices of the industry.

17   **INTERROGATORY NO. 19:**

18       IDENTIFY all consumer complaints, government investigations, and lawsuits made or

19   filed against YOU RELATED TO unsolicited SMS MESSAGES, INCLUDING the complaints

20   mentioned in Paragraph 21 of the THIRD-PARTY COMPLAINT.

21   **RESPONSE TO INTERROGATORY NO. 19:**

22       RMG objects to this Interrogatory as compound, overly broad, and unduly burdensome.

23   RMG further objects to this Interrogatory as overly broad in its use of the term "YOU."  RMG

24   further objects to this Interrogatory as premature as RMG has only begun to conduct its

25   investigation and discovery and thus, the information sought in this Interrogatory is not yet

26   readily obtainable by RMG.  RMG also objects to this Interrogatory as not limited as to time

27   period.  Subject to and without waiving the foregoing objections or the Preliminary Statement and

28   the General Objections, which are incorporated herein by reference, RMG responds as follows:

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662175.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1  RMG offers to meet and confer with Plaintiff regarding the time and scope of this Interrogatory

2  as to consumer complaints. RMG is not aware of any government investigations or lawsuits

3  made or filed against it related to unsolicited SMS text messages, except for the Class Action

4  Complaint in this matter.

5  **INTERROGATORY NO. 20:**

6       DESCRIBE all information EWA provides to YOU through the normal course of YOUR

7  business relationship RELATED TO PERSONS it directs to CashAdvanceDiamond.com,

8  MobileCashSource.com, and/or any other websites owned and/or operated by YOU.

9  **RESPONSE TO INTERROGATORY NO. 20:**

10      RMG objects to this Interrogatory as compound, overly broad, and unduly burdensome.

11  RMG further objects to this Interrogatory as seeking information that is neither relevant to the

12  parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible

13  evidence, to the extent that it calls for information regarding websites not identified in the Class

14  Action Complaint in this matter. RMG also objects to this Interrogatory as overly broad in its use

15  of the terms "YOU" and "YOUR" as defined in these Interrogatories, and as vague and

16  ambiguous in its use of the undefined phrases "it directs to." Subject to and without waiving the

17  foregoing objections or the Preliminary Statement and the General Objections, which are

18  incorporated herein by reference, RMG offers to meet and confer with Plaintiff regarding the

19  timing and scope of this Interrogatory.

20  **INTERROGATORY NO. 21:**

21      IDENTIFY and DESCRIBE the methods by which you track, monitor, or maintain

22  records of any PERSONS directed by EWA, Ryan Lenahan, and/or Kyle Danna to any website

23  owned and/or operated by YOU, INCLUDING the make and model of any COMPUTER or

24  COMPUTER SYSTEM used for that purpose and the data that YOU retain about each such

25  PERSON.

26  **RESPONSE TO INTERROGATORY NO. 21:**

27      RMG objects to this Interrogatory as compound, overly broad, and unduly burdensome.

28  RMG further objects to this Interrogatory as seeking information that is neither relevant to the

DLA Piper LLP (US)
San Francisco

WEST\240662175.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

1    parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible

2    evidence, to the extent that it calls for information regarding websites not identified in the Class

3    Action Complaint in this matter.  RMG also objects to this Interrogatory as overly broad in its use

4    of the terms "YOU", "COMPUTER", AND "COMPUTER SYSTEM" as defined in these

5    Interrogatories.  Subject to and without waiving the foregoing objections or the Preliminary

6    Statement and the General Objections, which are incorporated herein by reference, RMG

7    responds as follows: RMG offers to meet and confer with Plaintiff regarding the time and scope

8    of this Interrogatory.

9

10   Dated:  March 11, 2013

11                                                        DLA PIPER LLP (US)

12                                                        By:

13                                                           ERIN JANE ILLMAN
                                                           VISHALI SINGAL
14                                                         Attorneys for Defendant
                                                           REACH MEDIA GROUP, LLC

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662175.1

-22-
DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

## VERIFICATION

I, Randy Mitchelson, declare as follows:

I am the Chief Marketing Officer of Reach Media Group, LLC and I am authorized to make this verification on behalf of Reach Media Group, LLC.

I have read the foregoing document, Defendant Reach Media Group, LLC's Objections and Responses to Plaintiff David Trindade's First Set of Interrogatories, and know the contents thereof. I either have personal knowledge that the matters stated therein are true, or I am informed and believe that such matters are true, and on those grounds certify that the same are true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 11, 2012, in Atlanta, Georgia.

Randy Mitchelson

-1-
DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF INTERROGATORIES
CASE NO. 12-CV-04759-PSG

**PROOF OF SERVICE**

I, Keith R. Nesbit, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is DLA Piper LLP (US), 555 Mission Street, Suite 2400, San Francisco, California 94105-2933. On March 11, 2013, I served a copy of the within document(s):

> **DEFENDANT REACH MEDIA GROUP, LLC'S**
> **OBJECTIONS AND RESPONSES TO PLAINTIFF DAVID**
> **TRINDADE'S FIRST SET OF INTERROGATORIES**

☒    by placing the document(s) listed above in a sealed Delivery Service envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Delivery Service agent for delivery.

| | | |
|---|---|---|
| Benjamin H. Richman<br>Rafey S. Balabanian<br>Christopher L. Dore<br>Edelson McGuire LLC<br>350 North LaSalle Street,<br>Suite 1300<br>Chicago, IL 60654<br>312 589-6370<br>Fax: 312 589-6378<br>brichman@edelson.com<br>rbalabanian@edelson.com<br>cdore@edelson.com | Sean Patrick Reis<br>Edelson McGuire, LLP<br>30021 Tomas Street, Suite 300<br>Rancho Santa Margarita, CA 92688<br>949-459-2124<br>Fax: 949-459-2123<br>sreis@edelson.com | Karl S. Kronenberger<br>Jeffrey M. Rosenfeld<br>Virginia A. Sanderson<br>150 Post Street<br>Suite 520<br>San Francisco, CA 94108<br>karl@krinternetlaw.com<br>jeff@krinternetlaw.com<br>ginny@krinternetlaw.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 11, 2013, at San Francisco, California.

_Keith Nesbit_

Keith R. Nesbit

# Exhibit 1-B

1   JOSHUA M. BRIONES (Bar No. 205293)
    joshua.briones@dlapiper.com
2   DLA PIPER LLP (US)
    2000 Avenue of the Stars, Suite 400 North Tower
3   Los Angeles, California 90067-4704
    Tel: 310-595-3000
4   Fax: 310-595-3300

5   ALBERT E. HARTMANN (*pro hac vice* pending)         ERIN J. ILLMAN (Bar No. 238262)
    albert.hartmann@dlapiper.com                        erin.illman@dlapiper.com
6   DLA PIPER LLP (US)                                  VISHALI SINGAL (Bar No. 267481)
    203 North LaSalle Street, Ste 1900                  vishali.singal@dlapiper.com
7   Chicago, IL 60601-1293                              DLA PIPER LLP (US)
    Tel: 312-368-4000                                   555 Mission Street, Suite 2400
8   Fax: 312-236-7516                                   San Francisco, CA  94105-2933
                                                        Tel:  415.836.2500
9   Attorneys for Defendant and Third-Party Plaintiff   Fax:  415.836.2501
    REACH MEDIA GROUP, LLC

10

11                        UNITED STATES DISTRICT COURT

12                     NORTHERN DISTRICT OF CALIFORNIA

13                              SAN JOSE DIVISION

14

15  DAVID TRINDADE, individually and on          CASE NO  5:12-CV-04759 (PSG)
    behalf of all others similarly situated,
16                                               (Complaint Filed: September 12, 2012)
                    Plaintiff,
17                                               **DEFENDANT REACH MEDIA GROUP,**
            v.                                   **LLC'S OBJECTIONS AND RESPONSES**
18                                               **TO PLAINTIFF DAVID TRINDADE'S**
    REACH MEDIA GROUP, LLC, a                    **FIRST SET OF REQUESTS FOR THE**
19  Delaware limited liability company,          **PRODUCTION OF DOCUMENTS**

20                  Defendant.

21  REACH MEDIA GROUP, LLC, a
    Delaware limited liability company,
22
                    Third-Party Plaintiff,
23
            v.
24
    RYAN LENAHAN, individually, KYLE
25  DANNA, individually, and EAGLE WEB
    ASSETS INC., a corporation,
26
                    Third-Party Defendants.
27

28

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  PROPOUNDING PARTY:          PLAINTIFF DAVID TRINDADE

2  RESPONDING PARTY:           DEFENDANT REACH MEDIA GROUP, LLC

3  SET NO.:                    ONE

4      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Reach

5  Media Group, LLC ("RMG") hereby provides the following objections and responses to the First

6  Set of Requests for the Production of Documents (the "Requests") propounded by Plaintiff David

7  Trindade ("Plaintiff").

8                    **PRELIMINARY STATEMENT**

9      RMG has not yet completed its discovery or investigation in this case nor has RMG

10 completed preparation for trial.  The objections and responses of RMG herein are based on the

11 information available as of the date of these objections and responses.  Further discovery,

12 investigation, and analysis may supply additional facts and add meaning to known facts, as well

13 as establish entirely new factual conclusions and legal contentions, all of which may lead to

14 changes to, additions to, or variations from the information set forth herein.  RMG reserves the

15 right to amend or supplement, correct, add to, or clarify any of these responses and objections

16 accordingly, or in the case of inadvertent error or omission, at any time through trial.

17 Notwithstanding the foregoing, RMG undertakes no obligation to amend its responses beyond the

18 requirements of the Federal Rules of Civil Procedure.

19                     **GENERAL OBJECTIONS**

20     A.    RMG objects to the Requests to the extent that they call for the production of

21 confidential, proprietary, and/or trade secret information.  RMG will not produce confidential

22 information except pursuant to a protective order entered in this case, and it will not produce trade

23 secret information unless ordered to do so by a court.

24     B.    RMG objects to the Requests to the extent that they seek disclosure of the content

25 of communications between RMG and its legal counsel, on the ground that such information is

26 protected by the attorney-client privilege.

27     C.    RMG objects to the Requests to the extent that they seek information prepared in

28 anticipation of litigation in this case, or information prepared by RMG's legal counsel and/or

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

-1-

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    legal consultants, on the ground that such information is protected under the work-product

2    doctrine.

3        D.    RMG objects to the Requests to the extent that they seek information that is

4    subject to any legally recognized privilege or exemption from disclosure or discovery.

5        E.    RMG objects to the Requests to the extent that they call for the production of

6    documents or information relating to documents or information created, gathered, or assembled

7    by RMG or its attorneys after the filing of this lawsuit.

8        F.    RMG objects to the Requests to the extent that they purport to impose obligations

9    beyond those provided for by the Federal Rules of Civil Procedure.

10        G.    RMG objects to the Requests to the extent that they seek information that is not

11    relevant to the subject matter of this action and not reasonably calculated to lead to the discovery

12    of admissible evidence.

13        H.    RMG objects to the Requests to the extent that they seek information that is not in

14    RMG's possession, custody or control, and/or purport to require RMG to conduct an investigation

15    that Plaintiff is equally capable of conducting without imposing the burden or expense of such

16    discovery on RMG.

17        I.    RMG objects to Plaintiff's definitions of "COMPUTER" and "COMPUTER

18    EQUIPMENT" as overly broad and unduly burdensome as it seeks to include all data processing

19    equipment without regard to whether the storage device, computing platform, server or other

20    equipment bears any relationship to the storage of responsive information in this matter.

21        J.    RMG objects to Plaintiff's definition of "COMPUTER SYSTEM" as overly broad

22    and unduly burdensome as it seeks to include all network infrastructure, data processing

23    equipment and computer support systems without regard to whether the storage device, network,

24    computing platform, server or other equipment bears any relationship to the storage of responsive

25    information in this matter. Further, this definition is overly broad and unduly burdensome in that

26    it requires the responding party to search computer systems of "YOUR subsidiaries, predecessors,

27    successors, assigns, joint ventures, partners, parents, agents, or affiliates (in this country or

28    throughout the world)".

DLA PIPER LLP (US)
SAN FRANCISCO

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
WEST\240662709.1    PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    K.    RMG objects to the term "ESI METADATA" as undefined, vague and ambiguous

2    as it does not define the categories of metadata requested.  Further, RMG objects to this term to

3    the extent it calls for information protected by the attorney-client privilege and attorney work

4    product doctrine.

5    L.    RMG objects to Plaintiff's definitions of "PROPOSED CLASS" and

6    "PROPOSED CLASS MEMBERS" as vague, ambiguous and unascertainable.  Accordingly,

7    RMG is unable to respond to these Requests to the extent they seek information about the

8    "PROPOSED CLASS" or "PROPOSED CLASS MEMBERS", as defined by these Requests.

9    M.    RMG objects to Plaintiff's definition of "RELEVANT TIME PERIOD",

10    specifically "the time period between September 12, 2008 and the present" as overly broad and

11    unduly burdensome, and not limited in time or scope to reasonably relate to the material

12    allegations in this lawsuit or reasonably calculated to lead to the discovery of admissible

13    evidence.  Accordingly, RMG will respond to these Requests only to the extent that they include

14    the four years preceding the filing of this lawsuit, specifically from September 12, 2008 to

15    September 12, 2012.

16    N.    RMG objects to Plaintiff's definition of "TCPA" as overly broad and vague. RMG

17    further objects to Plaintiff's definition of "TCPA" to the extent it improperly seeks a legal

18    conclusion. Accordingly, RMG will respond to these Interrogatories only to the extent that the

19    term "TCPA" (Telephone Consumer Protection Act) refers to 47 U.S.C. § 227 and does not call

20    for a legal conclusion.

21    O.    RMG objects to Plaintiff's definitions of "TEXT MESSAGE" and "TEXT

22    MESSAGES" as overly broad and unduly burdensome, and not limited in time or scope to

23    reasonably relate to the material allegations in this lawsuit or reasonably calculated to lead to the

24    discovery of admissible evidence.  Accordingly, RMG will respond to these Requests only to the

25    extent that the terms "TEXT MESSAGE" and "TEXT MESSAGES" are interpreted to mean the

26    SMS text message identified in Paragraphs 17 and the SMS text message content identified in

27    Paragraph 20 of the Class Action Complaint.

28    P.    RMG objects to Plaintiff's definitions of "TRANSMIT", "TRANSMITTED," and

DLA PIPER LLP (US)
SAN FRANCISCO

-3-

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  "TRANSMISSION" as overly broad and unduly burdensome, and not limited in time or scope to

2  reasonably relate to the material allegations in this lawsuit or reasonably calculated to lead to the

3  discovery of admissible evidence.  Accordingly, RMG will respond to these Requests only to the

4  extent that the terms "TRANSMIT," "TRANSMITTED," and "TRANSMISSION" are

5  interpreted to mean "mak[ing] any call" "using any automatic telephone dialing system or an

6  artificial or prerecorded voice" as used in 47 U.S.C. § 227(b)(1)(A).

7      Q.      RMG objects to Plaintiff's definitions of "YOU", "YOUR", "DEFENDANT" and

8  "REACH MEDIA" as overly broad and unduly burdensome, and not limited in time or scope to

9  reasonably relate to the material allegations in this lawsuit or reasonably calculated to lead to the

10  discovery of admissible evidence.  Accordingly, RMG will respond to these Requests only to the

11  extent that the terms "YOU", "YOUR", "DEFENDANT" and "REACH MEDIA" are interpreted

12  to mean Reach Media Group, LLC, and all its present and former officers, directors, and

13  employees.

14      R.      RMG objects to these Requests as unduly burdensome to the extent they require

15  RMG to prepare a compilation, abstract, audit or summary from documents already in Plaintiff's

16  possession or documents produced to Plaintiff.

17      S.      RMG responds to these Requests without waiving any objections to relevance,

18  privilege, or admissibility of any information provided by RMG in any subsequent proceeding, or

19  at the trial of this or any other action.

20      T.      By its responses, RMG does not indicate its agreement with Plaintiff's

21  characterizations or express or implied assumptions, and does not make any admission that it

22  participated in any conduct alleged by Plaintiffs or otherwise violated the TCPA, or that

23  Plaintiff's interpretations of the TCPA are true and complete.

24      U.

25      V.      In responding to a Request by referring to documents from which information

26  responsive to the Request may be derived, RMG is not stating or implying that only those

27  documents identified contain such information, but only that a full and complete answer to the

28  Request can be derived, at least in part, from the referenced documents.  Further, documents

DLA Piper LLP (US)
San Francisco

WEST\240662709.1

-4-

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1   identified in response to one Request may also have information responsive to another Request

2   whether or not identified in response to that other Request.

3       W.      Each of the General Objections asserted herein applies to each Request to the

4   extent such Request purports to seek information in a manner that is the subject of such

5   objections. The assertion of the same, similar or additional objections in RMG's responses to

6   individual Requests, or the failure to assert any additional objection to a Request, does not waive

7   any of RMG's objections set forth in this section or the following sections.

8   **REQUESTS FOR PRODUCTION OF DOCUMENTS AND RESPONSES**

9   **REQUEST FOR PRODUCTION NO. 1:**

10      All DOCUMENTS and ESI YOU referenced or relied upon in drafting YOUR Answer

11  and Affirmative Defenses to the COMPLAINT, as well as YOUR THIRD-PARTY

12  COMPLAINT.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

14      RMG objects to this Request as compound, and as overly broad in its use of the terms

15  "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request to the

16  extent it seeks documents in Plaintiff's possession, custody or control. RMG also objects to this

17  Request to the extent it calls for attorney-client privileged information, attorney work product, or

18  confidential, proprietary, and/or trade secret information. Additionally, RMG objects to this

19  Request as premature, as RMG has only begun to conduct its investigation and discovery and

20  thus, the information sought in this Request is not yet known or readily obtainable by RMG.

21  Subject to and without waiving the foregoing objections or the Preliminary Statement and the

22  General Objections, which are incorporated herein by reference, RMG responds as follows:

23      RMG informally produced the relevant, non-privileged and non-protected documents in

24  its possession, custody and control responsive to this Request on February 4, 2013, when counsel

25  for RMG emailed Plaintiff's counsel a zip drive containing RMG's Opposition to Third-Party

26  Defendant Ryan Lenahan's Motion to Strike Claims Under Cal. Civ. Proc. Code § 425.16 ("Anti-

27  SLAPP Motion"), Declaration of Roger Dowd In Support Of Opposition to the Anti-SLAPP

28  Motion ("Dowd Declaration"), and Exhibits A through S, in support of the Dowd Declaration.

-5-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1   Relevant, non-privileged and non-protected documents responsive to this Request are contained

2   within this compilation of exhibits. RMG will also formally produce these relevant, non-

3   privileged, non-protected and responsive exhibits to Plaintiff.

4   **REQUEST FOR PRODUCTION NO. 2:**

5       All DOCUMENTS and ESI YOU referenced or relied upon in drafting YOUR answers to

6   Plaintiff's First Set of Interrogatories to Reach Media Group, LLC, and Plaintiff's First Set of

7   Requests to Admit Facts to Reach Media Group, LLC.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

9       RMG objects to this Request as compound, and as overly broad in its use of the terms

10  "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request to the

11  extent it seeks documents in Plaintiff's possession, custody or control. RMG also objects to this

12  Request to the extent it calls for attorney-client privileged information, attorney work product, or

13  confidential, proprietary, and/or trade secret information. RMG further objects to this Request on

14  the grounds that the category of documents it seeks is improper and not reasonably particularized.

15  Additionally, RMG objects to this Request as premature, as RMG has only begun to conduct its

16  investigation and discovery and thus, the information sought in this Request is not yet known or

17  readily obtainable by RMG. Subject to and without waiving the foregoing objections or the

18  Preliminary Statement and the General Objections, which are incorporated herein by reference,

19  RMG responds as follows:

20      RMG informally produced the relevant, non-privileged and non-protected documents in

21  its possession, custody and control responsive to this Request on February 4, 2013, when counsel

22  for RMG emailed Plaintiff's counsel a zip drive containing RMG's Opposition to the Anti-

23  SLAPP Motion, the Dowd Declaration, and Exhibits A through S, in support of the Dowd

24  Declaration. Relevant, non-privileged and non-protected documents responsive to this Request

25  are contained within this compilation of exhibits. RMG will also formally produce these relevant,

26  non-privileged, non-protected and responsive exhibits to Plaintiff.

27  **REQUEST FOR PRODUCTION NO. 3:**

28      All DOCUMENTS and ESI RELATING TO the TRANSMISSION of the TEXT

-6-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1
DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  MESSAGES to PLAINTIFF and the PROPOSED CLASS MEMBERS.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

3      RMG objects to this Request as compound, overly broad, and unduly burdensome.  RMG

4  further objects to this Request as seeking information that is neither relevant to the parties' claims

5  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

6  extent that it calls for information regarding SMS text messages or text message content not

7  identified in the Class Action Complaint in this matter.  RMG also objects to this Request as

8  overly broad in its use of the terms "TRANSMISSION" and "TEXT MESSAGES" as defined in

9  these Requests, and as not readily susceptible to response to the extent it references "PROPOSED

10  CLASS MEMBERS" as RMG is unable to identify the "PROPOSED CLASS MEMBERS" as

11  defined in these Requests.  RMG further objects to this Request to the extent it seeks information

12  and documents that are not in the possession, custody or control of this responding party.

13  Additionally, RMG objects to this Request to the extent it seeks documents in Plaintiff's

14  possession, custody or control.  Subject to and without waiving the foregoing objections or the

15  Preliminary Statement and the General Objections, which are incorporated herein by reference,

16  RMG responds as follows:

17      RMG will produce non-privileged, non-protected, responsive documents to the extent that

18  these documents exist and are in the possession, custody and control of responding party.

19  **REQUEST FOR PRODUCTION NO. 4:**

20      All COMMUNICATIONS RELATING TO the TRANSMISSION of the TEXT

21  MESSAGES to PLAINTIFF and the PROPOSED CLASS MEMBERS.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

23      RMG objects to this Request as compound, overly broad, and unduly burdensome.  RMG

24  further objects to this Request as seeking information that is neither relevant to the parties' claims

25  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

26  extent that it calls for information regarding SMS text messages or text message content not

27  identified in the Class Action Complaint in this matter.  RMG also objects to this Request as

28  overly broad in its use of the terms "TRANSMISSION" and "TEXT MESSAGES" as defined in

DLA PIPER LLP (US)
SAN FRANCISCO

-7-
DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
WEST\240662709.1    PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  these Requests, and as not readily susceptible to response to the extent it references "PROPOSED

2  CLASS MEMBERS" as RMG is unable to identify the "PROPOSED CLASS MEMBERS" as

3  defined in these Requests. RMG further objects to this Request to the extent it seeks information

4  and documents that are not in the possession, custody or control of this responding party.

5  Additionally, RMG objects to this Request to the extent it seeks documents in Plaintiff's

6  possession, custody or control. Subject to and without waiving the foregoing objections or the

7  Preliminary Statement and the General Objections, which are incorporated herein by reference,

8  RMG responds as follows:

9       RMG will produce non-privileged, non-protected, responsive documents to the extent that

10  these documents exist and are in the possession, custody and control of responding party.

11  **REQUEST FOR PRODUCTION NO. 5:**

12       All DOCUMENTS and ESI RELATING TO YOU obtaining prior express consent from

13  PLAINTIFF and the PROPOSED CLASS MEMBERS to TRANSMIT the TEXT MESSAGES to

14  them.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

16       RMG objects to this Request as compound, overly broad, and unduly burdensome. RMG

17  further objects to this Request as seeking information that is neither relevant to the parties' claims

18  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

19  extent that it calls for information regarding SMS text messages or text message content not

20  identified in the Class Action Complaint in this matter. RMG also objects to this Request as

21  overly broad in its use of the terms "YOU", "TRANSMIT", and "TEXT MESSAGES" as defined

22  in these Requests, and as not readily susceptible to response to the extent it references

23  "PROPOSED CLASS MEMBERS" as RMG is unable to identify the "PROPOSED CLASS

24  MEMBERS" as defined in these Requests. RMG further objects to this Request to the extent it

25  seeks information and documents that are not in the possession, custody or control of this

26  responding party. Additionally, RMG objects to this Request as premised on a factual

27  circumstance without any foundation, and to the extent it seeks documents in Plaintiff's

28  possession, custody or control. Subject to and without waiving the foregoing objections or the

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

-8-

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  Preliminary Statement and the General Objections, which are incorporated herein by reference,

2  RMG responds as follows:

3      RMG will produce non-privileged, non-protected, responsive documents to the extent that

4  these documents exist and are in the possession, custody and control of responding party.

5  **REQUEST FOR PRODUCTION NO. 6:**

6      All COMMUNICATIONS RELATING TO YOU obtaining prior express consent from

7  PLAINTIFF and the PROPOSED CLASS MEMBERS to TRANSMIT the TEXT MESSAGES to

8  them.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

10     RMG objects to this Request as compound, overly broad, and unduly burdensome.  RMG

11  further objects to this Request as seeking information that is neither relevant to the parties' claims

12  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

13  extent that it calls for information regarding SMS text messages or text message content not

14  identified in the Class Action Complaint in this matter.  RMG also objects to this Request as

15  overly broad in its use of the terms "YOU", "TRANSMIT", and "TEXT MESSAGES" as defined

16  in these Requests, and as not readily susceptible to response to the extent it references

17  "PROPOSED CLASS MEMBERS" as RMG is unable to identify the "PROPOSED CLASS

18  MEMBERS" as defined in these Requests. .  RMG further objects to this Request to the extent it

19  seeks information and documents that are not in the possession, custody or control of this

20  responding party.  Additionally, RMG objects to this Request as premised on a factual

21  circumstance without any foundation, and to the extent it seeks documents in Plaintiff's

22  possession, custody or control.  Subject to and without waiving the foregoing objections or the

23  Preliminary Statement and the General Objections, which are incorporated herein by reference,

24  RMG responds as follows:

25     RMG will produce non-privileged, non-protected, responsive documents to the extent that

26  these documents exist and are in the possession, custody and control of responding party.

27  **REQUEST FOR PRODUCTION NO. 7:**

28     All DOCUMENTS and ESI sufficient to IDENTIFY the total number of TEXT

1  MESSAGES TRANSMITTED to PLAINTIFF and the PROPOSED CLASS MEMBERS.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

3       RMG objects to this Request as compound, overly broad, and unduly burdensome.  RMG

4  further objects to this Request as seeking information that is neither relevant to the parties' claims

5  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

6  extent that it calls for information regarding SMS text messages or text message content not

7  identified in the Class Action Complaint in this matter.  RMG also objects to this Request as

8  overly broad in its use of the term "TEXT MESSAGES" as defined in these Requests, and as not

9  readily susceptible to response to the extent it references "PROPOSED CLASS MEMBERS" as

10  RMG is unable to identify the "PROPOSED CLASS MEMBERS" as defined in these Requests.  .

11  . RMG further objects to this Request to the extent it seeks information and documents that are

12  not in the possession, custody or control of this responding party.  Additionally, RMG objects to

13  this Request as premised on a factual circumstance without any foundation, and to the extent it

14  seeks documents in Plaintiff's possession, custody or control.  Subject to and without waiving the

15  foregoing objections or the Preliminary Statement and the General Objections, which are

16  incorporated herein by reference, RMG responds

17       RMG will produce non-privileged, non-protected, responsive documents to the extent that

18  these documents exist and are in the possession, custody and control of responding party.

19  **REQUEST FOR PRODUCTION NO. 8:**

20       All DOCUMENTS and ESI RELATING TO the process(es) by which the PERSON(S)

21  that TRANSMITTED the TEXT MESSAGES to PROPOSED CLASS MEMBERS obtained the

22  cellular telephone numbers of PLAINTIFF and the PROPOSED CLASS MEMBERS.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

24       RMG objects to this Request as compound, overly broad, and unduly burdensome.  RMG

25  further objects to this Request as seeking information that is neither relevant to the parties' claims

26  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

27  extent that it calls for information regarding SMS text messages or text message content not

28  identified in the Class Action Complaint in this matter.  RMG also objects to this Request as

-10-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    overly broad in its use of the terms "TRANSMITTED" and "TEXT MESSAGES" as defined in

2    these Requests, and as not readily susceptible to response to the extent it references "PROPOSED

3    CLASS MEMBERS" as RMG is unable to identify the "PROPOSED CLASS MEMBERS" as

4    defined in these Requests. . RMG further objects to this Request to the extent it seeks

5    information and documents that are not in the possession, custody or control of this responding

6    party. Additionally, RMG objects to this Request as premised on a factual circumstance without

7    any foundation, assumes facts not in evidence, and to the extent it seeks documents in Plaintiff's

8    possession, custody or control. Subject to and without waiving the foregoing objections or the

9    Preliminary Statement and the General Objections, which are incorporated herein by reference,

10    RMG responds as follows:

11         RMG will produce non-privileged, non-protected, responsive to the extent that these

12    documents exist and are in the possession, custody and control of responding party.

13    **REQUEST FOR PRODUCTION NO. 9:**

14         All COMMUNICATIONS RELATING TO the process(es) by which the PERSON(S)

15    that TRANSMITTED the TEXT MESSAGES to PROPOSED CLASS MEMBERS obtained the

16    cellular telephone numbers of PLAINTIFF and the PROPOSED CLASS MEMBERS.

17    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

18         RMG objects to this Request as compound, overly broad, and unduly burdensome. RMG

19    further objects to this Request as seeking information that is neither relevant to the parties' claims

20    or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

21    extent that it calls for information regarding SMS text messages or text message content not

22    identified in the Class Action Complaint in this matter. RMG also objects to this Request as

23    overly broad in its use of the terms "TRANSMITTED" and "TEXT MESSAGES" as defined in

24    these Requests, and as not readily susceptible to response to the extent it references "PROPOSED

25    CLASS MEMBERS" as RMG is unable to identify the "PROPOSED CLASS MEMBERS" as

26    defined in these Requests. RMG further objects to this Request to the extent it seeks information

27    and documents that are not in the possession, custody or control of this responding party.

28    Additionally, RMG objects to this Request as premised on a factual circumstance without any

1   foundation, assumes facts not in evidence, and to the extent it seeks documents in Plaintiff's

2   possession, custody or control.  Subject to and without waiving the foregoing objections or the

3   Preliminary Statement and the General Objections, which are incorporated herein by reference,

4   RMG responds as follows:

5     RMG will produce non-privileged, non-protected, responsive to the extent that these

6   documents exist and are in the possession, custody and control of responding party.

7   **REQUEST FOR PRODUCTION NO. 10:**

8     All DOCUMENTS and ESI RELATING TO the process(es) by which any PERSON

9   obtained the cellular telephone phone numbers of PLAINTIFF and the PROPOSED CLASS

10  MEMBERS for the purpose of TRANSMITTING the TEXT MESSAGES.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

12    RMG objects to this Request as compound, overly broad, and unduly burdensome.  RMG

13  further objects to this Request as seeking information that is neither relevant to the parties' claims

14  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

15  extent that it calls for information regarding SMS text messages or text message content not

16  identified in the Class Action Complaint in this matter.  RMG also objects to this Request as

17  overly broad in its use of the terms "TRANSMITTING" and "TEXT MESSAGES" as defined in

18  these Requests, and as not readily susceptible to response to the extent it references "PROPOSED

19  CLASS MEMBERS" as RMG is unable to identify the "PROPOSED CLASS MEMBERS" as

20  defined in these Requests.  Additionally, RMG objects to this Request to the extent it seeks

21  documents in Plaintiff's possession, custody or control.  Subject to and without waiving the

22  foregoing objections or the Preliminary Statement and the General Objections, which are

23  incorporated herein by reference, RMG responds as follows:

24    RMG will produce non-privileged, non-protected, responsive to the extent that these

25  documents exist and are in the possession, custody and control of responding party.

26  **REQUEST FOR PRODUCTION NO. 11:**

27    All COMMUNICATIONS RELATING TO the process(es) by which any PERSON

28  obtained the cellular telephone phone numbers of PLAINTIFF and the PROPOSED CLASS

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    MEMBERS for the purpose of TRANSMITTING the TEXT MESSAGES.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

3           RMG objects to this Request as compound, overly broad, and unduly burdensome.  RMG

4    further objects to this Request as seeking information that is neither relevant to the parties' claims

5    or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

6    extent that it calls for information regarding SMS text messages or text message content not

7    identified in the Class Action Complaint in this matter.  RMG also objects to this Request as

8    overly broad in its use of the terms "TRANSMITTING" and "TEXT MESSAGES" as defined in

9    these Requests, and as not readily susceptible to response to the extent it references "PROPOSED

10   CLASS MEMBERS" as RMG is unable to identify the "PROPOSED CLASS MEMBERS" as

11   defined in these Requests.  Additionally, RMG objects to this Request to the extent it seeks

12   documents in Plaintiff's possession, custody or control.  Subject to and without waiving the

13   foregoing objections or the Preliminary Statement and the General Objections, which are

14   incorporated herein by reference, RMG responds as follows:

15          RMG will produce non-privileged, non-protected, responsive documents to the extent that

16   these documents exist and are in the possession, custody and control of responding party.

17   **REQUEST FOR PRODUCTION NO. 12:**

18          All DOCUMENTS and ESI RELATING TO PLAINTIFF.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

20          RMG objects to this Request as overly broad and unduly burdensome.  RMG further

21   objects to this Request to the extent it calls for attorney-client privileged information or attorney

22   work product.  RMG also objects to this Request to the extent it seeks documents in Plaintiff's

23   possession, custody or control.  Subject to and without waiving the foregoing objections or the

24   Preliminary Statement and the General Objections, which are incorporated herein by reference,

25   RMG responds as follows:

26          RMG will produce non-privileged, non-protected, responsive documents to the extent that

27   these documents exist and are in the possession, custody and control of responding party.

28
DLA PIPER LLP (US)
SAN FRANCISCO
WEST\240662709.1
DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  **REQUEST FOR PRODUCTION NO. 13:**

2      All COMMUNICATIONS between YOU and PLAINTIFF.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

4      RMG objects to this Request as overly broad and unduly burdensome. RMG further

5  objects to this Request as overly broad in its use of the term "YOU" as defined in these Requests.

6  RMG also objects to this Request to the extent it seeks documents in Plaintiff's possession,

7  custody or control. Subject to and without waiving the foregoing objections or the Preliminary

8  Statement and the General Objections, which are incorporated herein by reference, RMG

9  responds as follows:

10      RMG will produce non-privileged, non-protected, responsive documents to the extent that

11  these documents exist and are in the possession, custody and control of responding party.

12  **REQUEST FOR PRODUCTION NO. 14:**

13      All DOCUMENTS and ESI exchanged by, or between, YOUR officers, directors, or

14  employees and any third-party PERSONS RELATING TO PLAINTIFF.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

16      RMG objects to this Request as compound, overly broad and unduly burdensome. RMG

17  further objects to this Request as overly broad in its use of the term "YOUR" as defined in these

18  Requests. RMG also objects to this Request to the extent it calls for attorney-client privileged

19  information or attorney work product. Additionally, RMG objects to this Request to the extent it

20  seeks documents in Plaintiff's possession, custody or control. Subject to and without waiving the

21  foregoing objections or the Preliminary Statement and the General Objections, which are

22  incorporated herein by reference, RMG responds as follows:

23      RMG will produce non-privileged, non-protected, responsive documents to the extent that

24  these documents exist and are in the possession, custody and control of responding party.

25  **REQUEST FOR PRODUCTION NO. 15:**

26      All COMMUNICATIONS by, or between, YOUR officers, directors, or employees and

27  any third-party PERSONS RELATING TO PLAINTIFF.

28

DLA PIPER LLP (US)
SAN FRANCISCO
DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
WEST\240662709.1  PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

RMG objects to this Request as compound, overly broad and unduly burdensome. RMG further objects to this Request as overly broad in its use of the term "YOUR" as defined in these Requests. RMG also objects to this Request to the extent it calls for attorney-client privileged information or attorney work product. Additionally, RMG objects to this Request to the extent it seeks documents in Plaintiff's possession, custody or control. Subject to and without waiving the foregoing objections or the Preliminary Statement and the General Objections, which are incorporated herein by reference, RMG responds as follows:

RMG will produce non-privileged, non-protected, responsive documents to the extent that these documents exist and are in the possession, custody and control of responding party.

**REQUEST FOR PRODUCTION NO. 16:**

All COMMUNICATIONS by, or between, YOUR officers, directors, or employees and EWA RELATING TO the TEXT MESSAGES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

RMG objects to this Request as compound, overly broad and unduly burdensome. RMG further objects to this Request as seeking information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for information regarding SMS text messages or text message content not identified in the Class Action Complaint in this matter. RMG also objects to this Request as overly broad in its use of the terms "YOUR" and "TEXT MESSAGES" as defined in these Requests. RMG further objects to the extent this request calls for documents or communications protected by the attorney client privilege or work product doctrine. Subject to and without waiving the foregoing objections or the Preliminary Statement and the General Objections, which are incorporated herein by reference, RMG offers to meet and confer with Plaintiff regarding the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All COMMUNICATIONS by, or between, YOUR officers, directors, or employees and EWA RELATING TO the "Cash Advance Diamond".

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

2       RMG objects to this Request as compound, overly broad and unduly burdensome.  RMG

3  further objects to this Request as seeking information that is neither relevant to the parties' claims

4  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

5  extent that it calls for information regarding SMS text messages or text message content not

6  identified in the Class Action Complaint in this matter.  RMG also objects to this Request as

7  overly broad in its use of the term "YOUR" as defined in these Requests, not limited by time

8  period, and as vague and ambiguous in its use of the undefined phrase "Cash Advance Diamond."

9  RMG further objects to the extent this request calls for documents or communications protected

10  by the attorney client privilege or work product doctrine. For purposes of responding to this

11  Request, RMG interprets the undefined phrase "Cash Advance Diamond" used in this Request as

12  referring to the Cash Advance Diamond – WEB/WAP campaign cited in the Third-Party

13  Complaint (Dkt. 22, ¶ 16) in this matter.  Subject to and without waiving the foregoing objections

14  or the Preliminary Statement and the General Objections, which are incorporated herein by

15  reference, RMG offers to meet and confer with Plaintiff regarding the timing and scope of this

16  Request.

17  **REQUEST FOR PRODUCTION NO. 18:**

18       All COMMUNICATIONS by, or between, YOUR officers, directors, or employees and

19  EWA RELATING TO the "Quick Cash Money Loan".

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

21       RMG objects to this Request as compound, overly broad and unduly burdensome.  RMG

22  further objects to this Request as seeking information that is neither relevant to the parties' claims

23  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

24  extent that it calls for information regarding SMS text messages or text message content not

25  identified in the Class Action Complaint in this matter.  RMG further objects to the extent this

26  request calls for documents or communications protected by the attorney client privilege or work

27  product doctrine. RMG also objects to this Request as overly broad in its use of the term

28  "YOUR" as defined in these Requests, not limited by time period, and as vague and ambiguous in

DLA PIPER LLP (US)
SAN FRANCISCO

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
WEST\240662709.1    PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  its use of the undefined phrase "Quick Cash Money Loan." For purposes of responding to this

2  Request, RMG interprets the undefined phrase "Quick Cash Money Loan" used in this Request as

3  referring to the Quick Cash Money Loan – WEB/WAP campaign cited in the Third-Party

4  Complaint (Dkt. 22, ¶ 16) in this matter. Subject to and without waiving the foregoing objections

5  or the Preliminary Statement and the General Objections, which are incorporated herein by

6  reference, RMG offers to meet and confer with Plaintiff regarding the timing and scope of this

7  Request.

8  **REQUEST FOR PRODUCTION NO. 19:**

9      All COMMUNICATIONS by, or between, YOUR officers, directors, or employees and

10  EWA RELATING TO the "Mobile Cash Source".

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

12      RMG objects to this Request as compound, overly broad and unduly burdensome. RMG

13  further objects to this Request as seeking information that is neither relevant to the parties' claims

14  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

15  extent that it calls for information regarding SMS text messages or text message content not

16  identified in the Class Action Complaint in this matter. RMG also objects to this Request as

17  overly broad in its use of the term "YOUR" as defined in these Requests, not limited by time

18  period, and as vague and ambiguous in its use of the undefined phrase "Mobile Cash Source."

19  For purposes of responding to this Request, RMG interprets the undefined phrase "Mobile Cash

20  Source" used in this Request as referring to the Mobile Cash Source advertising campaign cited in

21  the Third-Party Complaint (Dkt. 22, ¶ 17) in this matter. Subject to and without waiving the

22  foregoing objections or the Preliminary Statement and the General Objections, which are

23  incorporated herein by reference, RMG responds as follows:

24      RMG will produce non-privileged, non-protected, responsive documents to the extent that

25  these documents exist and are in the possession, custody and control of responding party.

26  **REQUEST FOR PRODUCTION NO. 20:**

27      All COMMUNICATIONS by, or between, YOUR officers, directors, or employees and

28  Third-Party Defendant Ryan Lenahan RELATING TO the TEXT MESSAGES.

-17-

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
WEST\240662709.1   PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

2      RMG objects to this Request as compound, overly broad and unduly burdensome.  RMG

3  further objects to this Request as seeking information that is neither relevant to the parties' claims

4  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

5  extent that it calls for information regarding SMS text messages or text message content not

6  identified in the Class Action Complaint in this matter.  RMG also objects to this Request as

7  overly broad in its use of the terms "YOUR" and "TEXT MESSAGES" as defined in these

8  Requests.  Subject to and without waiving the foregoing objections or the Preliminary Statement

9  and the General Objections, which are incorporated herein by reference, RMG offers to meet and

10  confer with Plaintiff regarding the timing and scope of this Request.

11  **REQUEST FOR PRODUCTION NO. 21:**

12      All COMMUNICATIONS by, or between, YOUR officers, directors, or employees and

13  Third-Party Defendant Ryan Lenahan RELATING TO "Cash Advance Diamond".

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

15      RMG objects to this Request as compound, overly broad and unduly burdensome.  RMG

16  further objects to this Request as seeking information that is neither relevant to the parties' claims

17  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

18  extent that it calls for information regarding SMS text messages or text message content not

19  identified in the Class Action Complaint in this matter.  RMG also objects to this Request as

20  overly broad in its use of the term "YOUR" as defined in these Requests, not limited by time

21  period, and as vague and ambiguous in its use of the undefined phrase "Cash Advance Diamond."

22  For purposes of responding to this Request, RMG interprets the undefined phrase "Cash Advance

23  Diamond" used in this Request as referring to the Cash Advance Diamond – WEB/WAP

24  campaign cited in the Third-Party Complaint (Dkt. 22, ¶ 16) in this matter.  Subject to and

25  without waiving the foregoing objections or the Preliminary Statement and the General

26  Objections, which are incorporated herein by reference, RMG offers to meet and confer with

27  Plaintiff regarding the timing and scope of this Request.

28

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  **REQUEST FOR PRODUCTION NO. 22:**

2       All COMMUNICATIONS by, or between, YOUR officers, directors, or employees and

3  Third-Party Defendant Ryan Lenahan RELATING TO "Mobile Cash Source".

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

5       RMG objects to this Request as compound, overly broad and unduly burdensome. RMG

6  further objects to this Request as seeking information that is neither relevant to the parties' claims

7  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

8  extent that it calls for information regarding SMS text messages or text message content not

9  identified in the Class Action Complaint in this matter. RMG also objects to this Request as

10 overly broad in its use of the term "YOUR" as defined in these Requests, not limited by time

11 period, and as vague and ambiguous in its use of the undefined phrase "Mobile Cash Source."

12 For purposes of responding to this Request, RMG interprets the undefined phrase "Mobile Cash

13 Source" used in this Request as referring to the Mobile Cash Source advertising campaign cited in

14 the Third-Party Complaint (Dkt. 22, ¶ 17) in this matter. Subject to and without waiving the

15 foregoing objections or the Preliminary Statement and the General Objections, which are

16 incorporated herein by reference, RMG offers to meet and confer with Plaintiff regarding the

17 timing and scope of this Request.

18 **REQUEST FOR PRODUCTION NO. 23:**

19      All COMMUNICATIONS by, or between, YOUR officers, directors, or employees and

20 Third-Party Defendant Ryan Lenahan RELATING TO "Second Chance Cash Advance".

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

22      RMG objects to this Request as compound, overly broad and unduly burdensome. RMG

23 further objects to this Request as seeking information that is neither relevant to the parties' claims

24 or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

25 extent that it calls for information regarding SMS text messages or text message content not

26 identified in the Class Action Complaint in this matter. RMG also objects to this Request as

27 overly broad in its use of the term "YOUR" as defined in these Requests, not limited by time

28 period, and as vague and ambiguous in its use of the undefined phrase "Second Chance Cash

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    Advance." For purposes of responding to this Request, RMG interprets the undefined phrase

2    "Second Chance Cash Advance" used in this Request as referring to the Second Chance Cash

3    Advance advertising campaign cited in the Third-Party Complaint (Dkt. 22, ¶ 17) in this matter.

4    Subject to and without waiving the foregoing objections or the Preliminary Statement and the

5    General Objections, which are incorporated herein by reference, RMG offers to meet and confer

6    with Plaintiff regarding the timing and scope of this Request.

7    **REQUEST FOR PRODUCTION NO. 24:**

8         All COMMUNICATIONS by, or between, YOUR officers, directors, or employees and

9    Third-Party Defendant Ryan Lenahan RELATING TO "Instant Cash Express".

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

11        RMG objects to this Request as compound, overly broad and unduly burdensome. RMG

12   further objects to this Request as seeking information that is neither relevant to the parties' claims

13   or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

14   extent that it calls for information regarding SMS text messages or text message content not

15   identified in the Class Action Complaint in this matter. RMG also objects to this Request as

16   overly broad in its use of the term "YOUR" as defined in these Requests, not limited by time

17   period, and as vague and ambiguous in its use of the undefined phrase "Instant Cash Express."

18   For purposes of responding to this Request, RMG interprets the undefined phrase "Instant Cash

19   Express" used in this Request as referring to the Instant Cash Express advertising campaign cited

20   in the Third-Party Complaint (Dkt. 22, ¶ 17) in this matter. Subject to and without waiving the

21   foregoing objections or the Preliminary Statement and the General Objections, which are

22   incorporated herein by reference, RMG offers to meet and confer with Plaintiff regarding the

23   timing and scope of this Request.

24   **REQUEST FOR PRODUCTION NO. 25:**

25        All COMMUNICATIONS by, or between, YOUR officers, directors, or employees and

26   Third-Party Defendant Ryan Lenahan RELATING TO "Central Payday Advance".

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

28        RMG objects to this Request as compound, overly broad and unduly burdensome. RMG

DLA PIPER LLP (US)
SAN FRANCISCO
-20-
WEST\240662709.1
DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1   further objects to this Request as seeking information that is neither relevant to the parties' claims

2   or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

3   extent that it calls for information regarding SMS text messages or text message content not

4   identified in the Class Action Complaint in this matter.  RMG also objects to this Request as

5   overly broad in its use of the term "YOUR" as defined in these Requests, not limited by time

6   period, and as vague and ambiguous in its use of the undefined phrase "Central Payday

7   Advance."  For purposes of responding to this Request, RMG interprets the undefined phrase

8   "Central Payday Advance" used in this Request as referring to the Central Payday Advance

9   advertising campaign cited in the Third-Party Complaint (Dkt. 22, ¶ 17) in this matter.  Subject to

10  and without waiving the foregoing objections or the Preliminary Statement and the General

11  Objections, which are incorporated herein by reference, RMG offers to meet and confer with

12  Plaintiff regarding the timing and scope of this Request.

13  **REQUEST FOR PRODUCTION NO. 26:**

14        All COMMUNICATIONS by, or between, YOUR officers, directors, or employees and

15  Third-Party Defendant Ryan Lenahan RELATING TO "Auto Loan Professionals".

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

17        RMG objects to this Request as compound, overly broad and unduly burdensome.  RMG

18  further objects to this Request as seeking information that is neither relevant to the parties' claims

19  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

20  extent that it calls for information regarding SMS text messages or text message content not

21  identified in the Class Action Complaint in this matter.  RMG also objects to this Request as

22  overly broad in its use of the term "YOUR" as defined in these Requests, not limited by time

23  period, and as vague and ambiguous in its use of the undefined phrase "Auto Loan Professionals."

24  For purposes of responding to this Request, RMG interprets the undefined phrase "Auto Loan

25  Professionals" used in this Request as referring to the Auto Loan Professionals advertising

26  campaign cited in the Third-Party Complaint (Dkt. 22, ¶ 17) in this matter.  Subject to and

27  without waiving the foregoing objections or the Preliminary Statement and the General

28  Objections, which are incorporated herein by reference, RMG offers to meet and confer with

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    Plaintiff regarding the timing and scope of this Request.

2    **REQUEST FOR PRODUCTION NO. 27:**

3         All COMMUNICATIONS by, or between, YOUR officers, directors, or employees and

4    Third-Party Defendant Kyle Danna RELATING TO the TEXT MESSAGES.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

6         RMG objects to this Request as compound, overly broad and unduly burdensome. RMG

7    further objects to this Request as seeking information that is neither relevant to the parties' claims

8    or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

9    extent that it calls for information regarding SMS text messages or text message content not

10   identified in the Class Action Complaint in this matter. RMG also objects to this Request as

11   overly broad in its use of the terms "YOUR" and "TEXT MESSAGES" as defined in these

12   Requests. Subject to and without waiving the foregoing objections or the Preliminary Statement

13   and the General Objections, which are incorporated herein by reference, RMG offers to meet and

14   confer with Plaintiff regarding the timing and scope of this Request.

15   **REQUEST FOR PRODUCTION NO. 28:**

16        All DOCUMENTS and ESI exchanged by, or between, YOUR officers, directors, or

17   employees and EWA RELATING TO the TEXT MESSAGES.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

19        RMG objects to this Request as compound, overly broad and unduly burdensome. RMG

20   further objects to this Request as seeking information that is neither relevant to the parties' claims

21   or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

22   extent that it calls for information regarding SMS text messages or text message content not

23   identified in the Class Action Complaint in this matter. RMG also objects to this Request as

24   overly broad in its use of the terms "YOUR" and "TEXT MESSAGES" as defined in these

25   Requests. Subject to and without waiving the foregoing objections or the Preliminary Statement

26   and the General Objections, which are incorporated herein by reference, RMG offers to meet and

27   confer with Plaintiff regarding the timing and scope of this Request.

28

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1    DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1   **REQUEST FOR PRODUCTION NO. 29:**

2       All DOCUMENTS and ESI exchanged by, or between, YOUR officers, directors, or

3   employees and Third-Party Defendant Ryan Lenahan RELATING TO the TEXT MESSAGES.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

5       RMG objects to this Request as compound, overly broad and unduly burdensome. RMG

6   further objects to this Request as seeking information that is neither relevant to the parties' claims

7   or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

8   extent that it calls for information regarding SMS text messages or text message content not

9   identified in the Class Action Complaint in this matter. RMG also objects to this Request as

10   overly broad in its use of the terms "YOUR" and "TEXT MESSAGES" as defined in these

11   Requests. Subject to and without waiving the foregoing objections or the Preliminary Statement

12   and the General Objections, which are incorporated herein by reference, RMG offers to meet and

13   confer with Plaintiff regarding the timing and scope of this Request.

14   **REQUEST FOR PRODUCTION NO. 30:**

15       All DOCUMENTS and ESI exchanged by, or between, YOUR officers, directors, or

16   employees and Third-Party Defendant Kyle Danna RELATING TO the TEXT MESSAGES.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

18       RMG objects to this Request as compound, overly broad and unduly burdensome. RMG

19   further objects to this Request as seeking information that is neither relevant to the parties' claims

20   or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

21   extent that it calls for information regarding SMS text messages or text message content not

22   identified in the Class Action Complaint in this matter. RMG also objects to this Request as

23   overly broad in its use of the terms "YOUR" and "TEXT MESSAGES" as defined in these

24   Requests. Subject to and without waiving the foregoing objections or the Preliminary Statement

25   and the General Objections, which are incorporated herein by reference, RMG offers to meet and

26   confer with Plaintiff regarding the timing and scope of this Request.

27   **REQUEST FOR PRODUCTION NO. 31:**

28       All DOCUMENTS and ESI exchanged by, or between, YOUR officers, directors, or

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    employees and Third-Party Defendant Kyle Danna RELATING TO the "Homeland Cash

2    Advance".

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

4           RMG objects to this Request as compound, overly broad and unduly burdensome.  RMG

5    further objects to this Request as seeking information that is neither relevant to the parties' claims

6    or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

7    extent that it calls for information regarding SMS text messages or text message content not

8    identified in the Class Action Complaint in this matter.  RMG also objects to this Request as

9    overly broad in its use of the term "YOUR" as defined in these Requests, not limited by time

10   period, and as vague and ambiguous in its use of the undefined phrase "Homeland Cash

11   Advance."  For purposes of responding to this Request, RMG interprets the undefined phrase

12   "Homeland Cash Advance" used in this Request as referring to the Homeland Cash Advance

13   advertising campaign cited in the Third-Party Complaint (Dkt. 22, ¶ 18) in this matter.  Subject to

14   and without waiving the foregoing objections or the Preliminary Statement and the General

15   Objections, which are incorporated herein by reference, RMG offers to meet and confer with

16   Plaintiff regarding the timing and scope of this Request.

17   **REQUEST FOR PRODUCTION NO. 32:**

18          ALL DOCUMENTS and ESI that contain or RELATE TO the following text or texts

19   substantially similar to the following, "Lenders offering $1,500 cash loans deposited within 2hrs.

20   NO credit checks! Get money today by applying right now directly on your phone at

21   www.TwoHourCash.com."

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

23          RMG objects to this Request to the extent it seeks documents protected from discovery by

24   the attorney-client privilege or work product doctrine.  RMG further objects to this Request as

25   duplicative and harassing to the extent it requests the same DOCUMENTS and ESI sought in

26   Request Nos. 28, 29, and/or 30, and as overly broad, unduly burdensome, vague and ambiguous

27   to the extent it requests DOCUMENTS and ESI that contain or RELATE TO "texts substantially

28   similar to" the SMS text message language identified in the Request. RMG further objects to this

-24-

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1   Request to the extent is seeks documents outside the possession, custody or control of this

2   responding party. Accordingly, RMG will respond to this Request only to the extent that it

3   requests DOCUMENTS and ESI that contain or RELATE TO the text message language

4   "Lenders offering $1,500 cash loans deposited within 2hrs. NO credit checks! Get money today

5   by applying right now directly on your phone at www.TwoHourCash.com."

6        Subject to and without waiving the foregoing objections or the Preliminary Statement and

7   the General Objections, which are incorporated herein by reference, RMG offers to meet and

8   confer with Plaintiff regarding the timing and scope of this Request.

9   **REQUEST FOR PRODUCTION NO. 33:**

10       ALL COMMUNICATIONS that contain or RELATE TO the following text or texts

11   substantially similar to the following, "Lenders offering $1,500 cash loans deposited within 2hrs.

12   NO credit checks! Get money today by applying right now directly on your phone at

13   www.TwoHourCash.com."

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

15       RMG objects to this Request to the extent it seeks information protected from discovery

16   by the attorney-client privilege or work product doctrine. RMG objects to this Request to the

17   extent that it seeks information outside the possession, custody and control of this responding

18   party. RMG further objects to this Request as duplicative and harassing to the extent it requests

19   the same COMMUNICATIONS sought in Request Nos. 16, 20, and/or 27, and as overly broad,

20   unduly burdensome, vague and ambiguous to the extent it requests COMMUNICATIONS that

21   contain or RELATE TO "texts substantially similar to" the SMS text message language identified

22   in the Request. Accordingly, RMG will respond to this Request only to the extent that it requests

23   COMMUNICATIONS that contain or RELATE TO the text message language "Lenders offering

24   $1,500 cash loans deposited within 2hrs. NO credit checks! Get money today by applying right

25   now directly on your phone at www.TwoHourCash.com."

26       Subject to and without waiving the foregoing objections or the Preliminary Statement and

27   the General Objections, which are incorporated herein by reference, RMG offers to meet and

28   confer with Plaintiff regarding the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 34:**

ALL DOCUMENTS and ESI that contain or RELATE TO the following text or texts substantially similar to the following, "Chase is offering $1500 cash loans deposited within 2hrs. NO credit checks! Get the money today by applying right now directly on your phone at CashIn2Hrs. com."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

RMG objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege or work product doctrine. RMG objects to this Request to the extent it seeks information outside the possession, custody and control of this responding party. RMG further objects to this Request as duplicative and harassing to the extent it requests the same DOCUMENTS and ESI sought in Request Nos. 28, 29, and/or 30, and as overly broad, unduly burdensome, vague and ambiguous to the extent it requests DOCUMENTS and ESI that contain or RELATE TO "texts substantially similar to" the SMS text message language identified in the Request. Accordingly, RMG will respond to this Request only to the extent that it requests DOCUMENTS and ESI that contain or RELATE TO the text message language "Chase is offering $1500 cash loans deposited within 2hrs. NO credit checks! Get the money today by applying right now directly on your phone at CashIn2Hrs. com."

Subject to and without waiving the foregoing objections or the Preliminary Statement and the General Objections, which are incorporated herein by reference, RMG offers to meet and confer with Plaintiff regarding the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 35:**

ALL COMMUNICATIONS that contain or RELATE TO the following text or texts substantially similar to the following, "Chase is offering $1500 cash loans deposited within 2hrs. NO credit checks! Get the money today by applying right now directly on your phone at CashIn2Hrs. com."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

RMG objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege or work product doctrine. RMG objects to this Request to the

-26-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1    DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    extent it seeks information outside the possession, custody or control of this responding party.

2    RMG further objects to this Request as duplicative and harassing to the extent it requests the

3    same COMMUNICATIONS sought in Request Nos. 16, 20, and/or 27, and as overly broad,

4    unduly burdensome, vague and ambiguous to the extent it requests COMMUNICATIONS that

5    contain or RELATE TO "texts substantially similar to" the SMS text message language identified

6    in the Request. Accordingly, RMG will respond to this Request only to the extent that it requests

7    COMMUNICATIONS that contain or RELATE TO the text message language "Chase is offering

8    $1500 cash loans deposited within 2hrs. NO credit checks! Get the money today by applying right

9    now directly on your phone at CashIn2Hrs. com."

10            Subject to and without waiving the foregoing objections or the Preliminary Statement and

11    the General Objections, which are incorporated herein by reference, RMG offers to meet and

12    confer with Plaintiff regarding the timing and scope of this Request.

13    **REQUEST FOR PRODUCTION NO. 36:**

14            ALL DOCUMENTS and ESI that contain or RELATE TO the following text or texts

15    substantially similar to the following, "Chase is offering $1500 cash loans deposited within 2hrs.

16    NO credit checks! Get the money today by applying right now on your phone at

17    www.TwoHourCash.org."

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

19            RMG objects to this Request to the extent it seeks documents protected from discovery by

20    the attorney-client privilege or work product doctrine. RMG objects to this Request to the extent

21    it seeks information outside the possession, custody or control of this responding party. RMG

22    further objects to this Request as duplicative and harassing to the extent it requests the same

23    DOCUMENTS and ESI sought in Request Nos. 28, 29, and/or 30, and as overly broad, unduly

24    burdensome, vague and ambiguous to the extent it requests DOCUMENTS and ESI that contain

25    or RELATE TO "texts substantially similar to" the SMS text message language identified in the

26    Request. Accordingly, RMG will respond to this Request only to the extent that it requests

27    DOCUMENTS and ESI that contain or RELATE TO the text message language "Chase is

28    offering $1500 cash loans deposited within 2hrs. NO credit checks! Get the money today by

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    applying right now on your phone at www.TwoHourCash.org."

2        Subject to and without waiving the foregoing objections or the Preliminary Statement and

3    the General Objections, which are incorporated herein by reference, RMG offers to meet and

4    confer with Plaintiff regarding the timing and scope of this Request.

5    **REQUEST FOR PRODUCTION NO. 37:**

6        ALL COMMUNICATIONS that contain or RELATE TO the following text or texts

7    substantially similar to the following, "Chase is offering $1500 cash loans deposited within 2hrs.

8    NO credit checks! Get the money today by applying right now on your phone at

9    www.TwoHourCash.org."

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

11       RMG objects to this Request to the extent it seeks information protected from discovery

12   by the attorney-client privilege or work product doctrine. RMG objects to this Request to the

13   extent it seeks information outside the possession, custody or control of this responding party.

14   RMG further objects to this Request as duplicative and harassing to the extent it requests the

15   same COMMUNICATIONS sought in Request Nos. 16, 20, and/or 27, and as overly broad,

16   unduly burdensome, vague and ambiguous to the extent it requests COMMUNICATIONS that

17   contain or RELATE TO "texts substantially similar to" the SMS text message language identified

18   in the Request.  Accordingly, RMG will respond to this Request only to the extent that it requests

19   COMMUNICATIONS that contain or RELATE TO the text message language "Chase is offering

20   $1500 cash loans deposited within 2hrs. NO credit checks! Get the money today by applying right

21   now on your phone at www.TwoHourCash.org."

22       Subject to and without waiving the foregoing objections or the Preliminary Statement and

23   the General Objections, which are incorporated herein by reference, RMG offers to meet and

24   confer with Plaintiff regarding the timing and scope of this Request.

25   **REQUEST FOR PRODUCTION NO. 38:**

26       ALL DOCUMENTS and ESI that contain or RELATE TO the following text or texts

27   substantially similar to the following, "Chase is offering $1500 cash loans deposited within 2hrs.

28   NO credit checks or faxing! Get the money today by applying right now on your phone at

-28-

1    TwoHourCash.net."

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

3        RMG objects to this Request to the extent it seeks documents protected from discovery by

4    the attorney-client privilege or work product doctrine. RMG objects to this Request to the extent

5    it seeks information outside the possession, custody or control of this responding party. RMG

6    further objects to this Request as duplicative and harassing to the extent it requests the same

7    DOCUMENTS and ESI sought in Request Nos. 28, 29, and/or 30, and as overly broad, unduly

8    burdensome, vague and ambiguous to the extent it requests DOCUMENTS and ESI that contain

9    or RELATE TO "texts substantially similar to" the SMS text message language identified in the

10    Request. Accordingly, RMG will respond to this Request only to the extent that it requests

11    DOCUMENTS and ESI that contain or RELATE TO the text message language "Chase is

12    offering $1500 cash loans deposited within 2hrs. NO credit checks or faxing! Get the money

13    today by applying right now on your phone at TwoHourCash.net."

14        Subject to and without waiving the foregoing objections or the Preliminary Statement and

15    the General Objections, which are incorporated herein by reference, RMG offers to meet and

16    confer with Plaintiff regarding the timing and scope of this Request.

17    **REQUEST FOR PRODUCTION NO. 39:**

18        ALL COMMUNICATIONS that contain or RELATE TO the following text or texts

19    substantially similar to the following, "Chase is offering $1500 cash loans deposited within 2hrs.

20    NO credit checks or faxing! Get the money today by applying right now on your phone at

21    TwoHourCash.net."

22    **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

23        RMG objects to this Request to the extent it seeks information protected from discovery

24    by the attorney-client privilege or work product doctrine. RMG objects to this Request to the

25    extent it seeks information outside the possession, custody or control of this responding party.

26    RMG further objects to this Request as duplicative and harassing to the extent it requests the

27    same COMMUNICATIONS sought in Request Nos. 16, 20, and/or 27, and as overly broad,

28    unduly burdensome, vague and ambiguous to the extent it requests COMMUNICATIONS that

-29-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  contain or RELATE TO "texts substantially similar to" the SMS text message language identified

2  in the Request.  Accordingly, RMG will respond to this Request only to the extent that it requests

3  COMMUNICATIONS that contain or RELATE TO the text message language "Chase is offering

4  $1500 cash loans deposited within 2hrs. NO credit checks or faxing! Get the money today by

5  applying right now on your phone at TwoHourCash.net."

6        Subject to and without waiving the foregoing objections or the Preliminary Statement and

7  the General Objections, which are incorporated herein by reference, RMG offers to meet and

8  confer with Plaintiff regarding the timing and scope of this Request.

9  **REQUEST FOR PRODUCTION NO. 40:**

10        ALL DOCUMENTS and ESI that contain or RELATE TO the following text or texts

11  substantially similar to the following, "Chase is offering $1,500 cash loans deposited within 2hrs.

12  NO credit checks! Get the money today by applying right now on your phone at

13  www.TwoHourCash.org."

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

15        RMG objects to this Request to the extent it seeks documents protected from discovery by

16  the attorney-client privilege or work product doctrine.  RMG objects to this Request to the extent

17  it seeks information outside the possession, custody or control of this responding party. RMG

18  further objects to this Request as duplicative and harassing to the extent it requests the same

19  DOCUMENTS and ESI sought in Request Nos. 28, 29, and/or 30, and as overly broad, unduly

20  burdensome, vague and ambiguous to the extent it requests DOCUMENTS and ESI that contain

21  or RELATE TO "texts substantially similar to" the SMS text message language identified in the

22  Request.  Accordingly, RMG will respond to this Request only to the extent that it requests

23  DOCUMENTS and ESI that contain or RELATE TO the text message language "Chase is

24  offering $1,500 cash loans deposited within 2hrs. NO credit checks! Get the money today by

25  applying right now on your phone at www.TwoHourCash.org."

26        Subject to and without waiving the foregoing objections or the Preliminary Statement and

27  the General Objections, which are incorporated herein by reference, RMG offers to meet and

28  confer with Plaintiff regarding the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 41:**

ALL COMMUNICATIONS that contain or RELATE TO the following text or texts substantially similar to the following, "Chase is offering $1,500 cash loans deposited within 2hrs. NO credit checks! Get the money today by applying right now on your phone at www.TwoHourCash.org."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

RMG objects to this Request to the extent it seeks information protected from discovery by the attorney-client privilege or work product doctrine. RMG objects to this Request to the extent it seeks information outside the possession, custody or control of this responding party. RMG further objects to this Request as duplicative and harassing to the extent it requests the same COMMUNICATIONS sought in Request Nos. 16, 20, and/or 27, and as overly broad, unduly burdensome, vague and ambiguous to the extent it requests COMMUNICATIONS that contain or RELATE TO "texts substantially similar to" the SMS text message language identified in the Request. Accordingly, RMG will respond to this Request only to the extent that it requests COMMUNICATIONS that contain or RELATE TO the text message language "Chase is offering $1,500 cash loans deposited within 2hrs. NO credit checks! Get the money today by applying right now on your phone at www.TwoHourCash.org."

Subject to and without waiving the foregoing objections or the Preliminary Statement and the General Objections, which are incorporated herein by reference, RMG offers to meet and confer with Plaintiff regarding the timing and scope of this Request.

**REQUEST FOR PRODUCTION NO. 42:**

ALL DOCUMENTS and ESI that contain or RELATE TO the following text or texts substantially similar to the following, "Wells Fargo: Get up to $1500 deposited into your account today. Not a scam & bad credit ok. Apply from your phone at bit.ly/NMCRO0 now. Instant approval."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

RMG objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege or work product doctrine. RMG objects to this Request to the extent

-31-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1   it seeks information outside the possession, custody or control of this responding party. RMG

2   further objects to this Request as duplicative and harassing to the extent it requests the same

3   DOCUMENTS and ESI sought in Request Nos. 28, 29, and/or 30, and as overly broad, unduly

4   burdensome, vague and ambiguous to the extent it requests DOCUMENTS and ESI that contain

5   or RELATE TO "texts substantially similar to" the SMS text message language identified in the

6   Request. Accordingly, RMG will respond to this Request only to the extent that it requests

7   DOCUMENTS and ESI that contain or RELATE TO the text message language "Wells Fargo:

8   Get up to $1500 deposited into your account today. Not a scam & bad credit ok. Apply from your

9   phone at bit.ly/NMCRO0 now. Instant approval."

10          Subject to and without waiving the foregoing objections or the Preliminary Statement and

11  the General Objections, which are incorporated herein by reference, RMG offers to meet and

12  confer with Plaintiff regarding the timing and scope of this Request.

13  **REQUEST FOR PRODUCTION NO. 43:**

14          ALL COMMUNICATIONS that contain or RELATE TO the following text or text

15  substantially similar to the following, "Wells Fargo: Get up to $1500 deposited into your account

16  today. Not a scam & bad credit ok. Apply from your phone at bit.ly/NMCRO0 now. Instant

17  approval."

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

19          RMG objects to this Request to the extent it seeks information protected from discovery

20  by the attorney-client privilege or work product doctrine. RMG objects to this Request to the

21  extent it seeks information outside the possession, custody or control of this responding party.

22  RMG further objects to this Request as duplicative and harassing to the extent it requests the

23  same COMMUNICATIONS sought in Request Nos. 16, 20, and/or 27, and as overly broad,

24  unduly burdensome, vague and ambiguous to the extent it requests COMMUNICATIONS that

25  contain or RELATE TO "texts substantially similar to" the SMS text message language identified

26  in the Request. Accordingly, RMG will respond to this Request only to the extent that it requests

27  COMMUNICATIONS that contain or RELATE TO the text message language "Wells Fargo: Get

28  up to $1500 deposited into your account today. Not a scam & bad credit ok. Apply from your

DLA PIPER LLP (US)
SAN FRANCISCO

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
WEST\240662709.1   PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    phone at bit.ly/NMCRO0 now. Instant approval."

2         Subject to and without waiving the foregoing objections or the Preliminary Statement and

3    the General Objections, which are incorporated herein by reference, RMG offers to meet and

4    confer with Plaintiff regarding the timing and scope of this Request.

5    **REQUEST FOR PRODUCTION NO. 44:**

6         ALL DOCUMENTS and ESI that contain or RELATE TO the URL

7    CashAdvanceDiamond.com.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

9         RMG objects to this Request to the extent it seeks documents protected from discovery by

10   the attorney-client privilege or work product doctrine.  RMG objects to this Request to the extent

11   it seeks information outside the possession, custody or control of this responding party. RMG

12   further objects to this Request as overly broad and unduly burdensome.  RMG also objects to this

13   Request as seeking information that is neither relevant to the parties' claims or defenses nor

14   reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks

15   DOCUMENTS and ESI without any reasonable relation to the text message identified in

16   Paragraph 17 of the Class Action Complaint or the text message content identified in Paragraph

17   20 of the Class Action Complaint.  Additionally, RMG objects to this Request as not limited by

18   time period.  Subject to and without waiving the foregoing objections or the Preliminary

19   Statement and the General Objections, which are incorporated herein by reference, RMG offers to

20   meet and confer with Plaintiff regarding the timing and scope of this Request.

21   **REQUEST FOR PRODUCTION NO. 45:**

22        ALL COMMUNICATIONS that contain or RELATE TO the URL

23   CashAdvanceDiamond.com.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

25        RMG objects to this Request to the extent it seeks information protected from discovery

26   by the attorney-client privilege or work product doctrine.  RMG further objects to this Request as

27   overly broad and unduly burdensome.  RMG also objects to this Request as seeking information

28   that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

-53-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    discovery of admissible evidence, to the extent it seeks COMMUNICATIONS without any

2    reasonable relation to the text message identified in Paragraph 17 of the Class Action Complaint

3    or the text message content identified in Paragraph 20 of the Class Action Complaint.

4    Additionally, RMG objects to this Request as not limited by time period, and as duplicative and

5    harassing to the extent it requests the same information sought in Request Nos. 17 and 21.

6    Subject to and without waiving the foregoing objections or the Preliminary Statement and the

7    General Objections, which are incorporated herein by reference, RMG offers to meet and confer

8    with Plaintiff regarding the timing and scope of this Request.

9    **REQUEST FOR PRODUCTION NO. 46:**

10          ALL DOCUMENTS and ESI that contain or RELATE TO the URL

11   MobileCashSource.com.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

13          RMG objects to this Request to the extent it seeks documents protected from discovery by

14   the attorney-client privilege or work product doctrine.  RMG further objects to this Request as

15   overly broad and unduly burdensome.  RMG also objects to this Request as seeking information

16   that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

17   discovery of admissible evidence, to the extent it seeks DOCUMENTS and ESI without any

18   reasonable relation to the text message identified in Paragraph 17 of the Class Action Complaint

19   or the text message content identified in Paragraph 20 of the Class Action Complaint.

20   Additionally, RMG objects to this Request as not limited by time period.  Subject to and without

21   waiving the foregoing objections or the Preliminary Statement and the General Objections, which

22   are incorporated herein by reference, RMG offers to meet and confer with Plaintiff regarding the

23   timing and scope of this Request.

24   **REQUEST FOR PRODUCTION NO. 47:**

25          ALL COMMUNICATIONS that contain or RELATE TO the URL

26   MobileCashSource.com.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

28          RMG objects to this Request to the extent it seeks information protected from discovery

-34-

DLA Piper LLP (US)
San Francisco

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  by the attorney-client privilege or work product doctrine. RMG further objects to this Request as

2  overly broad and unduly burdensome. RMG also objects to this Request as seeking information

3  that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

4  discovery of admissible evidence, to the extent it seeks COMMUNICATIONS without any

5  reasonable relation to the text message identified in Paragraph 17 of the Class Action Complaint

6  or the text message content identified in Paragraph 20 of the Class Action Complaint.

7  Additionally, RMG objects to this Request as not limited by time period, and as duplicative and

8  harassing to the extent it requests the same information sought in Request Nos. 19 and 22.

9  Subject to and without waiving the foregoing objections or the Preliminary Statement and the

10  General Objections, which are incorporated herein by reference, RMG offers to meet and confer

11  with Plaintiff regarding the timing and scope of this Request.

12  **REQUEST FOR PRODUCTION NO. 48:**

13      All DOCUMENTS and ESI exchanged by, or between, YOUR officers, directors, or

14  employees RELATED TO sending SMS MESSAGE advertisements.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

16      RMG objects to this Request as compound, overly broad, and unduly burdensome. RMG

17  objects to this request to the extent it seeks information protected by the attorney client privilege

18  or work product doctrine. RMG further objects to this Request as vague and ambiguous and as

19  not limited by time period. RMG also objects to this Request as seeking information that is

20  neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

21  discovery of admissible evidence.

22  **REQUEST FOR PRODUCTION NO. 49:**

23      All COMMUNICATIONS by, or between, YOUR officers, directors, or employees

24  RELATED TO sending SMS MESSAGE advertisements.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

26      RMG objects to this Request as compound, overly broad, and unduly burdensome. RMG

27  objects to this request to the extent it seeks information protected by the attorney client privilege

28  or work product doctrine. RMG further objects to this Request as vague and ambiguous and as

DLA PIPER LLP (US)
SAN FRANCISCO

-55-

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1   not limited by time period.  RMG also objects to this Request as seeking information that is

2   neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

3   discovery of admissible evidence.

4   **REQUEST FOR PRODUCTION NO. 50:**

5        All DOCUMENTS and ESI that contain the URL TwoHourCash.com.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

7        RMG objects to this Request to the extent it seeks information protected from discovery

8   by the attorney-client privilege or work product doctrine. RMG objects to this request to the

9   extent it seeks information that is not in the possession, custody or control of responding party.

10   RMG further objects to this Request as overly broad and unduly burdensome.  RMG also objects

11   to this Request as duplicative and harassing to the extent it requests the same DOCUMENTS and

12   ESI sought in Request No. 32.  Additionally, RMG objects to this Request as seeking information

13   that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

14   discovery of admissible evidence, to the extent it seeks DOCUMENTS and ESI without any

15   reasonable relation to the text message identified in Paragraph 17 of the Class Action Complaint.

16        Subject to and without waiving the foregoing objections or the Preliminary Statement and

17   the General Objections, which are incorporated herein by reference, RMG offers to meet and

18   confer with Plaintiff regarding the timing and scope of this Request

19   **REQUEST FOR PRODUCTION NO. 51:**

20        All COMMUNICATIONS that contain the URL TwoHourCash.com.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

22        RMG objects to this Request to the extent it seeks information protected from discovery

23   by the attorney-client privilege or work product doctrine. RMG objects to this request to the

24   extent it seeks information that is not in the possession, custody or control of responding party.

25   RMG further objects to this Request as overly broad and unduly burdensome.  RMG also objects

26   to this Request as duplicative and harassing to the extent it requests the same

27   COMMUNICATIONS sought in Request No. 33.  Additionally, RMG objects to this Request as

28   seeking information that is neither relevant to the parties' claims or defenses nor reasonably

-36-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  calculated to lead to the discovery of admissible evidence, to the extent it seeks

2  COMMUNICATIONS without any reasonable relation to the text message identified in

3  Paragraph 17 of the Class Action Complaint.

4      Subject to and without waiving the foregoing objections or the Preliminary Statement

5  and the General Objections, which are incorporated herein by reference, RMG offers to meet and

6  confer with Plaintiff regarding the timing and scope of this Request.

7  **REQUEST FOR PRODUCTION NO. 52:**

8      All DOCUMENTS and ESI that contain the URL CashIn2Hrs.com.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

10     RMG objects to this Request to the extent it seeks information protected from discovery

11  by the attorney-client privilege or work product doctrine. RMG objects to this request to the

12  extent it seeks information that is not in the possession, custody or control of responding party.

13  RMG further objects to this Request as overly broad and unduly burdensome. RMG also objects

14  to this Request as duplicative and harassing to the extent it requests the same DOCUMENTS and

15  ESI sought in Request No. 34. Additionally, RMG objects to this Request as seeking information

16  that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

17  discovery of admissible evidence, to the extent it seeks DOCUMENTS and ESI without any

18  reasonable relation to the text message content identified in Paragraph 20 of the Class Action

19  Complaint.

20     Subject to and without waiving the foregoing objections or the Preliminary Statement and

21  the General Objections, which are incorporated herein by reference, RMG offers to meet and

22  confer with Plaintiff regarding the timing and scope of this Request.

23  **REQUEST FOR PRODUCTION NO. 53:**

24     All COMMUNICATIONS that contain the URL CashIn2Hrs.com.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

26     RMG objects to this Request to the extent it seeks information protected from discovery

27  by the attorney-client privilege or work product doctrine. RMG objects to this request to the

28  extent it seeks information that is not in the possession, custody or control of responding party.

DLA Piper LLP (US)
San Francisco

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1   RMG further objects to this Request as overly broad and unduly burdensome.  RMG also objects

2   to this Request as duplicative and harassing to the extent it requests the same

3   COMMUNICATIONS sought in Request No. 35.  Additionally, RMG objects to this Request as

4   seeking information that is neither relevant to the parties' claims or defenses nor reasonably

5   calculated to lead to the discovery of admissible evidence, to the extent it seeks

6   COMMUNICATIONS without any reasonable relation to the text message content identified in

7   Paragraph 20 of the Class Action Complaint.

8           Subject to and without waiving the foregoing objections or the Preliminary Statement and

9   the General Objections, which are incorporated herein by reference, RMG offers to meet and

10  confer with Plaintiff regarding the timing and scope of this Request.

11  **REQUEST FOR PRODUCTION NO. 54:**

12          All DOCUMENTS and ESI that contain the URL www.TwoHourCash.org.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

14          RMG objects to this Request to the extent it seeks information protected from discovery

15  by the attorney-client privilege or work product doctrine.  RMG objects to this request to the

16  extent it seeks information that is not in the possession, custody or control of responding party.

17  RMG further objects to this Request as overly broad and unduly burdensome.  RMG also objects

18  to this Request as duplicative and harassing to the extent it requests the same DOCUMENTS and

19  ESI sought in Request Nos. 36 and 40.  Additionally, RMG objects to this Request as seeking

20  information that is neither relevant to the parties' claims or defenses nor reasonably calculated to

21  lead to the discovery of admissible evidence, to the extent it seeks DOCUMENTS and ESI

22  without any reasonable relation to the text message content identified in Paragraph 20 of the Class

23  Action Complaint.

24          Subject to and without waiving the foregoing objections or the Preliminary Statement and

25  the General Objections, which are incorporated herein by reference, RMG offers to meet and

26  confer with Plaintiff regarding the timing and scope of this Request.

27  **REQUEST FOR PRODUCTION NO. 55:**

28          All COMMUNICATIONS that contain the URL www.TwoHourCash.org.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

2         RMG objects to this Request to the extent it seeks information protected from discovery

3    by the attorney-client privilege or work product doctrine.  RMG objects to this request to the

4    extent it seeks information that is not in the possession, custody or control of responding party.

5    RMG further objects to this Request as overly broad and unduly burdensome.  RMG also objects

6    to this Request as duplicative and harassing to the extent it requests the same

7    COMMUNICATIONS sought in Request Nos. 37 and 41.    Additionally, RMG objects to this

8    Request as seeking information that is neither relevant to the parties' claims or defenses nor

9    reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks

10   COMMUNICATIONS without any reasonable relation to the text message content identified in

11   Paragraph 20 of the Class Action Complaint.

12        Subject to and without waiving the foregoing objections or the Preliminary Statement and

13   the General Objections, which are incorporated herein by reference, RMG offers to meet and

14   confer with Plaintiff regarding the timing and scope of this Request.

15   **REQUEST FOR PRODUCTION NO. 56:**

16        All DOCUMENTS and ESI that contain the URL TwoHourCash.net.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

18        RMG objects to this Request to the extent it seeks information protected from discovery

19   by the attorney-client privilege or work product doctrine.  RMG objects to this request to the

20   extent it seeks information that is not in the possession, custody or control of responding party.

21   RMG further objects to this Request as overly broad and unduly burdensome.  RMG also objects

22   to this Request as duplicative and harassing to the extent it requests the same DOCUMENTS and

23   ESI sought in Request No. 38. Additionally, RMG objects to this Request as seeking information

24   that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

25   discovery of admissible evidence, to the extent it seeks DOCUMENTS and ESI without any

26   reasonable relation to the text message content identified in Paragraph 20 of the Class Action

27   Complaint.

28        Subject to and without waiving the foregoing objections or the Preliminary Statement and

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1   the General Objections, which are incorporated herein by reference, RMG offers to meet and

2   confer with Plaintiff regarding the timing and scope of this Request.

3   **REQUEST FOR PRODUCTION NO. 57:**

4         All COMMUNICATIONS that contain the URL TwoHourCash.net.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

6         RMG objects to this Request to the extent it seeks information protected from discovery

7   by the attorney-client privilege or work product doctrine.  RMG objects to this request to the

8   extent it seeks information that is not in the possession, custody or control of responding party.

9   RMG further objects to this Request as overly broad and unduly burdensome.  RMG also objects

10  to this Request as duplicative and harassing to the extent it requests the same

11  COMMUNICATIONS sought in Request No. 39.  Additionally, RMG objects to this Request as

12  seeking information that is neither relevant to the parties' claims or defenses nor reasonably

13  calculated to lead to the discovery of admissible evidence, to the extent it seeks

14  COMMUNICATIONS without any reasonable relation to the text message content identified in

15  Paragraph 20 of the Class Action Complaint.

16        Subject to and without waiving the foregoing objections or the Preliminary Statement and

17  the General Objections, which are incorporated herein by reference, RMG offers to meet and

18  confer with Plaintiff regarding the timing and scope of this Request.

19  **REQUEST FOR PRODUCTION NO. 58:**

20        All DOCUMENTS and ESI that contain the URL bit.ly/NmCROO.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

22        RMG objects to this Request to the extent it seeks information protected from discovery

23  by the attorney-client privilege or work product doctrine.  RMG further objects to this Request as

24  overly broad and unduly burdensome. RMG objects to this request to the extent it seeks

25  information that is not in the possession, custody or control of responding party. RMG also

26  objects to this Request as duplicative and harassing to the extent it requests the same

27  DOCUMENTS and ESI sought in Request No. 42.  Additionally, RMG objects to this Request as

28  seeking information that is neither relevant to the parties' claims or defenses nor reasonably

DLA Piper LLP (US)
San Francisco

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  calculated to lead to the discovery of admissible evidence, to the extent it seeks DOCUMENTS

2  and ESI without any reasonable relation to the text message content identified in Paragraph 20 of

3  the Class Action Complaint.

4       Subject to and without waiving the foregoing objections or the Preliminary Statement and

5  the General Objections, which are incorporated herein by reference, RMG offers to meet and

6  confer with Plaintiff regarding the timing and scope of this Request

7  **REQUEST FOR PRODUCTION NO. 59:**

8       All COMMUNICATIONS that contain the URL bit.ly/NmCROO.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

10       RMG objects to this Request to the extent it seeks information protected from discovery

11  by the attorney-client privilege or work product doctrine.  RMG objects to this request to the

12  extent it seeks information that is not in the possession, custody or control of responding party.

13  RMG further objects to this Request as overly broad and unduly burdensome.  RMG also objects

14  to this Request as duplicative and harassing to the extent it requests the same

15  COMMUNICATIONS sought in Request No. 43.  Additionally, RMG objects to this Request as

16  seeking information that is neither relevant to the parties' claims or defenses nor reasonably

17  calculated to lead to the discovery of admissible evidence, to the extent it seeks

18  COMMUNICATIONS without any reasonable relation to the text message content identified in

19  Paragraph 20 of the Class Action Complaint.

20       Subject to and without waiving the foregoing objections or the Preliminary Statement and

21  the General Objections, which are incorporated herein by reference, RMG offers to meet and

22  confer with Plaintiff regarding the timing and scope of this Request.

23  **REQUEST FOR PRODUCTION NO. 60:**

24       All DOCUMENTS and ESI RELATING TO how the TEXT MESSAGES were

25  TRANSMITTED to PLAINTIFF and the PROPOSED CLASS MEMBERS, INCLUDING, all

26  DOCUMENTS DESCRIBING or IDENTIFYING all TELEPHONE DIALING EQUIPMENT

27  used to send or TRANSMIT the TEXT MESSAGES, and how the phone numbers of PLAINTIFF

28  and the PROPOSED CLASS MEMBERS were inputted to, processed by, stored, and dialed from

DLA PIPER LLP (US)
SAN FRANCISCO

-41-

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  that TELEPHONE DIALING EQUIPMENT.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

3  RMG objects to this Request as compound, overly broad, and unduly burdensome. RMG

4  further objects to this Request as seeking information that is neither relevant to the parties' claims

5  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

6  extent that it calls for information regarding SMS text messages or text message content not

7  identified in the Class Action Complaint in this matter. RMG also objects to this Request as

8  overly broad in its use of the terms "TEXT MESSAGES", "TRANSMITTED", and

9  "TRANSMIT" as defined in these Requests, and as not readily susceptible to response to the

10  extent it references "PROPOSED CLASS MEMBERS" as RMG is unable to identify the

11  "PROPOSED CLASS MEMBERS" as defined in these Requests. Subject to and without waiving

12  the foregoing objections or the Preliminary Statement and the General Objections, which are

13  incorporated herein by reference, RMG responds as follows:

14  One or more Third-Party Defendants in this action may have DOCUMENTS and ESI

15  responsive to this Request because a Third-Party Defendant in this action may have made the call,

16  as that phrase is used in 47 U.S.C. § 227(b)(1)(A)(iii), identified in Paragraph 17 of the Class

17  Action Complaint and/or calls which included the text message language identified in Paragraph

18  20 of the Class Action Complaint.

19  **REQUEST FOR PRODUCTION NO. 61:**

20  All COMMUNICATIONS RELATING TO how the TEXT MESSAGES were

21  TRANSMITTED to PLAINTIFF and the PROPOSED CLASS MEMBERS, INCLUDING, all

22  DOCUMENTS DESCRIBING or IDENTIFYING all TELEPHONE DIALING EQUIPMENT

23  used to send or TRANSMIT the TEXT MESSAGES, and how the phone numbers of PLAINTIFF

24  and the PROPOSED CLASS MEMBERS were inputted to, processed by, stored, and dialed from

25  that TELEPHONE DIALING EQUIPMENT.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

27  RMG objects to this Request as compound, overly broad, and unduly burdensome. RMG

28  further objects to this Request as seeking information that is neither relevant to the parties' claims

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

-42-

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

2  extent that it calls for information regarding SMS text messages or text message content not

3  identified in the Class Action Complaint in this matter. RMG also objects to this Request as

4  overly broad in its use of the terms "TEXT MESSAGES", "TRANSMITTED", and

5  "TRANSMIT" as defined in these Requests, and as not readily susceptible to response to the

6  extent it references "PROPOSED CLASS MEMBERS" as RMG is unable to identify the

7  "PROPOSED CLASS MEMBERS" as defined in these Requests. Subject to and without waiving

8  the foregoing objections or the Preliminary Statement and the General Objections, which are

9  incorporated herein by reference, RMG responds as follows:

10      One or more Third-Party Defendants in this action may have COMMUNICATIONS

11  responsive to this Request because a Third-Party Defendant in this action may have made the call,

12  as that phrase is used in 47 U.S.C. § 227(b)(1)(A)(iii), identified in Paragraph 17 of the Class

13  Action Complaint and/or calls which included the text message language identified in Paragraph

14  20 of the Class Action Complaint.

15  **REQUEST FOR PRODUCTION NO. 62:**

16      All DOCUMENTS and ESI RELATING TO the technological capability and capacity of

17  the equipment used to TRANSMIT the TEXT MESSAGES to PLAINTIFF and the PROPOSED

18  CLASS MEMBERS, INCLUDING DOCUMENTS DESCRIBING, disclosing, discussing, and

19  RELATING TO:

20      (a)    the make and model of all TELEPHONE DIALING EQUIPMENT used to send

21  the TEXT MESSAGES;

22      (b)    the ability of the TELEPHONE DIALING EQUIPMENT to send the TEXT

23  MESSAGES to dial multiple telephone numbers simultaneously; and

24      (c)    the ability of the TELEPHONE DIALING EQUIPMENT to send the TEXT

25  MESSAGES stored or produce telephone numbers to be called using a random or sequential

26  number generator.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

28      RMG objects to this Request as compound, overly broad, and unduly burdensome. RMG

DLA PIPER LLP (US)
SAN FRANCISCO

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  further objects to this Request as seeking information that is neither relevant to the parties' claims

2  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

3  extent that it calls for information regarding SMS text messages or text message content not

4  identified in the Class Action Complaint in this matter.  RMG also objects to this Request as

5  overly broad in its use of the terms "TEXT MESSAGES" and "TRANSMIT" as defined in these

6  Requests, and as not readily susceptible to response to the extent it references "PROPOSED

7  CLASS MEMBERS" as RMG is unable to identify the "PROPOSED CLASS MEMBERS" as

8  defined in these Requests.  Subject to and without waiving the foregoing objections or the

9  Preliminary Statement and the General Objections, which are incorporated herein by reference,

10  RMG responds as follows:

11       One or more Third-Party Defendants in this action may have DOCUMENTS and ESI

12  responsive to this Request because a Third-Party Defendant in this action may have made the call,

13  as that phrase is used in 47 U.S.C. § 227(b)(1)(A)(iii), identified in Paragraph 17 of the Class

14  Action Complaint and/or calls which included the text message language identified in Paragraph

15  20 of the Class Action Complaint.

16  **REQUEST FOR PRODUCTION NO. 63:**

17       All COMMUNICATIONS RELATING TO the technological capability and capacity of

18  the equipment that used to TRANSMIT TEXT MESSAGES to PLAINTIFF and the PROPOSED

19  CLASS MEMBERS, INCLUDING DOCUMENTS DESCRIBING, disclosing, discussing, and

20  RELATING TO:

21       (a)  the make and model of all TELEPHONE DIALING EQUIPMENT used by to

22  send the TEXT MESSAGES;

23       (b)  the ability of the TELEPHONE DIALING EQUIPMENT used to send the TEXT

24  MESSAGES to dial multiple telephone numbers simultaneously; and

25       (c)  the ability of the TELEPHONE DIALING EQUIPMENT used to send the TEXT

26  MESSAGES stored or produce telephone numbers to be called using a random or sequential

27  number generator.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

RMG objects to this Request as compound, overly broad, and unduly burdensome. RMG further objects to this Request as seeking information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for information regarding SMS text messages or text message content not identified in the Class Action Complaint in this matter. RMG also objects to this Request as overly broad in its use of the terms "TRANSMIT" and "TEXT MESSAGES" as defined in these Requests, and as not readily susceptible to response to the extent it references "PROPOSED CLASS MEMBERS" as RMG is unable to identify the "PROPOSED CLASS MEMBERS" as defined in these Requests. Subject to and without waiving the foregoing objections or the Preliminary Statement and the General Objections, which are incorporated herein by reference, RMG responds as follows:

One or more Third-Party Defendants in this action may have COMMUNICATIONS responsive to this Request because a Third-Party Defendant in this action may have made the call, as that phrase is used in 47 U.S.C. § 227(b)(1)(A)(iii), identified in Paragraph 17 of the Class Action Complaint and/or calls which included the text message language identified in Paragraph 20 of the Class Action Complaint.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS and ESI IDENTIFYING, DESCRIBING or referring to the purpose, context, conduct, and methodology used to verify prior and continuing express consent from PLAINTIFF and/or any PROPOSED CLASS MEMBER to receive the TEXT MESSAGES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

RMG objects to this Request as compound, overly broad, and unduly burdensome. RMG further objects to this Request as seeking information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for information not reasonably related to establishing liability under 47 U.S.C. § 227(b)(1)(A)(iii) in the Class Action Complaint in this matter. RMG also objects to this Request as overly broad in its use of the term "TEXT MESSAGES" as defined in these Requests,

-45-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1   as vague and ambiguous in its use of the undefined terms "purpose", "context", "conduct", and

2   "methodology", and as not readily susceptible to response to the extent it references

3   "PROPOSED CLASS MEMBER" as RMG is unable to identify a "PROPOSED CLASS

4   MEMBER" as defined in these Requests.  Subject to and without waiving the foregoing

5   objections or the Preliminary Statement and the General Objections, which are incorporated

6   herein by reference, RMG responds as follows:

7        RMG will produce non-privileged, non-protected, responsive documents to the extent that

8   these documents exist and are in the possession, custody and control of responding party.

9   **REQUEST FOR PRODUCTION NO. 65:**

10       All COMMUNICATIONS IDENTIFYING, DESCRIBING or referring to the purpose,

11  context, conduct, and methodology used to verify prior and continuing express consent from

12  PLAINTIFF and/or any PROPOSED CLASS MEMBER to receive the TEXT MESSAGES.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

14       RMG objects to this Request as compound, overly broad, and unduly burdensome.  RMG

15  further objects to this Request as seeking information that is neither relevant to the parties' claims

16  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

17  extent that it calls for information not reasonably related to establishing liability under 47 U.S.C.

18  § 227(b)(1)(A)(iii) in the Class Action Complaint in this matter.  RMG also objects to this

19  Request as overly broad in its use of the term "TEXT MESSAGES" as defined in these Requests,

20  as vague and ambiguous in its use of the undefined terms "purpose", "context", "conduct", and

21  "methodology", and as not readily susceptible to response to the extent it references

22  "PROPOSED CLASS MEMBER" as RMG is unable to identify a "PROPOSED CLASS

23  MEMBER" as defined in these Requests.  Subject to and without waiving the foregoing

24  objections or the Preliminary Statement and the General Objections, which are incorporated

25  herein by reference, RMG responds as follows:

26       RMG will produce non-privileged, non-protected, responsive documents to the extent that

27  these documents exist and are in the possession, custody and control of responding party.

28

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1    DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1   **REQUEST FOR PRODUCTION NO. 66:**

2       All DOCUMENTS and ESI RELATING TO the TCPA.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

4       RMG objects to this Request as overly broad and unduly burdensome.  RMG objects to

5   this Request to the extent it seeks information protected by the attorney client privilege and/or the

6   work product doctrine. RMG further objects to this Request as overly broad in its use of the term

7   "TCPA" as defined in these Requests, as vague and ambiguous, and as not limited by time period.

8   RMG also objects to this Request as seeking information that is neither relevant to the parties'

9   claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to

10  the extent that it calls for information not reasonably related to the SMS text messages or text

11  message content identified in the Class Action Complaint in this matter.

12  **REQUEST FOR PRODUCTION NO. 67:**

13      All COMMUNICATIONS RELATING TO the TCPA.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

15      RMG objects to this Request as overly broad and unduly burdensome.  RMG objects to

16  this Request to the extent it seeks information protected by the attorney client privilege and/or the

17  work product doctrine. RMG further objects to this Request as overly broad in its use of the term

18  "TCPA" as defined in these Requests, as vague and ambiguous, and as not limited by time period.

19  RMG also objects to this Request as seeking information that is neither relevant to the parties'

20  claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to

21  the extent that it calls for information not reasonably related to the SMS text messages or text

22  message content identified in the Class Action Complaint in this matter.

23  **REQUEST FOR PRODUCTION NO. 68:**

24      All DOCUMENTS and ESI RELATING TO YOUR procedures and criteria for ensuring

25  YOUR compliance with the TCPA.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

27      RMG objects to this Request as compound, overly broad and unduly burdensome.  RMG

28  objects to this Request to the extent that it seeks information protected by the attorney client

-47-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1   privilege and/or the work product doctrine. RMG further objects to this Request as overly broad

2   in its use of the terms "YOUR" and "TCPA" as defined in these Requests.  RMG also objects to

3   this Request as seeking information that is neither relevant to the parties' claims or defenses nor

4   reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for

5   information not reasonably related to the SMS text messages or text message content identified in

6   the Class Action Complaint in this matter.  Subject to and without waiving the foregoing

7   objections or the Preliminary Statement and the General Objections, which are incorporated

8   herein by reference, RMG responds as follows:

9        RMG will produce non-privileged, non-protected, responsive documents to the extent that

10  these documents exist and are in the possession, custody and control of responding party.

11  **REQUEST FOR PRODUCTION NO. 69:**

12       All COMMUNICATIONS RELATING TO YOUR procedures and criteria for ensuring

13  YOUR compliance with the TCPA.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

15       RMG objects to this Request as compound, overly broad and unduly burdensome.  RMG

16  objects to this Request to the extent it seeks information protected by the attorney client privilege

17  or work product doctrine. RMG further objects to this Request as overly broad in its use of the

18  terms "YOUR" and "TCPA" as defined in these Requests.  RMG also objects to this Request as

19  seeking information that is neither relevant to the parties' claims or defenses nor reasonably

20  calculated to lead to the discovery of admissible evidence, to the extent that it calls for

21  information not reasonably related to the SMS text messages or text message content identified in

22  the Class Action Complaint in this matter.  Subject to and without waiving the foregoing

23  objections or the Preliminary Statement and the General Objections, which are incorporated

24  herein by reference, RMG responds as follows:

25       RMG will produce non-privileged, non-protected, responsive documents to the extent that

26  these documents exist and are in the possession, custody and control of responding party.

27  **REQUEST FOR PRODUCTION NO. 70:**

28       All DOCUMENTS and ESI RELATING TO YOUR procedures and criteria for ensuring

DLA Piper LLP (US)
San Francisco

1   that third parties hired by YOU or acting on YOUR behalf comply with the TCPA.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

3   RMG objects to this Request as compound, overly broad and unduly burdensome. RMG

4   objects to this Request to the extent it seeks information protected by the attorney client privilege

5   or work product doctrine. RMG further objects to this Request as overly broad in its use of the

6   terms "YOUR", "YOU", and "TCPA" as defined in these Requests, and as vague and ambiguous

7   in its use of the undefined phrase "criteria for ensuring". RMG also objects to this Request as

8   premised on a factual circumstance without any foundation. Additionally, RMG objects to this

9   Request as seeking information that is neither relevant to the parties' claims or defenses nor

10  reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for

11  information not reasonably related to the SMS text messages or text message content identified in

12  the Class Action Complaint in this matter. Subject to and without waiving the foregoing

13  objections or the Preliminary Statement and the General Objections, which are incorporated

14  herein by reference, RMG responds as follows:

15  RMG will produce non-privileged, non-protected, responsive documents to the extent that

16  these documents exist and are in the possession, custody and control of responding party.

17  **REQUEST FOR PRODUCTION NO. 71:**

18  All COMMUNICATIONS RELATING TO YOUR procedures and criteria for ensuring

19  that third parties hired by YOU or acting on YOUR behalf comply with the TCPA.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

21  RMG objects to this Request as compound, overly broad and unduly burdensome. RMG

22  objects to this Request to the extent it seeks information protected by the attorney client privilege

23  or work product doctrine. RMG further objects to this Request as overly broad in its use of the

24  terms "YOUR", "YOU", and "TCPA" as defined in these Requests, and as vague and ambiguous

25  in its use of the undefined phrase "criteria for ensuring". RMG also objects to this Request as

26  premised on a factual circumstance without any foundation. Additionally, RMG objects to this

27  Request as seeking information that is neither relevant to the parties' claims or defenses nor

28  reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for

-49-

1    information not reasonably related to the SMS text messages or text message content identified in

2    the Class Action Complaint in this matter. Subject to and without waiving the foregoing

3    objections or the Preliminary Statement and the General Objections, which are incorporated

4    herein by reference, RMG responds as follows:

5          RMG will produce non-privileged, non-protected, responsive documents to the extent that

6    these documents exist and are in the possession, custody and control of responding party.

7    **REQUEST FOR PRODUCTION NO. 72:**

8          All DOCUMENTS and ESI RELATING TO YOUR procedures and criteria for ensuring

9    that YOUR business partners comply with the TCPA.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

11          RMG objects to this Request as compound, overly broad and unduly burdensome. RMG

12    objects to this Request to the extent it seeks information protected by the attorney client privilege

13    and/or the work product doctrine. RMG further objects to this Request as overly broad in its use

14    of the terms "YOUR" and "TCPA" as defined in these Requests, and as vague and ambiguous in

15    its use of the undefined term "business partners" and undefined phrase "criteria for ensuring".

16    RMG also objects to this Request as premised on a factual circumstance without any foundation.

17    Additionally, RMG objects to this Request as seeking information that is neither relevant to the

18    parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible

19    evidence, to the extent that it calls for information not reasonably related to the SMS text

20    messages or text message content identified in the Class Action Complaint in this matter. Subject

21    to and without waiving the foregoing objections or the Preliminary Statement and the General

22    Objections, which are incorporated herein by reference, RMG responds as follows:

23          RMG will produce non-privileged, non-protected, responsive documents to the extent that

24    these documents exist and are in the possession, custody and control of responding party.

25    **REQUEST FOR PRODUCTION NO. 73:**

26          All COMMUNICATIONS RELATING TO YOUR procedures and criteria for ensuring

27    that YOUR business partners comply with the TCPA.

28

DLA PIPER LLP (US)
SAN FRANCISCO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

RMG objects to this Request as compound, overly broad and unduly burdensome. RMG objects to this Request to the extent it seeks information protected by the attorney client privilege and/or the work product doctrine. RMG further objects to this Request as overly broad in its use of the terms "YOUR" and "TCPA" as defined in these Requests, and as vague and ambiguous in its use of the undefined term "business partners" and undefined phrase "criteria for ensuring". RMG also objects to this Request as premised on a factual circumstance without any foundation. Additionally, RMG objects to this Request as seeking information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for information not reasonably related to the SMS text messages or text message content identified in the Class Action Complaint in this matter. Subject to and without waiving the foregoing objections or the Preliminary Statement and the General Objections, which are incorporated herein by reference, RMG responds as follows:

RMG will produce non-privileged, non-protected, responsive documents to the extent that these documents exist and are in the possession, custody and control of responding party.

**REQUEST FOR PRODUCTION NO. 74:**

All complaints received by YOU, INCLUDING consumer complaints and government investigations, RELATING TO the TEXT MESSAGES, or any alleged violations of the TCPA, regardless of whether lawsuits arose out of such complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

RMG objects to this Request as compound, overly broad, and unduly burdensome. RMG further objects to this Request as overly broad in its use of the terms "YOU", "TEXT MESSAGES", and "TCPA" as defined in these Requests. RMG also objects to this Request as not limited in time period. Additionally, RMG objects to this Request as seeking information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for information not reasonably related to the SMS text messages or text message content identified in the Class Action Complaint in this matter. Subject to and without waiving the foregoing objections or the Preliminary Statement and

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  the General Objections, which are incorporated herein by reference, RMG offers to meet and

2  confer with Plaintiff regarding the timing and scope of this Request.

3  **REQUEST FOR PRODUCTION NO. 75:**

4      All COMMUNICATIONS RELATING TO the complaints YOU produced in response to

5  Request for Production No. 74 above.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

7      RMG objects to this Request as compound, overly broad, and unduly burdensome. RMG

8  further objects to this Request as overly broad in its use of the term "YOU" as defined in these

9  Requests. RMG also objects to this Request as not limited in time period. Additionally, RMG

10  objects to this Request as seeking information that is neither relevant to the parties' claims or

11  defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent

12  that it calls for information not reasonably related to the SMS text messages or text message

13  content identified in the Class Action Complaint in this matter. Subject to and without waiving

14  the foregoing objections or the Preliminary Statement and the General Objections, which are

15  incorporated herein by reference, RMG offers to meet and confer with Plaintiff regarding the

16  timing and scope of this Request.

17  **REQUEST FOR PRODUCTION NO. 76:**

18      All consumer complaints received by YOU RELATING TO the TRANSMISSION of

19  SMS MESSAGES.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

21      RMG objects to this Request as overly broad and unduly burdensome. RMG further

22  objects to this Request as overly broad in its use of the terms "YOU" and "TRANSMISSION" as

23  defined in these Requests. RMG also objects to this Request as duplicative and harassing to the

24  extent it requests the same information sought in Request No. 74, and as not limited in time

25  period. Additionally, RMG objects to this Request as seeking information that is neither relevant

26  to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible

27  evidence, to the extent that it calls for information not reasonably related to the SMS text

28  messages or text message content identified in the Class Action Complaint in this matter. Subject

-52-

DLA PIPER LLP (US)
SAN FRANCISCO

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
WEST\240662709.1     PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1   to and without waiving the foregoing objections or the Preliminary Statement and the General

2   Objections, which are incorporated herein by reference, RMG offers to meet and confer with

3   Plaintiff regarding the timing and scope of this Request.

4   **REQUEST FOR PRODUCTION NO. 77:**

5     All DOCUMENTS and ESI RELATING TO and/or containing the phone numbers (323)

6   400-9751, (323) 819-3946, (347) 304-1748, (507) 676-2674, (612) 723-6736, (347) 304-0382,

7   (619) 346-9694, (662) 336-0540, (262) 717-5843, (315) 775-6453, and/or (347) 452-6839.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

9     RMG object to this Request as compound, overly broad, and unduly burdensome.  RMG

10  further objects to this Request as premised on a factual circumstance without any foundation.

11  RMG also objects to this Request as not limited in time period.  Additionally, RMG objects to

12  this Request as seeking information that is neither relevant to the parties' claims or defenses nor

13  reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for

14  information not reasonably related to the SMS text messages or text message content identified in

15  the Class Action Complaint in this matter.  Subject to and without waiving the foregoing

16  objections or the Preliminary Statement and the General Objections, which are incorporated

17  herein by reference, RMG responds as follows:

18    RMG will produce non-privileged, non-protected, responsive documents to the extent that

19  these documents exist and are in the possession, custody and control of responding party.

20  **REQUEST FOR PRODUCTION NO. 78:**

21    All COMMUNICATIONS RELATING TO and/or containing the phone numbers (323)

22  400-9751, (323) 819-3946, (347) 304-1748, (507) 676-2674, (612) 723-6736, (347) 304-0382,

23  (619) 346-9694, (662) 336-0540, (262) 717-5843, (315) 775-6453, and/or (347) 452-6839.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

25    RMG objects to this Request as compound, overly broad, and unduly burdensome.  RMG

26  further objects to this Request as premised on a factual circumstance without any foundation.

27  RMG also objects to this Request as not limited in time period.  Additionally, RMG objects to

28  this Request as seeking information that is neither relevant to the parties' claims or defenses nor

1    reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for

2    information not reasonably related to the SMS text messages or text message content identified in

3    the Class Action Complaint in this matter.  Subject to and without waiving the foregoing

4    objections or the Preliminary Statement and the General Objections, which are incorporated

5    herein by reference, RMG responds as follows:

6         RMG will produce non-privileged, non-protected, responsive documents to the extent that

7    these documents exist and are in the possession, custody and control of responding party.

8    **REQUEST FOR PRODUCTION NO. 79:**

9         All DOCUMENTS and ESI RELATING TO and/or containing the name "David

10   Trindade."

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

12        RMG objects to this Request to the extent it seeks documents protected from discovery by

13   the attorney-client privilege or work product doctrine.  RMG further objects to this Request to the

14   extent it seeks documents in Plaintiff's possession, custody or control.  RMG also objects to this

15   Request as duplicative and harassing to the extent it requests the same information sought in

16   Request No. 12.  Subject to and without waiving the foregoing objections or the Preliminary

17   Statement and the General Objections, which are incorporated herein by reference, RMG

18   responds as follows:

19        RMG will produce non-privileged, non-protected, responsive documents to the extent that

20   these documents exist and are in the possession, custody and control of responding party.

21   **REQUEST FOR PRODUCTION NO. 80:**

22        All COMMUNICATIONS RELATING TO and/or containing the name "David

23   Trindade."

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

25        RMG objects to this Request to the extent it seeks documents protected from discovery by

26   the attorney-client privilege or work product doctrine.  RMG further objects to this Request to the

27   extent it seeks documents in Plaintiff's possession, custody or control.  RMG also objects to this

28   Request as duplicative and harassing to the extent it requests the same information sought in

DLA Piper LLP (US)
San Francisco
WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1   Request Nos. 12 and 13.  Subject to and without waiving the foregoing objections or the

2   Preliminary Statement and the General Objections, which are incorporated herein by reference,

3   RMG responds as follows:

4        RMG will produce non-privileged, non-protected, responsive documents to the extent that

5   these documents exist and are in the possession, custody and control of responding party.

6   **REQUEST FOR PRODUCTION NO. 81:**

7        All DOCUMENTS and ESI RELATING TO and/or containing the phone number (408)

8   205-2066.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

10       RMG objects to this Request as overly broad and unduly burdensome.  RMG further

11  objects to this Request as premised on a factual circumstance without any foundation.  RMG also

12  objects to this Request as not limited in time period.  Additionally, RMG objects to this Request

13  as seeking information that is neither relevant to the parties' claims or defenses nor reasonably

14  calculated to lead to the discovery of admissible evidence, to the extent that it calls for

15  information not reasonably related to the SMS text messages or text message content identified in

16  the Class Action Complaint in this matter.  Subject to and without waiving the foregoing

17  objections or the Preliminary Statement and the General Objections, which are incorporated

18  herein by reference, RMG responds as follows:

19       RMG will produce non-privileged, non-protected, responsive documents to the extent that

20  these documents exist and are in the possession, custody and control of responding party.

21  **REQUEST FOR PRODUCTION NO. 82:**

22       All COMMUNICATIONS RELATING TO and/or containing the phone number (408)

23  205-2066.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

25       RMG objects to this Request as overly broad and unduly burdensome.  RMG further

26  objects to this Request as premised on a factual circumstance without any foundation.  RMG also

27  objects to this Request as not limited in time period.  Additionally, RMG objects to this Request

28  as seeking information that is neither relevant to the parties' claims or defenses nor reasonably

1  calculated to lead to the discovery of admissible evidence, to the extent that it calls for

2  information not reasonably related to the SMS text messages or text message content identified in

3  the Class Action Complaint in this matter.  Subject to and without waiving the foregoing

4  objections or the Preliminary Statement and the General Objections, which are incorporated

5  herein by reference, RMG responds as follows:

6           RMG will produce non-privileged, non-protected, responsive documents to the extent that

7  these documents exist and are in the possession, custody and control of responding party.

8  **REQUEST FOR PRODUCTION NO. 83:**

9           All contracts, agreements, or other written understandings between YOU and EWA.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

11          RMG objects to this Request as overly broad in its use of the term "YOU" as defined in

12 these Requests, and as vague and ambiguous in its use of the undefined phrase "written

13 understandings." RMG further objects to this Request as seeking information that is neither

14 relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

15 admissible evidence, to the extent that it calls for information not reasonably related to the SMS

16 text message or text message content identified in the Class Action Complaint in this matter.

17 Subject to and without waiving the foregoing objections or the Preliminary Statement and the

18 General Objections, which are incorporated herein by reference, RMG responds as follows:

19          RMG will produce non-privileged, non-protected, responsive documents to the extent that

20 these documents exist and are in the possession, custody and control of responding party.

21 **REQUEST FOR PRODUCTION NO. 84:**

22          All contracts, agreements, or written understandings exchanged between YOU and Third-

23 Party Defendant Ryan Lenahan.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

25          RMG objects to this Request as overly broad in its use of the term "YOU" as defined in

26 these Requests, and as vague and ambiguous in its use of the undefined phrase "written

27 understandings." RMG further objects to this Request as seeking information that is neither

28 relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    admissible evidence, to the extent that it calls for information not reasonably related to the SMS

2    text message or text message content identified in the Class Action Complaint in this matter.

3    Subject to and without waiving the foregoing objections or the Preliminary Statement and the

4    General Objections, which are incorporated herein by reference, RMG responds as follows:

5          RMG informally produced the relevant, non-privileged and non-protected documents in

6    its possession, custody and control responsive to this Request on February 4, 2013, when counsel

7    for RMG emailed Plaintiff's counsel a zip drive containing RMG's Opposition to Third-Party

8    Defendant Ryan Lenahan's Anti-SLAPP Motion, the Dowd Declaration, and Exhibits A through

9    S, in support of the Dowd Declaration.  Relevant, non-privileged and non-protected documents

10   responsive to this Request are contained within this compilation of exhibits.  RMG will formally

11   produce these relevant, non-privileged, non-protected and responsive exhibits to Plaintiff.

12   **REQUEST FOR PRODUCTION NO. 85:**

13         All contracts, agreements, or other written understandings between YOU and Third-Party

14   Defendant Kyle Danna.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

16         RMG objects to this Request as overly broad in its use of the term "YOU" as defined in

17   these Requests, and as vague and ambiguous in its use of the undefined phrase "written

18   understandings." RMG further objects to this Request as seeking information that is neither

19   relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of

20   admissible evidence, to the extent that it calls for information not reasonably related to the SMS

21   text message or text message content identified in the Class Action Complaint in this matter.

22   Subject to and without waiving the foregoing objections or the Preliminary Statement and the

23   General Objections, which are incorporated herein by reference, RMG responds as follows:

24         RMG will produce non-privileged, non-protected, responsive documents to the extent that

25   these documents exist and are in the possession, custody and control of responding party.

26   **REQUEST FOR PRODUCTION NO. 86:**

27         All DOCUMENTS and ESI sufficient to IDENTIFY the total top-line revenue YOU

28   received as the result of EWA directing PERSONS to CashAdvanceDiamond.com,

1  MobileCashSource.com, and any websites owned and/or operated by YOU.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

3      RMG objects to this Request as compound, overly broad and unduly burdensome. RMG

4  further objects to this Request as seeking information that is neither relevant to the parties' claims

5  or defenses nor reasonably calculated to lead to the discovery of admissible evidence. RMG also

6  objects to this Request as overly broad in its use of the term "YOU" as defined in these Requests,

7  and as vague and ambiguous in its use of the undefined term "top-line revenue" and undefined

8  phrase "directing PERSONS".

9  **REQUEST FOR PRODUCTION NO. 87:**

10      All COMMUNICATIONS sufficient to IDENTIFY the total top-line revenue YOU

11  received as the result of EWA directing PERSONS to CashAdvanceDiamond.com,

12  MobileCashSource.com, and any websites owned and/or operated by YOU.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

14      RMG objects to this Request as compound, overly broad and unduly burdensome. RMG

15  further objects to this Request as seeking information that is neither relevant to the parties' claims

16  or defenses nor reasonably calculated to lead to the discovery of admissible evidence. RMG also

17  objects to this Request as overly broad in its use of the term "YOU" as defined in these Requests,

18  and as vague and ambiguous in its use of the undefined term "top-line revenue" and undefined

19  phrase "directing PERSONS".

20  **REQUEST FOR PRODUCTION NO. 88:**

21      All DOCUMENTS and ESI sufficient to IDENTIFY the total amount(s) of money YOU

22  paid to EWA RELATING TO the TEXT MESSAGES.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

24      RMG objects to this Request as vague and ambiguous. RMG further objects to this

25  Request as seeking information that is neither relevant to the parties' claims or defenses nor

26  reasonably calculated to lead to the discovery of admissible evidence. RMG also objects to this

27  Request as overly broad in its use of the terms "YOU" and "TEXT MESSAGES" as defined in

28  these Requests.

-58-

DLA Piper LLP (US)
San Francisco

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    **REQUEST FOR PRODUCTION NO. 89**:

2        All COMMUNICATIONS sufficient to IDENTIFY the total amount(s) of money YOU

3    paid to EWA RELATING TO the TEXT MESSAGES.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 89**:

5        RMG objects to this Request as vague and ambiguous. RMG further objects to this

6    Request as seeking information that is neither relevant to the parties' claims or defenses nor

7    reasonably calculated to lead to the discovery of admissible evidence. RMG also objects to this

8    Request as overly broad in its use of the terms "YOU" and "TEXT MESSAGES" as defined in

9    these Requests.

10   **REQUEST FOR PRODUCTION NO. 90**:

11       All DOCUMENTS and ESI sufficient to IDENTIFY the total amount(s) of money EWA

12   invoiced to YOU RELATING TO the TEXT MESSAGES.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 90**:

14       RMG objects to this Request as vague and ambiguous. RMG further objects to this

15   Request as seeking information that is neither relevant to the parties' claims or defenses nor

16   reasonably calculated to lead to the discovery of admissible evidence. RMG also objects to this

17   Request as overly broad in its use of the terms "YOU" and "TEXT MESSAGES" as defined in

18   these Requests.

19   **REQUEST FOR PRODUCTION NO. 91**:

20       All COMMUNICATIONS sufficient to IDENTIFY the total amount(s) of money EWA

21   invoiced to YOU RELATING TO the TEXT MESSAGES.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 91**:

23       RMG objects to this Request as vague and ambiguous. RMG further objects to this

24   Request as seeking information that is neither relevant to the parties' claims or defenses nor

25   reasonably calculated to lead to the discovery of admissible evidence. RMG also objects to this

26   Request as overly broad in its use of the terms "YOU" and "TEXT MESSAGES" as defined in

27   these Requests.

28

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1   **REQUEST FOR PRODUCTION NO. 92:**

2        All insurance policies that may provide, or upon which YOU may make claims for,

3   coverage RELATING TO the subject matter of this lawsuit.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

5        RMG objects to this Request as overly broad in its use of the term "YOU" as defined in

6   these Requests.  RMG further objects to this Request as calling for a legal conclusion.  Subject to

7   and without waiving the foregoing objection or any of the General Objections, which are

8   incorporated herein by reference, RMG responds as follows:

9        RMG has no relevant, non-privileged, and non-protected insurance policies in its

10  possession, custody or control that are responsive to this Request.

11  **REQUEST FOR PRODUCTION NO. 93:**

12       All DOCUMENTS IDENTIFYING any Internet tracking links, referrer headers,

13  electronic COMMUNICATIONS, records of impressions, or any other CLICKSTREAM data for

14  each PERSON EWA directed to CashAdvanceDiamond.com, MobileCashSource.com, and any

15  other websites owned and/or operated by YOU.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

17       RMG objects to this Request as compound, overly broad, and unduly burdensome.  RMG

18  further objects to this Request as seeking information that is neither relevant to the parties' claims

19  or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the

20  extent that it calls for information not reasonably related to the SMS text messages or text

21  message content identified in the Class Action Complaint in this matter.  RMG also objects to this

22  Request as overly broad in its use of the term "YOU" as defined in these Requests, and as vague

23  and ambiguous in its use of the undefined terms "Internet tracking links", "referrer headers", and

24  "records of impressions" and the undefined phrase "directed to".  Additionally, RMG objects to

25  this Request as not limited by time period.  Subject to and without waiving the foregoing

26  objections or the Preliminary Statement and the General Objections, which are incorporated

27  herein by reference, RMG offers to meet and confer with Plaintiff regarding the timing and scope

28  of this Request.

-60-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    **REQUEST FOR PRODUCTION NO. 94:**

2        All "Creatives", as referenced in paragraphs 16-18, that YOU supplied to EWA, Ryan

3    Lenahan, and Kyle Danna.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

5        RMG objects to this Request as vague and ambiguous in its reference to "paragraphs 16-

6    18." For purposes of responding to this Request, RMG interprets the reference to "paragraphs 16-

7    18" in this Request as referring to paragraphs 16, 17, and 18 of the Third-Party Complaint (Dkt.

8    22) in this matter. Subject to and without waiving the foregoing objections or the Preliminary

9    Statement and the General Objections, which are incorporated herein by reference, RMG

10   responds as follows:

11       RMG will produce non-privileged, non-protected, responsive documents to the extent that

12   these documents exist and are in the possession, custody and control of responding party.

13   **REQUEST FOR PRODUCTION NO. 95:**

14       All DOCUMENTS and ESI that support and/or that YOU relied on in asserting YOUR

15   First Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

17       RMG objects to this Request as compound, and as overly broad in its use of the terms

18   "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

19   duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

20   RMG also objects to this Request to the extent it seeks documents in Plaintiff's possession,

21   custody or control, and to the extent it calls for attorney-client privileged information, attorney

22   work product, or confidential, proprietary, and/or trade secret information. Additionally, RMG

23   objects to this Request as premature, as RMG has only begun to conduct its investigation and

24   discovery and thus, the information sought in this Request is not yet known or readily obtainable

25   by RMG. Subject to and without waiving the foregoing objections or the Preliminary Statement

26   and the General Objections, which are incorporated herein by reference, RMG responds as

27   follows:

28       RMG informally produced relevant, non-privileged and non-protected documents in its

1    possession, custody and control responsive to this Request on February 4, 2013, when counsel for

2    RMG emailed Plaintiff's counsel a zip drive containing RMG's Opposition to Third-Party

3    Defendant Ryan Lenahan's Anti-SLAPP Motion, the Dowd Declaration, and Exhibits A through

4    S, in support of the Dowd Declaration.  Relevant, non-privileged and non-protected documents

5    responsive to this Request are contained within this compilation of exhibits.  RMG will formally

6    produce these relevant, non-privileged, non-protected and responsive exhibits to Plaintiff.  RMG

7    will also produce to Plaintiff:

8         (1) A screenshot of EWA's account information as a former publisher of RMG; and

9         (2) The Insertion Orders into which EWA and RMG entered.

10   **REQUEST FOR PRODUCTION NO. 96:**

11        All COMMUNICATIONS that support and/or that YOU relied on in asserting YOUR

12   First Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

14        RMG objects to this Request as compound, and as  overly broad in its use of the terms

15   "YOU" and "YOUR" as defined in these Requests.  RMG further objects to this Request as

16   duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

17   RMG also objects to this Request to the extent it seeks information in Plaintiff's possession,

18   custody or control, and to the extent it calls for attorney-client privileged information, attorney

19   work product, or confidential, proprietary, and/or trade secret information.  Additionally, RMG

20   objects to this Request as premature, as RMG has only begun to conduct its investigation and

21   discovery and thus, the information sought in this Request is not yet known or readily obtainable

22   by RMG.  Subject to and without waiving the foregoing objections or the Preliminary Statement

23   and the General Objections, which are incorporated herein by reference, RMG responds as

24   follows:

25        RMG informally produced relevant, non-privileged and non-protected documents in its

26   possession, custody and control responsive to this Request on February 4, 2013, when counsel for

27   RMG emailed Plaintiff's counsel a zip drive containing RMG's Opposition to Third-Party

28   Defendant Ryan Lenahan's Anti-SLAPP Motion, the Dowd Declaration, and Exhibits A through

1  S, in support of the Dowd Declaration. Relevant, non-privileged and non-protected documents

2  responsive to this Request are contained within this compilation of exhibits. RMG will formally

3  produce these relevant, non-privileged, non-protected and responsive exhibits to Plaintiff. RMG

4  will also produce to Plaintiff:

5      (1) A screenshot of EWA's account information as a former publisher of RMG; and

6      (2) The Insertion Orders into which EWA and RMG entered.

7  **REQUEST FOR PRODUCTION NO. 97:**

8      All DOCUMENTS and ESI that support and/or that YOU relied on in asserting YOUR

9  Second Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

11      RMG objects to this Request as compound, and as overly broad in its use of the terms

12  "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

13  duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

14  RMG also objects to this Request to the extent it seeks documents in Plaintiff's possession,

15  custody or control, and to the extent it calls for attorney-client privileged information, attorney

16  work product, or confidential, proprietary, and/or trade secret information. Additionally, RMG

17  objects to this Request as premature, as RMG has only begun to conduct its investigation and

18  discovery and thus, the information sought in this Request is not yet known or readily obtainable

19  by RMG.

20  **REQUEST FOR PRODUCTION NO. 98:**

21      All COMMUNICATIONS that support and/or that YOU relied on in asserting YOUR

22  Second Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

24      RMG objects to this Request as compound, and as overly broad in its use of the terms

25  "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

26  duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

27  RMG also objects to this Request to the extent it seeks information in Plaintiff's possession,

28  custody or control, and to the extent it calls for attorney-client privileged information, attorney

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    work product, or confidential, proprietary, and/or trade secret information.  Additionally, RMG

2    objects to this Request as premature, as RMG has only begun to conduct its investigation and

3    discovery and thus, the information sought in this Request is not yet known or readily obtainable

4    by RMG.

5    **REQUEST FOR PRODUCTION NO. 99:**

6         All DOCUMENTS and ESI that support and/or that YOU relied on in asserting YOUR

7    Third Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

9         RMG objects to this Request as compound, and as overly broad in its use of the terms

10   "YOU" and "YOUR" as defined in these Requests.  RMG further objects to this Request as

11   duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

12   RMG also objects to this Request to the extent it seeks documents in Plaintiff's possession,

13   custody or control, and to the extent it calls for attorney-client privileged information, attorney

14   work product, or confidential, proprietary, and/or trade secret information.  Additionally, RMG

15   objects to this Request as premature, as RMG has only begun to conduct its investigation and

16   discovery and thus, the information sought in this Request is not yet known or readily obtainable

17   by RMG.

18   **REQUEST FOR PRODUCTION NO. 100:**

19        All COMMUNICATIONS that support and/or that YOU relied on in asserting YOUR

20   Third Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

22        RMG objects to this Request as compound, and as overly broad in its use of the terms

23   "YOU" and "YOUR" as defined in these Requests.  RMG further objects to this Request as

24   duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

25   RMG also objects to this Request to the extent it seeks information in Plaintiff's possession,

26   custody or control, and to the extent it calls for attorney-client privileged information, attorney

27   work product, or confidential, proprietary, and/or trade secret information.  Additionally, RMG

28   objects to this Request as premature, as RMG has only begun to conduct its investigation and

DLA PIPER LLP (US)
SAN FRANCISCO

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
WEST\240662709.1    PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  discovery and thus, the information sought in this Request is not yet known or readily obtainable

2  by RMG.

3  **REQUEST FOR PRODUCTION NO. 101:**

4      All DOCUMENTS and ESI that support and/or that YOU relied on in asserting YOUR

5  Fourth Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

7      RMG objects to this Request as compound, and as  overly broad in its use of the terms

8  "YOU" and "YOUR" as defined in these Requests.  RMG further objects to this Request as

9  duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

10  RMG also objects to this Request to the extent it seeks documents in Plaintiff's possession,

11  custody or control, and to the extent it calls for attorney-client privileged information, attorney

12  work product, or confidential, proprietary, and/or trade secret information.  Additionally, RMG

13  objects to this Request as premature, as RMG has only begun to conduct its investigation and

14  discovery and thus, the information sought in this Request is not yet known or readily obtainable

15  by RMG.

16  **REQUEST FOR PRODUCTION NO. 102:**

17      All COMMUNICATIONS that support and/or that YOU relied on in asserting YOUR

18  Fourth Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

20      RMG objects to this Request as compound, and as  overly broad in its use of the terms

21  "YOU" and "YOUR" as defined in these Requests.  RMG further objects to this Request as

22  duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

23  RMG also objects to this Request to the extent it seeks information in Plaintiff's possession,

24  custody or control, and to the extent it calls for attorney-client privileged information, attorney

25  work product, or confidential, proprietary, and/or trade secret information.  Additionally, RMG

26  objects to this Request as premature, as RMG has only begun to conduct its investigation and

27  discovery and thus, the information sought in this Request is not yet known or readily obtainable

28  by RMG.

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1   **REQUEST FOR PRODUCTION NO. 103:**

2       All DOCUMENTS and ESI that support and/or that YOU relied on in asserting YOUR

3   Fifth Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

5       RMG objects to this Request as compound, and as overly broad in its use of the terms

6   "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

7   duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

8   RMG also objects to this Request to the extent it seeks documents in Plaintiff's possession,

9   custody or control, and to the extent it calls for attorney-client privileged information, attorney

10   work product, or confidential, proprietary, and/or trade secret information. Additionally, RMG

11   objects to this Request as premature, as RMG has only begun to conduct its investigation and

12   discovery and thus, the information sought in this Request is not yet known or readily obtainable

13   by RMG.

14   **REQUEST FOR PRODUCTION NO. 104:**

15       All COMMUNICATIONS that support and/or that YOU relied on in asserting YOUR

16   Fifth Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

18       RMG objects to this Request as compound, and as overly broad in its use of the terms

19   "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

20   duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

21   RMG also objects to this Request to the extent it seeks information in Plaintiff's possession,

22   custody or control, and to the extent it calls for attorney-client privileged information, attorney

23   work product, or confidential, proprietary, and/or trade secret information. Additionally, RMG

24   objects to this Request as premature, as RMG has only begun to conduct its investigation and

25   discovery and thus, the information sought in this Request is not yet known or readily obtainable

26   by RMG.

27   **REQUEST FOR PRODUCTION NO. 105:**

28       All DOCUMENTS and ESI that support and/or that YOU relied on in asserting YOUR

DLA Piper LLP (US)
San Francisco
WEST\240662709.1
DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    Sixth Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

3         RMG objects to this Request as compound, and as overly broad in its use of the terms

4    "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

5    duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

6    RMG also objects to this Request to the extent it seeks documents in Plaintiff's possession,

7    custody or control, and to the extent it calls for attorney-client privileged information, attorney

8    work product, or confidential, proprietary, and/or trade secret information. Additionally, RMG

9    objects to this Request as premature, as RMG has only begun to conduct its investigation and

10   discovery and thus, the information sought in this Request is not yet known or readily obtainable

11   by RMG. Subject to and without waiving the foregoing objections or the Preliminary Statement

12   and the General Objections, which are incorporated herein by reference, RMG responds as

13   follows:

14        RMG informally produced relevant, non-privileged and non-protected documents in its

15   possession, custody and control responsive to this Request on February 4, 2013, when counsel for

16   RMG emailed Plaintiff's counsel a zip drive containing RMG's Opposition to Third-Party

17   Defendant Ryan Lenahan's Anti-SLAPP Motion, the Dowd Declaration, and Exhibits A through

18   S, in support of the Dowd Declaration. Relevant, non-privileged and non-protected documents

19   responsive to this Request are contained within this compilation of exhibits. RMG will formally

20   produce these relevant, non-privileged, non-protected and responsive exhibits to Plaintiff. RMG

21   will also produce to Plaintiff:

22        (1) A screenshot of EWA's account information as a former publisher of RMG; and

23        (2) The Insertion Orders into which EWA and RMG entered.

24   **REQUEST FOR PRODUCTION NO. 106:**

25        All COMMUNICATIONS that support and/or that YOU relied on in asserting YOUR

26   Sixth Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

28        RMG objects to this Request as compound, and as overly broad in its use of the terms

DLA PIPER LLP (US)
San Francisco

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

2  duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

3  RMG also objects to this Request to the extent it seeks information in Plaintiff's possession,

4  custody or control, and to the extent it calls for attorney-client privileged information, attorney

5  work product, or confidential, proprietary, and/or trade secret information. Additionally, RMG

6  objects to this Request as premature, as RMG has only begun to conduct its investigation and

7  discovery and thus, the information sought in this Request is not yet known or readily obtainable

8  by RMG. Subject to and without waiving the foregoing objections or the Preliminary Statement

9  and the General Objections, which are incorporated herein by reference, RMG responds as

10  follows:

11      RMG informally produced relevant, non-privileged and non-protected documents in its

12  possession, custody and control responsive to this Request on February 4, 2013, when counsel for

13  RMG emailed Plaintiff's counsel a zip drive containing RMG's Opposition to Third-Party

14  Defendant Ryan Lenahan's Anti-SLAPP Motion, the Dowd Declaration, and Exhibits A through

15  S, in support of the Dowd Declaration. Relevant, non-privileged and non-protected documents

16  responsive to this Request are contained within this compilation of exhibits. RMG will formally

17  produce these relevant, non-privileged, non-protected and responsive exhibits to Plaintiff. RMG

18  will produce to Plaintiff:

19      (1) A screenshot of EWA's account information as a former publisher of RMG; and

20      (2) The Insertion Orders into which EWA and RMG entered.

21  **REQUEST FOR PRODUCTION NO. 107:**

22      All DOCUMENTS and ESI that support and/or that YOU relied on in asserting YOUR

23  Seventh Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

25      RMG objects to this Request as compound, and as overly broad in its use of the terms

26  "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

27  duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

28  RMG also objects to this Request to the extent it seeks documents in Plaintiff's possession,

-68-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  custody or control, and to the extent it calls for attorney-client privileged information, attorney

2  work product, or confidential, proprietary, and/or trade secret information. Additionally, RMG

3  objects to this Request as premature, as RMG has only begun to conduct its investigation and

4  discovery and thus, the information sought in this Request is not yet known or readily obtainable

5  by RMG.

6  **REQUEST FOR PRODUCTION NO. 108:**

7       All COMMUNICATIONS that support and/or that YOU relied on in asserting YOUR

8  Seventh Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

10       RMG objects to this Request as compound, and as  overly broad in its use of the terms

11  "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

12  duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

13  RMG also objects to this Request to the extent it seeks information in Plaintiff's possession,

14  custody or control, and to the extent it calls for attorney-client privileged information, attorney

15  work product, or confidential, proprietary, and/or trade secret information. Additionally, RMG

16  objects to this Request as premature, as RMG has only begun to conduct its investigation and

17  discovery and thus, the information sought in this Request is not yet known or readily obtainable

18  by RMG.

19  **REQUEST FOR PRODUCTION NO. 109:**

20       All DOCUMENTS and ESI that support and/or that YOU relied on in asserting YOUR

21  Eighth Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

23       RMG objects to this Request as compound, and as  overly broad in its use of the terms

24  "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

25  duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

26  RMG also objects to this Request to the extent it seeks documents in Plaintiff's possession,

27  custody or control, and to the extent it calls for attorney-client privileged information, attorney

28  work product, or confidential, proprietary, and/or trade secret information. Additionally, RMG

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  objects to this Request as premature, as RMG has only begun to conduct its investigation and

2  discovery and thus, the information sought in this Request is not yet known or readily obtainable

3  by RMG.

4  **REQUEST FOR PRODUCTION NO. 110:**

5      All COMMUNICATIONS that support and/or that YOU relied on in asserting YOUR

6  Eighth Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

8      RMG objects to this Request as compound, and as overly broad in its use of the terms

9  "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

10  duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

11  RMG also objects to this Request to the extent it seeks information in Plaintiff's possession,

12  custody or control, and to the extent it calls for attorney-client privileged information, attorney

13  work product, or confidential, proprietary, and/or trade secret information. Additionally, RMG

14  objects to this Request as premature, as RMG has only begun to conduct its investigation and

15  discovery and thus, the information sought in this Request is not yet known or readily obtainable

16  by RMG.

17  **REQUEST FOR PRODUCTION NO. 111:**

18      All DOCUMENTS and ESI that support and/or that YOU relied on in asserting YOUR

19  Ninth Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

21      RMG objects to this Request as compound, and as overly broad in its use of the terms

22  "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

23  duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

24  RMG also objects to this Request to the extent it seeks documents in Plaintiff's possession,

25  custody or control, and to the extent it calls for attorney-client privileged information, attorney

26  work product, or confidential, proprietary, and/or trade secret information. Additionally, RMG

27  objects to this Request as premature, as RMG has only begun to conduct its investigation and

28  discovery and thus, the information sought in this Request is not yet known or readily obtainable

DLA PIPER LLP (US)
SAN FRANCISCO

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
WEST\240662709.1    PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  by RMG.

2  **REQUEST FOR PRODUCTION NO. 112:**

3      All COMMUNICATIONS that support and/or that YOU relied on in asserting YOUR

4  Ninth Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

6      RMG objects to this Request as compound, and as overly broad in its use of the terms

7  "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

8  duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

9  RMG also objects to this Request to the extent it seeks information in Plaintiff's possession,

10  custody or control, and to the extent it calls for attorney-client privileged information, attorney

11  work product, or confidential, proprietary, and/or trade secret information. Additionally, RMG

12  objects to this Request as premature, as RMG has only begun to conduct its investigation and

13  discovery and thus, the information sought in this Request is not yet known or readily obtainable

14  by RMG.

15  **REQUEST FOR PRODUCTION NO. 113:**

16      All DOCUMENTS and ESI that support and/or that YOU relied on in asserting YOUR

17  Tenth Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

19      RMG objects to this Request as compound, and as overly broad in its use of the terms

20  "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

21  duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

22  RMG also objects to this Request to the extent it seeks documents in Plaintiff's possession,

23  custody or control, and to the extent it calls for attorney-client privileged information, attorney

24  work product, or confidential, proprietary, and/or trade secret information. Additionally, RMG

25  objects to this Request as premature, as RMG has only begun to conduct its investigation and

26  discovery and thus, the information sought in this Request is not yet known or readily obtainable

27  by RMG. Subject to and without waiving the foregoing objections or the Preliminary Statement

28  and the General Objections, which are incorporated herein by reference, RMG responds as

1  follows:

2      RMG informally produced relevant, non-privileged and non-protected documents in its

3  possession, custody and control responsive to this Request on February 4, 2013, when counsel for

4  RMG emailed Plaintiff's counsel a zip drive containing RMG's Opposition to Third-Party

5  Defendant Ryan Lenahan's Anti-SLAPP Motion, the Dowd Declaration, and Exhibits A through

6  S, in support of the Dowd Declaration.  Relevant, non-privileged and non-protected documents

7  responsive to this Request are contained within this compilation of exhibits.  RMG will formally

8  produce these relevant, non-privileged, non-protected and responsive exhibits to Plaintiff.  RMG

9  will also produce to Plaintiff:

10      (1) A screenshot of EWA's account information as a former publisher of RMG; and

11      (2) The Insertion Orders into which EWA and RMG entered.

12  **REQUEST FOR PRODUCTION NO. 114:**

13      All COMMUNICATIONS that support and/or that YOU relied on in asserting YOUR

14  Tenth Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

16      RMG objects to this Request as compound, and as  overly broad in its use of the terms

17  "YOU" and "YOUR" as defined in these Requests.  RMG further objects to this Request as

18  duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

19  RMG also objects to this Request to the extent it seeks information in Plaintiff's possession,

20  custody or control, and to the extent it calls for attorney-client privileged information, attorney

21  work product, or confidential, proprietary, and/or trade secret information.  Additionally, RMG

22  objects to this Request as premature, as RMG has only begun to conduct its investigation and

23  discovery and thus, the information sought in this Request is not yet known or readily obtainable

24  by RMG.  Subject to and without waiving the foregoing objections or the Preliminary Statement

25  and the General Objections, which are incorporated herein by reference, RMG responds as

26  follows:

27      RMG informally produced relevant, non-privileged and non-protected documents in its

28  possession, custody and control responsive to this Request on February 4, 2013, when counsel for

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1   RMG emailed Plaintiff's counsel a zip drive containing RMG's Opposition to Third-Party

2   Defendant Ryan Lenahan's Anti-SLAPP Motion, the Dowd Declaration, and Exhibits A through

3   S, in support of the Dowd Declaration.  Relevant, non-privileged and non-protected documents

4   responsive to this Request are contained within this compilation of exhibits.  RMG will formally

5   produce these relevant, non-privileged, non-protected and responsive exhibits to Plaintiff.  RMG

6   will also produce to Plaintiff:

7        (1) A screenshot of EWA's account information as a former publisher of RMG; and

8        (2) The Insertion Orders into which EWA and RMG entered.

9   **REQUEST FOR PRODUCTION NO. 115:**

10       All DOCUMENTS and ESI that support and/or that YOU relied on in asserting YOUR

11  Eleventh Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

13       RMG objects to this Request as compound, and as  overly broad in its use of the terms

14  "YOU" and "YOUR" as defined in these Requests.  RMG further objects to this Request as

15  duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

16  RMG also objects to this Request to the extent it seeks documents in Plaintiff's possession,

17  custody or control, and to the extent it calls for attorney-client privileged information, attorney

18  work product, or confidential, proprietary, and/or trade secret information.  Additionally, RMG

19  objects to this Request as premature, as RMG has only begun to conduct its investigation and

20  discovery and thus, the information sought in this Request is not yet known or readily obtainable

21  by RMG.  Subject to and without waiving the foregoing objections or the Preliminary Statement

22  and the General Objections, which are incorporated herein by reference, RMG responds as

23  follows:

24       RMG informally produced relevant, non-privileged and non-protected documents in its

25  possession, custody and control responsive to this Request on February 4, 2013, when counsel for

26  RMG emailed Plaintiff's counsel a zip drive containing RMG's Opposition to Third-Party

27  Defendant Ryan Lenahan's Anti-SLAPP Motion, the Dowd Declaration, and Exhibits A through

28  S, in support of the Dowd Declaration.  Relevant, non-privileged and non-protected documents

-73-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1  responsive to this Request are contained within this compilation of exhibits. RMG will formally

2  produce these relevant, non-privileged, non-protected and responsive exhibits to Plaintiff. RMG

3  will also produce to Plaintiff:

4       (1) A screenshot of EWA's account information as a former publisher of RMG; and

5       (2) The Insertion Orders into which EWA and RMG entered.

6  **REQUEST FOR PRODUCTION NO. 116:**

7       All COMMUNICATIONS that support and/or that YOU relied on in asserting YOUR

8  Eleventh Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

10       RMG objects to this Request as compound, and as overly broad in its use of the terms

11  "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

12  duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

13  RMG also objects to this Request to the extent it seeks information in Plaintiff's possession,

14  custody or control, and to the extent it calls for attorney-client privileged information, attorney

15  work product, or confidential, proprietary, and/or trade secret information. Additionally, RMG

16  objects to this Request as premature, as RMG has only begun to conduct its investigation and

17  discovery and thus, the information sought in this Request is not yet known or readily obtainable

18  by RMG. Subject to and without waiving the foregoing objections or the Preliminary Statement

19  and the General Objections, which are incorporated herein by reference, RMG responds as

20  follows:

21       RMG informally produced relevant, non-privileged and non-protected documents in its

22  possession, custody and control responsive to this Request on February 4, 2013, when counsel for

23  RMG emailed Plaintiff's counsel a zip drive containing RMG's Opposition to Third-Party

24  Defendant Ryan Lenahan's Anti-SLAPP Motion, the Dowd Declaration, and Exhibits A through

25  S, in support of the Dowd Declaration. Relevant, non-privileged and non-protected documents

26  responsive to this Request are contained within this compilation of exhibits. RMG will formally

27  produce these relevant, non-privileged, non-protected and responsive exhibits to Plaintiff. RMG

28  will also produce to Plaintiff:

-74-

DLA PIPER LLP (US)
SAN FRANCISCO
WEST\240662709.1
DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    (1) A screenshot of EWA's account information as a former publisher of RMG; and

2    (2) The Insertion Orders into which EWA and RMG entered.

3    **REQUEST FOR PRODUCTION NO. 117:**

4    All DOCUMENTS and ESI that support and/or that YOU relied on in asserting YOUR

5    Twelfth Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

7    RMG objects to this Request as compound, and as overly broad in its use of the terms

8    "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

9    duplicative and harassing to the extent it seeks the same documents sought in Request No. 1.

10   RMG also objects to this Request to the extent it seeks information in Plaintiff's possession,

11   custody or control, and to the extent it calls for attorney-client privileged information, attorney

12   work product, or confidential, proprietary, and/or trade secret information. Additionally, RMG

13   objects to this Request as premature, as RMG has only begun to conduct its investigation and

14   discovery and thus, the information sought in this Request is not yet known or readily obtainable

15   by RMG. Subject to and without waiving the foregoing objections or the Preliminary Statement

16   and the General Objections, which are incorporated herein by reference, RMG responds as

17   follows:

18   RMG informally produced relevant, non-privileged and non-protected documents in its

19   possession, custody and control responsive to this Request on February 4, 2013, when counsel for

20   RMG emailed Plaintiff's counsel a zip drive containing RMG's Opposition to Third-Party

21   Defendant Ryan Lenahan's Anti-SLAPP Motion, the Dowd Declaration, and Exhibits A through

22   S, in support of the Dowd Declaration. Relevant, non-privileged and non-protected documents

23   responsive to this Request are contained within this compilation of exhibits. RMG will formally

24   produce these relevant, non-privileged, non-protected and responsive exhibits to Plaintiff. RMG

25   will also produce to Plaintiff:

26   (1) A screenshot of EWA's account information as a former publisher of RMG; and

27   (2) The Insertion Orders into which EWA and RMG entered.

28

-75-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240662709.1    DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    __REQUEST FOR PRODUCTION NO. 118:__

2         All COMMUNICATIONS that support and/or that YOU relied on in asserting YOUR

3    Twelfth Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

4    __RESPONSE TO REQUEST FOR PRODUCTION NO. 118:__

5         RMG objects to this Request as compound, and as overly broad in its use of the terms

6    "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

7    duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

8    RMG also objects to this Request to the extent it seeks information in Plaintiff's possession,

9    custody or control, and to the extent it calls for attorney-client privileged information, attorney

10   work product, or confidential, proprietary, and/or trade secret information. Additionally, RMG

11   objects to this Request as premature, as RMG has only begun to conduct its investigation and

12   discovery and thus, the information sought in this Request is not yet known or readily obtainable

13   by RMG. Subject to and without waiving the foregoing objections or the Preliminary Statement

14   and the General Objections, which are incorporated herein by reference, RMG responds as

15   follows:

16        RMG informally produced relevant, non-privileged and non-protected documents in its

17   possession, custody and control responsive to this Request on February 4, 2013, when counsel for

18   RMG emailed Plaintiff's counsel a zip drive containing RMG's Opposition to Third-Party

19   Defendant Ryan Lenahan's Anti-SLAPP Motion, the Dowd Declaration, and Exhibits A through

20   S, in support of the Dowd Declaration. Relevant, non-privileged and non-protected documents

21   responsive to this Request are contained within this compilation of exhibits. RMG will formally

22   produce these relevant, non-privileged, non-protected and responsive exhibits to Plaintiff. RMG

23   will also produce to Plaintiff:

24        (1) A screenshot of EWA's account information as a former publisher of RMG; and

25        (2) The Insertion Orders into which EWA and RMG entered.

26   __REQUEST FOR PRODUCTION NO. 119:__

27        All DOCUMENTS and ESI that support and/or that YOU relied on in asserting YOUR

28   Thirteenth Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

DLA PIPER LLP (US)
SAN FRANCISCO

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
WEST\240662709.1    PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

2         RMG objects to this Request as compound, and as overly broad in its use of the terms

3    "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

4    duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

5    RMG also objects to this Request to the extent it seeks documents in Plaintiff's possession,

6    custody or control, and to the extent it calls for attorney-client privileged information, attorney

7    work product, or confidential, proprietary, and/or trade secret information. Additionally, RMG

8    objects to this Request as premature, as RMG has only begun to conduct its investigation and

9    discovery and thus, the information sought in this Request is not yet known or readily obtainable

10   by RMG.

11   **REQUEST FOR PRODUCTION NO. 120:**

12        All COMMUNICATIONS that support and/or that YOU relied on in asserting YOUR

13   Thirteenth Affirmative Defense stated in YOUR Answer to PLAINTIFF'S COMPLAINT.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

15        RMG objects to this Request as compound, and as overly broad in its use of the terms

16   "YOU" and "YOUR" as defined in these Requests. RMG further objects to this Request as

17   duplicative and harassing to the extent it seeks the same information sought in Request No. 1.

18   RMG also objects to this Request to the extent it seeks information in Plaintiff's possession,

19   custody or control, and to the extent it calls for attorney-client privileged information, attorney

20   work product, or confidential, proprietary, and/or trade secret information. Additionally, RMG

21   objects to this Request as premature, as RMG has only begun to conduct its investigation and

22   discovery and thus, the information sought in this Request is not yet known or readily obtainable

23   by RMG.

24

25

26

27

28

DLA PIPER LLP (US)
SAN FRANCISCO

-77-

WEST\240662709.1

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

1    Dated:  March 11, 2013

2                                      DLA PIPER LLP (US)

3

4                                      By:
                                       ERIN JANE ILLMAN
5                                      VISHALI SINGAL
                                       Attorneys for Defendant
6                                      REACH MEDIA GROUP, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **VERIFICATION**

I, Randy Mitchelson, declare as follows:

I am the Chief Marketing Officer of Reach Media Group, LLC and I am authorized to make this verification on behalf of Reach Media Group, LLC.

I have read the foregoing document, Defendant Reach Media Group, LLC's Objections and Responses to Plaintiff David Trindade's First Set of Requests for Production of Documents, and know the contents thereof. I either have personal knowledge that the matters stated therein are true, or I am informed and believe that such matters are true, and on those grounds certify that the same are true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 11, 2012, in Atlanta, Georgia.

Randy Mitchelson

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PROD. OF DOCUMENTS
CASE NO. 12-CV-04759-PSG

## PROOF OF SERVICE

I, Keith R. Nesbit, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is DLA Piper LLP (US), 555 Mission Street, Suite 2400, San Francisco, California 94105-2933. On March 11, 2013, I served a copy of the within document(s):

**DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

☒    by placing the document(s) listed above in a sealed Delivery Service envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Delivery Service agent for delivery.

| | | |
|---|---|---|
| Benjamin H. Richman<br>Rafey S. Balabanian<br>Christopher L. Dore<br>Edelson McGuire LLC<br>350 North LaSalle Street,<br>Suite 1300<br>Chicago, IL 60654<br>312 589-6370<br>Fax: 312 589-6378<br>brichman@edelson.com<br>rbalabanian@edelson.com<br>cdore@edelson.com | Sean Patrick Reis<br>Edelson McGuire, LLP<br>30021 Tomas Street, Suite 300<br>Rancho Santa Margarita, CA 92688<br>949-459-2124<br>Fax: 949-459-2123<br>sreis@edelson.com | Karl S. Kronenberger<br>Jeffrey M. Rosenfeld<br>Virginia A. Sanderson<br>150 Post Street<br>Suite 520<br>San Francisco, CA 94108<br>karl@krinternetlaw.com<br>jeff@krinternetlaw.com<br>ginny@krinternetlaw.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 11, 2013, at San Francisco, California.

_Keith Nesbit_

Keith R. Nesbit

# Exhibit 1-C

1    JOSHUA M. BRIONES (Bar No. 205293)
     joshua.briones@dlapiper.com
2    DLA PIPER LLP (US)
     2000 Avenue of the Stars, Suite 400 North Tower
3    Los Angeles, California 90067-4704
     Tel: 310-595-3000
4    Fax: 310-595-3300

5    ALBERT E. HARTMANN (*pro hac vice* pending)        ERIN J. ILLMAN (Bar No. 238262)
     albert.hartmann@dlapiper.com                       erin.illman@dlapiper.com
6    DLA PIPER LLP (US)                                  VISHALI SINGAL (Bar No. 267481)
     203 North LaSalle Street, Ste 1900                 vishali.singal@dlapiper.com
7    Chicago, IL 60601-1293                             DLA PIPER LLP (US)
     Tel: 312-368-4000                                  555 Mission Street, Suite 2400
8    Fax: 312-236-7516                                  San Francisco, CA 94105-2933
                                                        Tel: 415.836.2500
9    Attorneys for Defendant and Third-Party Plaintiff  Fax: 415.836.2501
     REACH MEDIA GROUP, LLC

10

11                          UNITED STATES DISTRICT COURT

12                        NORTHERN DISTRICT OF CALIFORNIA

13                                SAN JOSE DIVISION

14

15   DAVID TRINDADE, individually and on        CASE NO 5:12-CV-04759 (PSG)
     behalf of all others similarly situated,
16                                               (Complaint Filed: September 12, 2012)
                  Plaintiff,
17                                               **DEFENDANT REACH MEDIA GROUP,**
            v.                                   **LLC'S OBJECTIONS AND RESPONSES**
18                                               **TO PLAINTIFF DAVID TRINDADE'S**
     REACH MEDIA GROUP, LLC, a                   **FIRST SET OF REQUESTS TO ADMIT**
19   Delaware limited liability company,         **FACTS**

20                Defendant.

21   REACH MEDIA GROUP, LLC, a
     Delaware limited liability company,
22
                  Third-Party Plaintiff,
23
            v.
24
     RYAN LENAHAN, individually, KYLE
25   DANNA, individually, and EAGLE WEB
     ASSETS INC., a corporation,
26
                  Third-Party Defendants.
27

28

1  PROPOUNDING PARTY:          PLAINTIFF DAVID TRINDADE

2  RESPONDING PARTY:           DEFENDANT REACH MEDIA GROUP, LLC

3  SET NO.:                    ONE

4      Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Reach

5  Media Group, LLC ("RMG") hereby provides the following objections and responses to the First

6  Set of Requests to Admit Facts ("Requests") propounded by Plaintiff David Trindade

7  ("Plaintiff").

8                          **PRELIMINARY STATEMENT**

9      RMG has not yet completed its discovery or investigation in this case nor has RMG

10  completed preparation for trial.  The objections and responses of RMG herein are based on the

11  information available as of the date of these objections and responses.  Further discovery,

12  investigation, and analysis may supply additional facts and add meaning to known facts, as well

13  as establish entirely new factual conclusions and legal contentions, all of which may lead to

14  changes to, additions to, or variations from the information set forth herein.  RMG reserves the

15  right to amend or supplement, correct, add to, or clarify any of these responses and objections

16  accordingly, or in the case of inadvertent error or omission, at any time through trial.

17  Notwithstanding the foregoing, RMG undertakes no obligation to amend its responses beyond the

18  requirements of the Federal Rules of Civil Procedure.

19                          **GENERAL OBJECTIONS**

20      A.      RMG objects to the Requests to the extent that they seek to elicit confidential,

21  proprietary, and/or trade secret information.  RMG will not provide confidential information

22  except pursuant to a protective order entered in this case, and it will not provide trade secret

23  information unless ordered to do so by a court.

24      B.      RMG objects to the Requests to the extent that they seek disclosure of the content

25  of communications between RMG and its legal counsel, on the ground that such information is

26  protected by the attorney-client privilege.

27      C.      RMG objects to the Requests to the extent that they seek information prepared in

28  anticipation of litigation in this case, or information prepared by RMG's legal counsel and/or

DLA PIPER LLP (US)
SAN FRANCISCO
WEST\240645473.3

-1-

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS - CASE NO.
5:12-CV-04759 (PSG)

1  legal consultants, on the ground that such information is protected under the work-product

2  doctrine.

3      D.    RMG objects to the Requests to the extent that they seek information that is

4  subject to any legally recognized privilege or exemption from disclosure or discovery.

5      E.    RMG objects to the Requests to the extent that they seek to elicit information

6  relating to documents or information created, gathered, or assembled by RMG or its attorneys

7  after the filing of this lawsuit.

8      F.    RMG objects to the Requests to the extent that they purport to impose obligations

9  beyond those provided for by the Federal Rules of Civil Procedure.

10      G.    RMG objects to the Requests to the extent that they seek to elicit information that

11  is not relevant to the subject matter of this action and not reasonably calculated to lead to the

12  discovery of admissible evidence.

13      H.    RMG objects to the Requests to the extent that they seek to elicit information that

14  is not in RMG's possession, custody or control, and/or purport to require RMG to conduct an

15  investigation that Plaintiff is equally capable of conducting without imposing the burden or

16  expense of such discovery on RMG.

17      I.    RMG objects to the use of the terms "COMPUTERS" and "COMPUTER

18  SYSTEMS" in the definition of "TELEPHONE" and "TELEPHONE DIALING EQUIPMENT"

19  as undefined, vague and ambiguous because the Requests do not define "COMPUTERS" and

20  "COMPUTER SYSTEMS" and are overly broad and unduly burdensome as it seeks to include all

21  data processing equipment without regard to whether the storage device, computing platform,

22  server or other equipment bears any relationship to the storage of responsive information in this

23  matter.

24      J.    RMG objects to Plaintiff's definitions of "PROPOSED CLASS" and

25  "PROPOSED CLASS MEMBERS" as vague, ambiguous and unascertainable.  Accordingly,

26  RMG is unable to respond to these Requests to the extent they seek information about the

27  "PROPOSED CLASS" or "PROPOSED CLASS MEMBERS", as defined by these Requests.

28      K.    RMG objects to Plaintiff's definition of "RELEVANT TIME PERIOD",

-2-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO.  5:12-CV-04759 (PSG)

1    specifically "the time period between September 12, 2008 and the present" as overly broad and

2    unduly burdensome, and not limited in time or scope to reasonably relate to the material

3    allegations in this lawsuit or reasonably calculated to lead to the discovery of admissible

4    evidence.  Accordingly, RMG will respond to these Requests only to the extent that they include

5    the four years preceding the filing of this lawsuit, specifically from September 12, 2008 to

6    September 12, 2012.

7        L.    RMG objects to Plaintiff's definition of "TCPA" as overly broad and vague. RMG

8    further objects to Plaintiff's definition of "TCPA" to the extent it improperly seeks a legal

9    conclusion. Accordingly, RMG will respond to these Interrogatories only to the extent that the

10   term "TCPA" (Telephone Consumer Protection Act) refers to 47 U.S.C. § 227 and does not call

11   for a legal conclusion.

12       M.    RMG objects to Plaintiff's definitions of "TEXT MESSAGE" and "TEXT

13   MESSAGES" as overly broad and unduly burdensome, and not limited in time or scope to

14   reasonably relate to the material allegations in this lawsuit or reasonably calculated to lead to the

15   discovery of admissible evidence.  Accordingly, RMG will respond to these Requests only to the

16   extent that the terms "TEXT MESSAGE" and "TEXT MESSAGES" are interpreted to mean the

17   SMS text message identified in Paragraph 17 and the SMS text message content identified in

18   Paragraph 20 of the Class Action Complaint.

19       N.    RMG objects to Plaintiff's definitions of "TRANSMIT", "TRANSMITTED," and

20   "TRANSMISSION" as overly broad and unduly burdensome, and not limited in time or scope to

21   reasonably relate to the material allegations in this lawsuit or reasonably calculated to lead to the

22   discovery of admissible evidence.  Accordingly, RMG will respond to these Requests only to the

23   extent that the terms "TRANSMIT," "TRANSMITTED," and "TRANSMISSION" are

24   interpreted to mean "mak[ing] any call" "using any automatic telephone dialing system or an

25   artificial or prerecorded voice" as used in 47 U.S.C. § 227(b)(1)(A).

26       O.    RMG objects to Plaintiff's definitions of "YOU", "YOUR", "DEFENDANT" and

27   "REACH MEDIA" as overly broad and unduly burdensome, and not limited in time or scope to

28   reasonably relate to the material allegations in this lawsuit or reasonably calculated to lead to the

-5-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO.  5:12-CV-04759 (PSG)

1    discovery of admissible evidence.  Accordingly, RMG will respond to these Requests only to the

2    extent that the terms "YOU", "YOUR", "DEFENDANT" and "REACH MEDIA" are interpreted

3    to mean Reach Media Group, LLC, and all its present and former officers, directors, and

4    employees.

5        P.    RMG objects to these Requests as unduly burdensome to the extent they require

6    RMG to prepare a compilation, abstract, audit or summary from documents already in Plaintiff's

7    possession or documents produced to Plaintiff.

8        Q.    RMG responds to these Requests without waiving any objections to relevance,

9    privilege, or admissibility of any information provided by RMG in any subsequent proceeding, or

10   at the trial of this or any other action.

11       R.    By its responses, RMG does not indicate its agreement with Plaintiff's

12   characterizations or express or implied assumptions, and does not make any admission that it

13   participated in any conduct alleged by Plaintiffs or otherwise violated the TCPA, or that

14   Plaintiff's interpretations of the TCPA are true and complete.

15       S.    In responding to a Request by referring to documents from which information

16   responsive to the Request may be derived, RMG is not stating or implying that only those

17   documents identified contain such information, but only that a full and complete answer to the

18   Request can be derived, at least in part, from the referenced documents.  Further, documents

19   identified in response to one Request may also have information responsive to another Request

20   whether or not identified in response to that other Request.

21       T.    Each of the General Objections asserted herein applies to each Request to the

22   extent such Request purports to seek information in a manner that is the subject of such

23   objections.  The assertion of the same, similar or additional objections in RMG's responses to

24   individual Requests, or the failure to assert any additional objection to a Request, does not waive

25   any of RMG's objections set forth in this section or the following sections.

26                    **REQUESTS TO ADMIT AND RESPONSES**

27   **REQUEST FOR ADMISSION NO. 1:**

28       Admit that third-party PERSONS TRANSMITTED TEXT MESSAGES to PLAINTIFF.

DLA PIPER LLP (US)
SAN FRANCISCO
WEST\240645473.3

-4-

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO.  5:12-CV-04759 (PSG)

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

2         RMG objects to this Request as overly broad in its use of the term "TEXT MESSAGES"

3    as defined in these Requests. RMG further objects to this Request as vague and ambiguous.

4    RMG also objects to this Request as premised on a factual circumstance without any foundation.

5    Additionally, RMG objects to this Request as not limited as to time period. RMG further objects

6    to this Request to the extent it seeks information that is not in the possession, custody or control

7    of this responding party. Subject to and without waiving the foregoing objections or the

8    Preliminary Statement and the General Objections, which are incorporated herein by reference,

9    RMG responds as follows:

10         After reasonable inquiry, the information known by or readily available to RMG is

11   insufficient to enable it to admit or deny this Request.

12   **REQUEST FOR ADMISSION NO. 2:**

13         Admit that PLAINTIFF did not provide YOU with prior express consent to TRANSMIT

14   the TEXT MESSAGES to his cellular telephone.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

16         RMG objects to this Request as overly broad in its use of the terms "YOU",

17   "TRANSMIT", and "TEXT MESSAGES" as defined in these Requests. RMG further objects to

18   this Request as vague and ambiguous. RMG also objects to this Request as premised on a factual

19   circumstance without any foundation. Additionally, RMG objects to this Request as not limited

20   as to time period. Subject to and without waiving the foregoing objections or the Preliminary

21   Statement and the General Objections, which are incorporated herein by reference, RMG

22   responds as follows:

23         Reach Media Group, LLC did not receive prior express consent from Plaintiff to "make

24   any call" to Plaintiff pursuant to 47 U.S.C. § 227(b)(1)(A)(iii). Nor did Reach Media Group,

25   LLC "make any call" or attempt to "make any call" to Plaintiff pursuant to 47 U.S.C. §

26   227(b)(1)(A)(iii). Reach Media Group, LLC denies the remainder of the request.

27   **REQUEST FOR ADMISSION NO. 3:**

28         Admit that PLAINTIFF did not provide any third-party PERSON with prior express

-5-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

1   consent to TRANSMIT the TEXT MESSAGE to his cellular telephone.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

3       RMG objects to this Request as overly broad in its use of the terms "TRANSMIT" and

4   "TEXT MESSAGE" as defined in these Requests. RMG further objects to this Request as

5   seeking information that is neither relevant to the parties' claims or defenses nor reasonably

6   calculated to lead to the discovery of admissible evidence, to the extent that it calls for

7   information regarding SMS text message or text message content not identified in the Class

8   Action Complaint in this matter. RMG also objects to this Request as vague and ambiguous.

9   RMG further objects to this Request to the extent it seeks information that is not in the

10   possession, custody or control of this responding party. Additionally, RMG objects to this

11   Request as not limited as to time period. Subject to and without waiving the foregoing objections

12   or the Preliminary Statement and the General Objections, which are incorporated herein by

13   reference, RMG responds as follows:

14       After reasonable inquiry, the information known by or readily available to RMG is

15   insufficient to enable it to admit or deny this Request.

16   **REQUEST FOR ADMISSION NO. 4:**

17       Admit that PLAINTIFF did not provide EWA with prior express consent to TRANSMIT

18   the TEXT MESSAGE to his cellular telephone.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

20       RMG objects to this Request as overly broad in its use of the terms "TRANSMIT" and

21   "TEXT MESSAGE" as defined in these Requests. RMG further objects to this Request as

22   seeking information that is neither relevant to the parties' claims or defenses nor reasonably

23   calculated to lead to the discovery of admissible evidence, to the extent that it calls for

24   information regarding SMS text message or text message content not identified in the Class

25   Action Complaint in this matter. RMG also objects to this Request as vague and ambiguous.

26   RMG further objects to this Request to the extent it seeks information that is not in the

27   possession, custody or control of this responding party. Subject to and without waiving the

28   foregoing objections or the Preliminary Statement and the General Objections, which are

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

1    incorporated herein by reference, RMG responds as follows:

2        After reasonable inquiry, the information known by or readily available to RMG is

3    insufficient to enable it to admit or deny this Request.

4    **REQUEST FOR ADMISSION NO. 5:**

5        Admit that PLAINTIFF did not provide Ryan Lenahan with prior express consent to

6    TRANSMIT the TEXT MESSAGE to his cellular telephone.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

8        RMG objects to this Request as overly broad in its use of the terms "TRANSMIT" and

9    "TEXT MESSAGE" as defined in these Requests. RMG further objects to this Request as

10   seeking information that is neither relevant to the parties' claims or defenses nor reasonably

11   calculated to lead to the discovery of admissible evidence, to the extent that it calls for

12   information regarding SMS text message or text message content not identified in the Class

13   Action Complaint in this matter. RMG also objects to this Request as vague and ambiguous.

14   RMG further objects to this Request to the extent it seeks information that is not in the

15   possession, custody or control of this responding party. Subject to and without waiving the

16   foregoing objections or the Preliminary Statement and the General Objections, which are

17   incorporated herein by reference, RMG responds as follows:

18       After reasonable inquiry, the information known by or readily available to RMG is

19   insufficient to enable it to admit or deny this Request.

20   **REQUEST FOR ADMISSION NO. 6:**

21       Admit that PLAINTIFF did not provide Kyle Danna with prior express consent to

22   TRANSMIT the TEXT MESSAGE to his cellular telephone.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

24       RMG objects to this Request as overly broad in its use of the terms "TRANSMIT" and

25   "TEXT MESSAGE" as defined in these Requests. RMG further objects to this Request as

26   seeking information that is neither relevant to the parties' claims or defenses nor reasonably

27   calculated to lead to the discovery of admissible evidence, to the extent that it calls for

28   information regarding SMS text message or text message content not identified in the Class

-7-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

1    Action Complaint in this matter.  RMG also objects to this Request as vague and ambiguous.

2    RMG further objects to this Request to the extent it seeks information that is not in the

3    possession, custody or control of this responding party.  Subject to and without waiving the

4    foregoing objections or the Preliminary Statement and the General Objections, which are

5    incorporated herein by reference, RMG responds as follows:

6        After reasonable inquiry, the information known by or readily available to RMG is

7    insufficient to enable it to admit or deny this Request.

8    **REQUEST FOR ADMISSION NO. 7:**

9        Admit that third-party PERSONS TRANSMITTED TEXT MESSAGES to the

10   PROPOSED CLASS MEMBERS.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

12       RMG objects to this Request as overly broad in its use of the terms "TRANSMITTED"

13   and "TEXT MESSAGE" as defined in these Requests, and as not readily susceptible to response

14   as RMG is unable to identify the "PROPOSED CLASS MEMBERS" as defined in these

15   Requests.  RMG further objects to this Request as seeking information that is neither relevant to

16   the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible

17   evidence, to the extent that it calls for information regarding SMS text message or text message

18   content not identified in the Class Action Complaint in this matter.  RMG also objects to this

19   Request as vague and ambiguous.  RMG further objects to this Request to the extent it seeks

20   information that is not in the possession, custody or control of this responding party.

21   Additionally, RMG objects to this Request as not limited as to time period.  Subject to and

22   without waiving the foregoing objections or the Preliminary Statement and the General

23   Objections, which are incorporated herein by reference, RMG responds as follows:

24       After reasonable inquiry, the information known by or readily available to RMG is

25   insufficient to enable it to admit or deny this Request.

26   **REQUEST FOR ADMISSION NO. 8:**

27       Admit that PROPOSED CLASS MEMBERS did not provide YOU with prior express

28   consent to TRANSMIT the TEXT MESSAGES to their cellular telephones.

-8-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO.  5:12-CV-04759 (PSG)

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

RMG objects to this Request as overly broad in its use of the terms "YOU", "TRANSMIT", and "TEXT MESSAGES" as defined in these Requests, and as not readily susceptible to response as RMG is unable to identify the "PROPOSED CLASS MEMBERS" as defined in these Requests. RMG further objects to this Request as seeking information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for information regarding SMS text message or text message content not identified in the Class Action Complaint in this matter. RMG also objects to this Request as vague and ambiguous. Additionally, RMG objects to this Request as not limited as to time period, and as premised on a factual circumstance without any foundation. Subject to and without waiving the foregoing objections or the Preliminary Statement and the General Objections, which are incorporated herein by reference, RMG responds as follows:

After reasonable inquiry, the information known by or readily available to RMG is insufficient to enable it to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that PROPOSED CLASS MEMBERS did not provide any third-party PERSON with prior express consent to TRANSMIT the TEXT MESSAGES to their cellular telephones.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

RMG objects to this Request as overly broad in its use of the terms "TRANSMIT" and "TEXT MESSAGES" as defined in these Requests, and as not readily susceptible to response as RMG is unable to identify the "PROPOSED CLASS MEMBERS" as defined in these Requests. RMG further objects to this Request as seeking information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for information regarding SMS text message or text message content not identified in the Class Action Complaint in this matter. RMG also objects to this Request as vague and ambiguous. RMG further objects to this Request to the extent it seeks information that is not in the possession, custody or control of this responding party. Additionally, RMG objects

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

1    to this Request as not limited as to time period, and as premised on a factual circumstance without

2    any foundation. Subject to and without waiving the foregoing objections or the Preliminary

3    Statement and the General Objections, which are incorporated herein by reference, RMG

4    responds as follows:

5        After reasonable inquiry, the information known by or readily available to RMG is

6    insufficient to enable it to admit or deny this Request.

7    **REQUEST FOR ADMISSION NO. 10:**

8        Admit that YOU have no documentation demonstrating that PLAINTIFF provided his

9    prior express consent to receive the TEXT MESSAGES.

10    **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

11        RMG objects to this Request as overly broad in its use of the terms "YOU" and "TEXT

12    MESSAGES" as defined in these Requests. RMG further objects to this Request seeking

13    information that is neither relevant to the parties' claims or defenses nor reasonably calculated to

14    lead to the discovery of admissible evidence, to the extent that it calls for information regarding

15    SMS text message or text message content not identified in the Class Action Complaint in this

16    matter. RMG also objects to this Request as vague and ambiguous. RMG further objects to this

17    Request to the extent it seeks information that is not in the possession, custody or control of this

18    responding party. Additionally, RMG objects to this Request as not limited as to time period.

19    Subject to and without waiving the foregoing objections or the Preliminary Statement and the

20    General Objections, which are incorporated herein by reference, RMG responds as follows:

21        Reach Media Group, LLC does not have possession, custody or control of documentation

22    at this time demonstrating that Plaintiff provided his prior express consent to receive the text

23    message identified in paragraph 17 of the Class Action Complaint in this matter. RMG denies the

24    remainder of this Request.

25    **REQUEST FOR ADMISSION NO. 11:**

26        Admit that YOU have no documentation demonstrating that PROPOSED CLASS

27    MEMBERS provided their prior express consent to receive the TEXT MESSAGES.

28

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

RMG objects to this Request as overly broad in its use of the terms "YOU" and "TEXT MESSAGES" as defined in these Requests, and as not readily susceptible to response as RMG is unable to identify the "PROPOSED CLASS MEMBERS" as defined in these Requests. RMG further objects to this Request as seeking information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for information regarding SMS text message or text message content not identified in the Class Action Complaint in this matter. RMG also objects to this Request as vague and ambiguous. RMG further objects to this Request to the extent it seeks information that is not in the possession, custody or control of this responding party. Additionally, RMG objects to this Request as not limited as to time period and as premised on a factual circumstance without any foundation. Subject to and without waiving the foregoing objections or the Preliminary Statement and the General Objections, which are incorporated herein by reference, RMG responds as follows:

After reasonable inquiry, the information known by or readily available to RMG is insufficient to enable it to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that a third-party PERSON TRANSMITTED the TEXT MESSAGE to PLAINTIFF in order to PROMOTE the website CashAdvanceDiamond.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

RMG objects to this Request as overly broad in its use of the terms "TRANSMITTED" and "TEXT MESSAGE" as defined in these Requests. RMG further objects to this Request as seeking information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for information regarding SMS text message or text message content not identified in the Class Action Complaint in this matter. RMG also objects to this Request as vague and ambiguous. RMG further objects to this Request to the extent it seeks information that is not in the possession, custody or control of this responding party. Additionally, RMG objects to this

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

-15-

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

1  Request as premised on a factual circumstance without any foundation. Subject to and without

2  waiving the foregoing objections or the Preliminary Statement and the General Objections, which

3  are incorporated herein by reference, RMG responds as follows:

4      After reasonable inquiry, the information known by or readily available to RMG is

5  insufficient to enable it to admit or deny this Request.

6  **REQUEST FOR ADMISSION NO. 13:**

7      Admit that a third-party PERSON TRANSMITTED the TEXT MESSAGE to

8  PLAINTIFF in order to PROMOTE the website MobileCashSource.com.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

10      RMG objects to this Request as overly broad in its use of the terms "TRANSMITTED"

11  and "TEXT MESSAGE" as defined in these Requests. RMG further objects to this Request as

12  seeking information that is neither relevant to the parties' claims or defenses nor reasonably

13  calculated to lead to the discovery of admissible evidence, to the extent that it calls for

14  information regarding SMS text message or text message content not identified in the Class

15  Action Complaint in this matter. RMG also objects to this Request as vague and ambiguous.

16  RMG further objects to this Request to the extent it seeks information that is not in the

17  possession, custody or control of this responding party. Additionally, RMG objects to this

18  Request as premised on a factual circumstance without any foundation. Subject to and without

19  waiving the foregoing objections or the Preliminary Statement and the General Objections, which

20  are incorporated herein by reference, RMG responds as follows:

21      After reasonable inquiry, the information known by or readily available to RMG is

22  insufficient to enable it to admit or deny this Request.

23  **REQUEST FOR ADMISSION NO. 14:**

24      Admit that there are more than 10,000 PROPOSED CLASS MEMBERS.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

26      RMG objects to this Request as not readily susceptible to response as RMG is unable to

27  identify the "PROPOSED CLASS MEMBERS" as defined in these Requests. RMG further

28  objects to this Request as seeking information that is neither relevant to the parties' claims or

-12-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

1  defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent

2  that it calls for information regarding SMS text message or text message content not identified in

3  the Class Action Complaint in this matter.  RMG also objects to this Request as vague and

4  ambiguous. RMG further objects to this Request to the extent it seeks information that is not in

5  the possession, custody or control of this responding party.  Additionally, RMG objects to this

6  Request as not limited as to time period.  Subject to and without waiving the foregoing objections

7  or the Preliminary Statement and the General Objections, which are incorporated herein by

8  reference, RMG responds as follows:

9         After reasonable inquiry, the information known by or readily available to RMG is

10  insufficient to enable it to admit or deny this Request.

11  **REQUEST FOR ADMISSION NO. 15:**

12         Admit that there are more than 50,000 PROPOSED CLASS MEMBERS.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

14         RMG objects to this Request as not readily susceptible to response as RMG is unable to

15  identify the "PROPOSED CLASS MEMBERS" as defined in these Requests.  RMG further

16  objects to this Request as seeking information that is neither relevant to the parties' claims or

17  defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent

18  that it calls for information regarding SMS text message or text message content not identified in

19  the Class Action Complaint in this matter.  RMG also objects to this Request as vague and

20  ambiguous. RMG further objects to this Request to the extent it seeks information that is not in

21  the possession, custody or control of this responding party.  Additionally, RMG objects to this

22  Request as not limited as to time period.  Subject to and without waiving the foregoing objections

23  or the Preliminary Statement and the General Objections, which are incorporated herein by

24  reference, RMG responds as follows:

25         After reasonable inquiry, the information known by or readily available to RMG is

26  insufficient to enable it to admit or deny this Request.

27  **REQUEST FOR ADMISSION NO. 16:**

28         Admit that there are more than 100,000 PROPOSED CLASS MEMBERS.

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO.  5:12-CV-04759 (PSG)

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

2        RMG objects to this Request as not readily susceptible to response as RMG is unable to

3    identify the "PROPOSED CLASS MEMBERS" as defined in these Requests. RMG further

4    objects to this Request as seeking information that is neither relevant to the parties' claims or

5    defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent

6    that it calls for information regarding SMS text message or text message content not identified in

7    the Class Action Complaint in this matter. RMG also objects to this Request as vague and

8    ambiguous. RMG further objects to this Request to the extent it seeks information that is not in

9    the possession, custody or control of this responding party. Additionally, RMG objects to this

10   Request as not limited as to time period. Subject to and without waiving the foregoing objections

11   or the Preliminary Statement and the General Objections, which are incorporated herein by

12   reference, RMG responds as follows:

13       After reasonable inquiry, the information known by or readily available to RMG is

14   insufficient to enable it to admit or deny this Request.

15   **REQUEST FOR ADMISSION NO. 17:**

16       Admit that prior to PLAINTIFF filing the COMPLAINT in this case, YOU knew that

17   sending SMS MESSAGES without the prior express consent of the recipient violated the TCPA.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

19       RMG objects to this Request as overly broad in its use of the term "YOU." RMG further

20   objects to this Request as vague and ambiguous. Subject to and without waiving the foregoing

21   objections or the Preliminary Statement and the General Objections, which are incorporated

22   herein by reference, RMG responds as follows:

23       RMG admits that prior to September 12, 2012, the date the Class Action Complaint in this

24   matter was filed, Reach Media Group, LLC knew that under 47 U.S.C. § 227(b)(1)(A)(iii), it is

25   unlawful for any person within the United States "to make any call (other than a call made for

26   emergency purposes or made with the prior express consent of the called party) using any

27   automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone

28   number assigned to a . . . cellular telephone service . . . ."

-14-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO.  5:12-CV-04759 (PSG)

1  **REQUEST FOR ADMISSION NO. 18:**

2       Admit that YOU paid EWA to direct PERSONS to CashAdvanceDiamond.com.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

4       RMG objects to this Request as overly broad in its use of the term "YOU." RMG further

5  objects to this Request as seeking information that is neither relevant to the parties' claims or

6  defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent

7  that it calls for information not reasonably related to the SMS text message or text message

8  content identified in the Class Action Complaint in this matter. RMG also objects to this Request

9  as vague and ambiguous, including with regard to its use of the undefined phrase "direct

10  PERSONS". Additionally, RMG objects to this Request as not limited as to time period. Subject

11  to and without waiving the foregoing objections or the Preliminary Statement and the General

12  Objections, which are incorporated herein by reference, RMG responds as follows:

13       Denied.

14  **REQUEST FOR ADMISSION NO. 19:**

15       Admit that YOU paid EWA to direct PERSONS to MobileCashSource.com.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

17       RMG objects to this Request as overly broad in its use of the term "YOU." RMG further

18  objects to this Request as seeking information that is neither relevant to the parties' claims or

19  defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent

20  that it calls for information not reasonably related to the SMS text message or text message

21  content identified in the Class Action Complaint in this matter. RMG also objects to this Request

22  as vague and ambiguous, including with regard to its use of the undefined phrase "direct

23  PERSONS". Additionally, RMG objects to this Request as not limited as to time period. Subject

24  to and without waiving the foregoing objections or the Preliminary Statement and the General

25  Objections, which are incorporated herein by reference, RMG responds as follows:

26       Denied.

27  **REQUEST FOR ADMISSION NO. 20:**

28       Admit that YOU paid Ryan Lenahan to direct PERSONS to CashAdvanceDiamond. com.

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

2           RMG objects to this Request as overly broad in its use of the term "YOU." RMG further

3    objects to this Request as seeking information that is neither relevant to the parties' claims or

4    defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent

5    that it calls for information not reasonably related to the SMS text message or text message

6    content identified in the Class Action Complaint in this matter. RMG also objects to this Request

7    as vague and ambiguous, including with regard to its use of the undefined phrase "direct

8    PERSONS". Additionally, RMG objects to this Request as not limited as to time period. Subject

9    to and without waiving the foregoing objections or the Preliminary Statement and the General

10   Objections, which are incorporated herein by reference, RMG responds as follows:

11          Denied.

12   **REQUEST FOR ADMISSION NO. 21:**

13          Admit that YOU paid Ryan Lenahan to direct PERSONS to MobileCashSource.com.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

15          RMG objects to this Request as overly broad in its use of the term "YOU." RMG further

16   objects to this Request as seeking information that is neither relevant to the parties' claims or

17   defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent

18   that it calls for information not reasonably related to the SMS text message or text message

19   content identified in the Class Action Complaint in this matter. RMG also objects to this Request

20   as vague and ambiguous, including with regard to its use of the undefined phrase "direct

21   PERSONS". Additionally, RMG objects to this Request as not limited as to time period. Subject

22   to and without waiving the foregoing objections or the Preliminary Statement and the General

23   Objections, which are incorporated herein by reference, RMG responds as follows:

24          Denied.

25   **REQUEST FOR ADMISSION NO. 22:**

26          Admit that YOU paid Kyle Danna to direct PERSONS to CashAdvanceDiamond.com.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

28          RMG objects to this Request as overly broad in its use of the term "YOU." RMG further

-16-

1  objects to this Request as seeking information that is neither relevant to the parties' claims or

2  defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent

3  that it calls for information not reasonably related to the SMS text message or text message

4  content identified in the Class Action Complaint in this matter.  RMG also objects to this Request

5  as vague and ambiguous, including with regard to its use of the undefined phrase "direct

6  PERSONS".  Additionally, RMG objects to this Request as not limited as to time period.  Subject

7  to and without waiving the foregoing objections or the Preliminary Statement and the General

8  Objections, which are incorporated herein by reference, RMG responds as follows:

9      Denied.

10 **REQUEST FOR ADMISSION NO. 23:**

11     Admit that YOU paid Kyle Danna to direct PERSONS to MobileCashSource.com.

12 **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

13     RMG objects to this Request as overly broad in its use of the term "YOU."  RMG further

14 objects to this Request as seeking information that is neither relevant to the parties' claims or

15 defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent

16 that it calls for information not reasonably related to the SMS text message or text message

17 content identified in the Class Action Complaint in this matter.  RMG also objects to this Request

18 as vague and ambiguous, including with regard to its use of the undefined phrase "direct

19 PERSONS".  Additionally, RMG objects to this Request as not limited as to time period.  Subject

20 to and without waiving the foregoing objections or the Preliminary Statement and the General

21 Objections, which are incorporated herein by reference, RMG responds as follows:

22     Denied.

23 **REQUEST FOR ADMISSION NO. 24:**

24     Admit that EWA TRANSMITTED the TEXT MESSAGES to PLAINTIFF.

25 **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

26     RMG objects to this Request as overly broad in its use of the terms "TRANSMITTED"

27 and "TEXT MESSAGES."  RMG further objects to this Request as seeking information that is

28 neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

-17-

DLA PIPER LLP (US)
SAN FRANCISCO
WEST\240645473.3
DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO.  5:12-CV-04759 (PSG)

1  discovery of admissible evidence, to the extent that it calls for information not reasonably related

2  to the SMS text message or text message content identified in the Class Action Complaint in this

3  matter. RMG also objects to this Request as vague and ambiguous. RMG further objects to this

4  Request to the extent it seeks information that is not in the possession, custody or control of this

5  responding party. Additionally, RMG objects to this Request as not limited as to time period.

6  Subject to and without waiving the foregoing objections or the Preliminary Statement and the

7  General Objections, which are incorporated herein by reference, RMG responds as follows:

8         After reasonable inquiry, the information known by or readily available to RMG is

9  insufficient to enable it to admit or deny this Request.

10 **REQUEST FOR ADMISSION NO. 25:**

11        Admit that EWA TRANSMITTED the TEXT MESSAGES to PROPOSED CLASS

12 MEMBERS.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

14        RMG objects to this Request as overly broad in its use of the terms "TRANSMITTED"

15 and "TEXT MESSAGES", and as not readily susceptible to response as RMG is unable to

16 identify the "PROPOSED CLASS MEMBERS" as defined in these Requests. RMG further

17 objects to this Request as seeking information that is neither relevant to the parties' claims or

18 defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent

19 that it calls for information not reasonably related to the SMS text message or text message

20 content identified in the Class Action Complaint in this matter. RMG also objects to this Request

21 as vague and ambiguous. RMG further objects to this Request to the extent it seeks information

22 that is not in the possession, custody or control of this responding party. Additionally, RMG

23 objects to this Request as not limited as to time period. Subject to and without waiving the

24 foregoing objections or the Preliminary Statement and the General Objections, which are

25 incorporated herein by reference, RMG responds as follows:

26        After reasonable inquiry, the information known by or readily available to RMG is

27 insufficient to enable it to admit or deny this Request.

28

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

1    **REQUEST FOR ADMISSION NO. 26:**

2        Admit that Ryan Lenahan TRANSMITTED the TEXT MESSAGES to PLAINTIFF.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

4        RMG objects to this Request as overly broad in its use of the terms "TRANSMITTED"

5    and "TEXT MESSAGES." RMG further objects to this Request as seeking information that is

6    neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

7    discovery of admissible evidence, to the extent that it calls for information not reasonably related

8    to the SMS text message or text message content identified in the Class Action Complaint in this

9    matter. RMG also objects to this Request as vague and ambiguous and as premised on a factual

10    circumstance without any foundation. RMG further objects to this Request to the extent it seeks

11    information that is not in the possession, custody or control of this responding party.

12    Additionally, RMG objects to this Request as not limited as to time period. Subject to and

13    without waiving the foregoing objections or the Preliminary Statement and the General

14    Objections, which are incorporated herein by reference, RMG responds as follows:

15        After reasonable inquiry, the information known by or readily available to RMG is

16    insufficient to enable it to admit or deny this Request.

17    **REQUEST FOR ADMISSION NO. 27:**

18        Admit that Ryan Lenahan TRANSMITTED the TEXT MESSAGES to PROPOSED

19    CLASS MEMBERS.

20    **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

21        RMG objects to this Request as overly broad in its use of the terms "TRANSMITTED"

22    and "TEXT MESSAGES", and as not readily susceptible to response as RMG is unable to

23    identify the "PROPOSED CLASS MEMBERS" as defined in these Requests. RMG further

24    objects to this Request as seeking information that is neither relevant to the parties' claims or

25    defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent

26    that it calls for information not reasonably related to the SMS text message or text message

27    content identified in the Class Action Complaint in this matter. RMG also objects to this Request

28    as vague and ambiguous. RMG further objects to this Request to the extent it seeks information

DLA Piper LLP (US)
San Francisco

WEST\240645473.3

1  that is not in the possession, custody or control of this responding party. Additionally, RMG

2  objects to this Request as not limited as to time period. Subject to and without waiving the

3  foregoing objections or the Preliminary Statement and the General Objections, which are

4  incorporated herein by reference, RMG responds as follows:

5        After reasonable inquiry, the information known by or readily available to RMG is

6  insufficient to enable it to admit or deny this Request.

7  **REQUEST FOR ADMISSION NO. 28:**

8        Admit that Kyle Danna TRANSMITTED the TEXT MESSAGES to PLAINTIFF.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

10        RMG objects to this Request as overly broad in its use of the terms "TRANSMITTED"

11  and "TEXT MESSAGES." RMG further objects to this Request as seeking information that is

12  neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

13  discovery of admissible evidence, to the extent that it calls for information not reasonably related

14  to the SMS text message or text message content identified in the Class Action Complaint in this

15  matter. RMG also objects to this Request as vague and ambiguous and as premised on a factual

16  circumstance without any foundation. RMG further objects to this Request to the extent it seeks

17  information that is not in the possession, custody or control of this responding party.

18  Additionally, RMG objects to this Request as not limited as to time period. Subject to and

19  without waiving the foregoing objections or the Preliminary Statement and the General

20  Objections, which are incorporated herein by reference, RMG responds as follows:

21        After reasonable inquiry, the information known by or readily available to RMG is

22  insufficient to enable it to admit or deny this Request.

23  **REQUEST FOR ADMISSION NO. 29:**

24        Admit that Kyle Danna TRANSMITTED the TEXT MESSAGES to PROPOSED CLASS

25  MEMBERS.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

27        RMG objects to this Request as overly broad in its use of the terms "TRANSMITTED"

28  and "TEXT MESSAGES", and as not readily susceptible to response as RMG is unable to

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

-20-

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

1   identify the "PROPOSED CLASS MEMBERS" as defined in these Requests.  RMG further

2   objects to this Request as seeking information that is neither relevant to the parties' claims or

3   defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent

4   that it calls for information not reasonably related to the SMS text message or text message

5   content identified in the Class Action Complaint in this matter.  RMG also objects to this Request

6   as vague and ambiguous. RMG further objects to this Request to the extent it seeks information

7   that is not in the possession, custody or control of this responding party.   Additionally, RMG

8   objects to this Request as not limited as to time period.  Subject to and without waiving the

9   foregoing objections or the Preliminary Statement and the General Objections, which are

10  incorporated herein by reference, RMG responds as follows:

11       After reasonable inquiry, the information known by or readily available to RMG is

12  insufficient to enable it to admit or deny this Request.

13  **REQUEST FOR ADMISSION NO. 30:**

14       Admit that YOU entered into a contract, agreement or other understanding with EWA to

15  PROMOTE CashAdvanceDiamond.com and/or MobileCashSource.com.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

17       RMG objects to this Request as compound and overly broad in its use of the term "YOU."

18  RMG further objects to this Request as vague and ambiguous, including with regard to its use of

19  the undefined terms "agreement" and "understanding".  RMG also objects to this Request as

20  seeking information that is neither relevant to the parties' claims or defenses nor reasonably

21  calculated to lead to the discovery of admissible evidence, to the extent that it calls for

22  information not reasonably related to the SMS text message or text message content identified in

23  the Class Action Complaint in this matter.  Subject to and without waiving the foregoing

24  objections or the Preliminary Statement and the General Objections, which are incorporated

25  herein by reference, RMG responds as follows:

26       Denied.

27  **REQUEST FOR ADMISSION NO. 31:**

28       Admit that YOU entered into a contract, agreement or other understanding with Ryan

-21-

DLA PIPER LLP (US)
SAN FRANCISCO

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO.  5:12-CV-04759 (PSG)

WEST\240645473.3

1    Lenahan to PROMOTE CashAdvanceDiamond.com and/or MobileCashSource.com.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

3        RMG objects to this Request as compound and overly broad in its use of the term "YOU."

4    RMG further objects to this Request as vague and ambiguous, including with regard to its use of

5    the undefined terms "agreement" and "understanding". RMG also objects to this Request as

6    seeking information that is neither relevant to the parties' claims or defenses nor reasonably

7    calculated to lead to the discovery of admissible evidence, to the extent that it calls for

8    information not reasonably related to the SMS text message or text message content identified in

9    the Class Action Complaint in this matter. Subject to and without waiving the foregoing

10    objections or the Preliminary Statement and the General Objections, which are incorporated

11    herein by reference, RMG responds as follows:

12        Denied.

13    **REQUEST FOR ADMISSION NO. 32:**

14        Admit that YOU entered into a contract, agreement or other understanding with Kyle

15    Danna to PROMOTE CashAdvanceDiamond.com and/or MobileCashSource.com.

16    **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

17        RMG objects to this Request as compound and overly broad in its use of the term "YOU."

18    RMG further objects to this Request as vague and ambiguous, including with regard to its use of

19    the undefined terms "agreement" and "understanding". RMG also objects to this Request as

20    seeking information that is neither relevant to the parties' claims or defenses nor reasonably

21    calculated to lead to the discovery of admissible evidence, to the extent that it calls for

22    information not reasonably related to the SMS text message or text message content identified in

23    the Class Action Complaint in this matter. Subject to and without waiving the foregoing

24    objections or the Preliminary Statement and the General Objections, which are incorporated

25    herein by reference, RMG responds as follows:

26        Denied.

27    **REQUEST FOR ADMISSION NO. 33:**

28        Admit that YOU own www.TwoHourCash.com.

DLA PIPER LLP (US)
SAN FRANCISCO

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

2        RMG objects to this Request as overly broad in its use of the term "YOU." RMG further

3    objects to this Request as vague and ambiguous. Subject to and without waiving the foregoing

4    objections or the Preliminary Statement and the General Objections, which are incorporated

5    herein by reference, RMG responds as follows:

6        Denied.

7    **REQUEST FOR ADMISSION NO. 34:**

8        Admit that YOU own CashIn2Hrs.com.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

10       RMG objects to this Request as overly broad in its use of the term "YOU." RMG further

11   objects to this Request as vague and ambiguous. Subject to and without waiving the foregoing

12   objections or the Preliminary Statement and the General Objections, which are incorporated

13   herein by reference, RMG responds as follows:

14       Denied.

15   **REQUEST FOR ADMISSION NO. 35:**

16       Admit that YOU own www.TwoHourCash.org.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

18       RMG objects to this Request as overly broad in its use of the term "YOU." RMG further

19   objects to this Request as vague and ambiguous. Subject to and without waiving the foregoing

20   objections or the Preliminary Statement and the General Objections, which are incorporated

21   herein by reference, RMG responds as follows:

22       Denied.

23   **REQUEST FOR ADMISSION NO. 36:**

24       Admit that YOU own TwoHourCash.net.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

26       RMG objects to this Request as overly broad in its use of the term "YOU." RMG further

27   objects to this Request as vague and ambiguous. Subject to and without waiving the foregoing

28   objections or the Preliminary Statement and the General Objections, which are incorporated

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

1    herein by reference, RMG responds as follows:

2        Denied.

3    **REQUEST FOR ADMISSION NO. 37:**

4        Admit that YOU own CashAdvanceDiamond.com.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

6        RMG objects to this Request as overly broad in its use of the term "YOU." RMG further

7    objects to this Request as vague and ambiguous. RMG also objects to this Request as seeking

8    information that is neither relevant to the parties' claims or defenses nor reasonably calculated to

9    lead to the discovery of admissible evidence, to the extent that it calls for information not

10   reasonably related to the SMS text message or text message content identified in the Class Action

11   Complaint in this matter. Additionally, RMG objects to this Request as not limited as to time

12   period. Subject to and without waiving the foregoing objections or the Preliminary Statement and

13   the General Objections, which are incorporated herein by reference, RMG responds as follows:

14       As of June 1, 2012, the URL www.cashadvancediamond.com is in the name of Reach

15   Media Group, LLC.

16   **REQUEST FOR ADMISSION NO. 38:**

17       Admit that YOU own MobileCashSource.com.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

19       RMG objects to this Request as overly broad in its use of the term "YOU." RMG further

20   objects to this Request as vague and ambiguous. RMG also objects to this Request as seeking

21   information that is neither relevant to the parties' claims or defenses nor reasonably calculated to

22   lead to the discovery of admissible evidence, to the extent that it calls for information not

23   reasonably related to the SMS text message or text message content identified in the Class Action

24   Complaint in this matter. Additionally, RMG objects to this Request as not limited as to time

25   period. Subject to and without waiving the foregoing objections or the Preliminary Statement and

26   the General Objections, which are incorporated herein by reference, RMG responds as follows:

27       As of June 1, 2012, the URL www.mobilecashsource.com is in the name of Reach Media

28   Group, LLC.

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

1  **REQUEST FOR ADMISSION NO. 39:**

2      Admit that YOU operate www.TwoHourCash.com.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

4      RMG objects to this Request as overly broad in its use of the term "YOU." RMG further

5  objects to this Request as vague and ambiguous. Subject to and without waiving the foregoing

6  objections or the Preliminary Statement and the General Objections, which are incorporated

7  herein by reference, RMG responds as follows:

8      Denied.

9  **REQUEST FOR ADMISSION NO. 40:**

10      Admit that YOU operate CashIn2Hrs.com.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

12      RMG objects to this Request as overly broad in its use of the term "YOU." RMG further

13  objects to this Request as vague and ambiguous. Subject to and without waiving the foregoing

14  objections or the Preliminary Statement and the General Objections, which are incorporated

15  herein by reference, RMG responds as follows:

16      Denied.

17  **REQUEST FOR ADMISSION NO. 41:**

18      Admit that YOU operate www.TwoHourCash.org.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

20      RMG objects to this Request as overly broad in its use of the term "YOU." RMG further

21  objects to this Request as vague and ambiguous. Subject to and without waiving the foregoing

22  objections or the Preliminary Statement and the General Objections, which are incorporated

23  herein by reference, RMG responds as follows:

24      Denied.

25  **REQUEST FOR ADMISSION NO. 42:**

26      Admit that YOU operate TwoHourCash.net.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

28      RMG objects to this Request as overly broad in its use of the term "YOU." RMG further

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

1  objects to this Request as vague and ambiguous.  Subject to and without waiving the foregoing

2  objections or the Preliminary Statement and the General Objections, which are incorporated

3  herein by reference, RMG responds as follows:

4      Denied.

5  **REQUEST FOR ADMISSION NO. 43:**

6      Admit that YOU operate CashAdvanceDiamond.com.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

8      RMG objects to this Request as overly broad in its use of the term "YOU."  RMG further

9  objects to this Request as vague and ambiguous.  RMG also objects to this Request as seeking

10  information that is neither relevant to the parties' claims or defenses nor reasonably calculated to

11  lead to the discovery of admissible evidence, to the extent that it calls for information not

12  reasonably related to the SMS text message or text message content identified in the Class Action

13  Complaint in this matter.  Additionally, RMG objects to this Request as not limited as to time

14  period.  Subject to and without waiving the foregoing objections or the Preliminary Statement and

15  the General Objections, which are incorporated herein by reference, RMG responds as follows:

16      Reach Media Group, LLC has operated the URL www.cashadvancediamond.com since

17  June 1, 2012.

18  **REQUEST FOR ADMISSION NO. 44:**

19      Admit that YOU operate MobileCashSource.com.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

21      RMG objects to this Request as overly broad in its use of the term "YOU."  RMG further

22  objects to this Request as vague and ambiguous.  RMG also objects to this Request as seeking

23  information that is neither relevant to the parties' claims or defenses nor reasonably calculated to

24  lead to the discovery of admissible evidence, to the extent that it calls for information not

25  reasonably related to the SMS text message or text message content identified in the Class Action

26  Complaint in this matter.  Additionally, RMG objects to this Request as not limited as to time

27  period.  Subject to and without waiving the foregoing objections or the Preliminary Statement and

28  the General Objections, which are incorporated herein by reference, RMG responds as follows:

DLA Piper LLP (US)
San Francisco

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO.  5:12-CV-04759 (PSG)

1    Reach Media Group, LLC has operated the URL www.mobilecashsource.com since June

2    1, 2012.

3    **REQUEST FOR ADMISSION NO. 45:**

4    Admit that EWA directed PERSONS to CashAdvanceDiamond.com and/or

5    MobileCashSource.com.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

7    RMG objects to this Request as compound. RMG further objects to this Request as vague

8    and ambiguous, including with regard to its use of the undefined phrase "directed PERSONS".

9    RMG also objects to this Request as seeking information that is neither relevant to the parties'

10    claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to

11    the extent that it calls for information not reasonably related to the SMS text message or text

12    message content identified in the Class Action Complaint in this matter. RMG further objects to

13    this Request to the extent it seeks information that is not in the possession, custody or control of

14    this responding party. Additionally, RMG objects to this Request as not limited as to time period.

15    Subject to and without waiving the foregoing objections or the Preliminary Statement and the

16    General Objections, which are incorporated herein by reference, RMG responds as follows:

17    After reasonable inquiry, the information known by or readily available to RMG is

18    insufficient to enable it to admit or deny this Request.

19    **REQUEST FOR ADMISSION NO. 46:**

20    Admit that Ryan Lenahan directed PERSONS to CashAdvanceDiamond.com and/or

21    MobileCashSource.com.

22    **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

23    RMG objects to this Request as compound. RMG further objects to this Request as vague

24    and ambiguous, including with regard to its use of the undefined phrase "directed PERSONS".

25    RMG also objects to this Request as seeking information that is neither relevant to the parties'

26    claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to

27    the extent that it calls for information not reasonably related to the SMS text message or text

28    message content identified in the Class Action Complaint in this matter. Additionally, RMG

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

1  objects to this Request as not limited as to time period. RMG further objects to this Request to the

2  extent it seeks information that is not in the possession, custody or control of this responding

3  party. Subject to and without waiving the foregoing objections or the Preliminary Statement and

4  the General Objections, which are incorporated herein by reference, RMG responds as follows:

5      After reasonable inquiry, the information known by or readily available to RMG is

6  insufficient to enable it to admit or deny this Request.

7  **REQUEST FOR ADMISSION NO. 47:**

8      Admit that Kyle Danna directed PERSONS to CashAdvanceDiamond.com and/or

9  MobileCashSource.com.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

11     RMG objects to this Request as compound. RMG further objects to this Request as vague

12 and ambiguous, including with regard to its use of the undefined phrase "directed PERSONS".

13 RMG also objects to this Request as seeking information that is neither relevant to the parties'

14 claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to

15 the extent that it calls for information not reasonably related to the SMS text message or text

16 message content identified in the Class Action Complaint in this matter. RMG further objects to

17 this Request to the extent it seeks information that is not in the possession, custody or control of

18 this responding party. Additionally, RMG objects to this Request as not limited as to time

19 period. Subject to and without waiving the foregoing objections or the Preliminary Statement and

20 the General Objections, which are incorporated herein by reference, RMG responds as follows:

21     After reasonable inquiry, the information known by or readily available to RMG is

22 insufficient to enable it to admit or deny this Request.

23 **REQUEST FOR ADMISSION NO. 48:**

24     Admit that EWA was utilizing SMS MESSAGES to direct PERSONS to

25 CashAdvanceDiamond.com and/or MobileCashSource.com prior to PLAINTIFF filing the

26 COMPLAINT in this action.

27 **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

28     RMG objects to this Request as compound. RMG further objects to this Request as vague

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

1  and ambiguous, including with regard to its use of the undefined term "utilizing" and undefined

2  phrase "direct PERSONS". RMG also objects to this Request as seeking information that is

3  neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

4  discovery of admissible evidence, to the extent that it calls for information not reasonably related

5  to the SMS text message or text message content identified in the Class Action Complaint in this

6  matter. RMG further objects to this Request to the extent it seeks information that is not in the

7  possession, custody or control of this responding party. Additionally, RMG objects to this

8  Request as not limited as to time period. Subject to and without waiving the foregoing objections

9  or the Preliminary Statement and the General Objections, which are incorporated herein by

10  reference, RMG responds as follows:

11       After reasonable inquiry, the information known by or readily available to RMG is

12  insufficient to enable it to admit or deny this Request.

13  **REQUEST FOR ADMISSION NO. 49:**

14       Admit that Ryan Lenahan was utilizing SMS MESSAGES to direct PERSONS to

15  CashAdvanceDiamond.com and/or MobileCashSource.com prior to PLAINTIFF filing the

16  COMPLAINT in this action.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

18       RMG objects to this Request as compound. RMG further objects to this Request as vague

19  and ambiguous, including with regard to its use of the undefined term "utilizing" and undefined

20  phrase "direct PERSONS". RMG also objects to this Request as seeking information that is

21  neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

22  discovery of admissible evidence, to the extent that it calls for information not reasonably related

23  to the SMS text message or text message content identified in the Class Action Complaint in this

24  matter. RMG further objects to this Request to the extent it seeks information that is not in the

25  possession, custody or control of this responding party. Additionally, RMG objects to this

26  Request as not limited as to time period. Subject to and without waiving the foregoing objections

27  or the Preliminary Statement and the General Objections, which are incorporated herein by

28  reference, RMG responds as follows:

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

1    After reasonable inquiry, the information known by or readily available to RMG is

2    insufficient to enable it to admit or deny this Request.

3    **REQUEST FOR ADMISSION NO. 50:**

4    Admit that Kyle Danna was utilizing SMS MESSAGES to direct PERSONS to

5    CashAdvanceDiamond.com and/or MobileCashSource.com prior to PLAINTIFF filing the

6    COMPLAINT in this action.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

8    RMG objects to this Request as compound. RMG further objects to this Request as vague

9    and ambiguous, including with regard to its use of the undefined term "utilizing" and undefined

10   phrase "direct PERSONS". RMG also objects to this Request as seeking information that is

11   neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

12   discovery of admissible evidence, to the extent that it calls for information not reasonably related

13   to the SMS text message or text message content identified in the Class Action Complaint in this

14   matter. RMG further objects to this Request to the extent it seeks information that is not in the

15   possession, custody or control of this responding party. Additionally, RMG objects to this

16   Request as not limited as to time period. Subject to and without waiving the foregoing objections

17   or the Preliminary Statement and the General Objections, which are incorporated herein by

18   reference, RMG responds as follows:

19   After reasonable inquiry, the information known by or readily available to RMG is

20   insufficient to enable it to admit or deny this Request.

21   **REQUEST FOR ADMISSION NO. 51:**

22   Admit that YOU knew that EWA was utilizing SMS MESSAGES to direct PERSONS to

23   CashAdvanceDiamond.com and/or MobileCashSource.com prior to PLAINTIFF filing the

24   COMPLAINT in this action.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

26   RMG objects to this Request as compound. RMG further objects to this Request as overly

27   broad in its use of the term "YOU", and as vague and ambiguous, including with regard to its use

28   of the undefined term "utilizing" and undefined phrase "direct PERSONS". RMG also objects to

-30-

DLA Piper LLP (US)
San Francisco

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

1  this Request as seeking information that is neither relevant to the parties' claims or defenses nor

2  reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for

3  information not reasonably related to the SMS text message or text message content identified in

4  the Class Action Complaint in this matter.  Additionally, RMG objects to this Request as not

5  limited as to time period.  Subject to and without waiving the foregoing objections or the

6  Preliminary Statement and the General Objections, which are incorporated herein by reference,

7  RMG responds as follows:

8       Denied.

9  **REQUEST FOR ADMISSION NO. 52:**

10      Admit that YOU knew that Ryan Lenahan was utilizing SMS MESSAGES to direct

11  PERSONS to CashAdvanceDiamond.com and/or MobileCashSource.com prior to PLAINTIFF

12  filing the COMPLAINT in this action.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

14      RMG objects to this Request as compound.  RMG further objects to this Request as overly

15  broad in its use of the term "YOU", and as vague and ambiguous, including with regard to its use

16  of the undefined term "utilizing" and undefined phrase "direct PERSONS".  RMG also objects to

17  this Request as seeking information that is neither relevant to the parties' claims or defenses nor

18  reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for

19  information not reasonably related to the SMS text message or text message content identified in

20  the Class Action Complaint in this matter.  Additionally, RMG objects to this Request as not

21  limited as to time period.  Subject to and without waiving the foregoing objections or the

22  Preliminary Statement and the General Objections, which are incorporated herein by reference,

23  RMG responds as follows:

24      Denied.

25  **REQUEST FOR ADMISSION NO. 53:**

26      Admit that YOU knew that Kyle Danna was utilizing SMS MESSAGES to direct

27  PERSONS to CashAdvanceDiamond.com and/or MobileCashSource.com prior to PLAINTIFF

28  filing the COMPLAINT in this action.

-31-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO.  5:12-CV-04759 (PSG)

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

RMG objects to this Request as compound. RMG further objects to this Request as overly broad in its use of the term "YOU", and as vague and ambiguous, including with regard to its use of the undefined term "utilizing" and undefined phrase "direct PERSONS": RMG also objects to this Request as seeking information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for information not reasonably related to the SMS text message or text message content identified in the Class Action Complaint in this matter. Additionally, RMG objects to this Request as not limited as to time period. Subject to and without waiving the foregoing objections or the Preliminary Statement and the General Objections, which are incorporated herein by reference, RMG responds as follows:

Denied.

**REQUEST FOR ADMISSION NO. 54:**

Admit that YOU knew of the existence of the domain www.TwoHourCash.com prior to PLAINTIFF filing the COMPLAINT in this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

RMG objects to this Request as overly broad in its use of the term "YOU". RMG also objects to this Request as seeking information that is neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that it calls for information not reasonably related to the SMS text message or text message content identified in the Class Action Complaint in this matter. Additionally, RMG objects to this Request as not limited as to time period.

Subject to and without waiving the foregoing objections or the Preliminary Statement and the General Objections, which are incorporated herein by reference, RMG responds as follows:

RMG was aware of a URL www.twohourcash.com prior to the date Plaintiff filed the Complaint at issue in this action. RMG denies the remainder of this request.

**REQUEST FOR ADMISSION NO. 55:**

Admit that YOU knew of the existence of the domain CashIn2Hrs.com prior to

-32-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

1    PLAINTIFF filing the COMPLAINT in this action.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

3    RMG objects to this Request as overly broad in its use of the term "YOU". RMG also

4 objects to this Request as seeking information that is neither relevant to the parties' claims or

5 defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent

6 that it calls for information not reasonably related to the SMS text message or text message

7 content identified in the Class Action Complaint in this matter. Additionally, RMG objects to

8 this Request as not limited as to time period. Subject to and without waiving the foregoing

9 objections or the Preliminary Statement and the General Objections, which are incorporated

10 herein by reference, RMG responds as follows:

11    RMG was aware of a URL www.cashin2hours.com prior to the date Plaintiff filed the

12 Complaint at issue in this action. RMG denies the remainder of this request.

13    **REQUEST FOR ADMISSION NO. 56:**

14    Admit that YOU knew of the existence of the domain www.TwoHourCash.org prior to

15 PLAINTIFF filing the COMPLAINT in this action.

16    **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

17    RMG objects to this Request as overly broad in its use of the term "YOU". RMG also

18 objects to this Request as seeking information that is neither relevant to the parties' claims or

19 defenses nor reasonably calculated to lead to the discovery of admissible evidence, to the extent

20 that it calls for information not reasonably related to the SMS text message or text message

21 content identified in the Class Action Complaint in this matter. Additionally, RMG objects to

22 this Request as not limited as to time period. Subject to and without waiving the foregoing

23 objections or the Preliminary Statement and the General Objections, which are incorporated

24 herein by reference, RMG responds as follows:

25    RMG was aware of a URL www.twohourcash.org prior to the date Plaintiff filed the

26 Complaint at issue in this action. RMG denies the remainder of this request.

27    **REQUEST FOR ADMISSION NO. 57:**

28    Admit that YOU are capable of determining to which URL a PERSON viewing

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

1    CashAdvanceDiamond.com and/or MobileCashSource.com had been redirected from prior to

2    arriving at the CashAdvanceDiamond.com and/or MobileCashSource.com domains.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

4    RMG objects to this Request as compound. RMG further objects to this Request as overly

5    broad in its use of the term "YOU". RMG also objects to this Request as vague and ambiguous,

6    including with regard to the undefined phrase "capable of determining" and undefined term

7    "redirected". RMG further objects to this request to the extent it assumes facts and information

8    not defined or explained, including the fact that RMG is unable to determine refers unless refers

9    are enabled by the publisher. RMG also objects to this Request as seeking information that is

10   neither relevant to the parties' claims or defenses nor reasonably calculated to lead to the

11   discovery of admissible evidence, to the extent that it calls for information not reasonably related

12   to the SMS text message or text message content identified in the Class Action Complaint in this

13   matter. Subject to and without waiving the foregoing objections or the Preliminary Statement and

14   the General Objections, which are incorporated herein by reference, RMG responds as follows:

15   Denied.

16   **REQUEST FOR ADMISSION NO. 58:**

17   Admit that YOUR instructions to and agreement with EWA did not include an express

18   prohibition on utilizing SMS MESSAGES.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

20   RMG objects to this Request as compound. RMG further objects to this Request as overly

21   broad in its use of the term "YOUR", and as vague and ambiguous, including with regard to the

22   use of the undefined terms "instructions" and "agreement". RMG also objects to this Request as

23   seeking information that is neither relevant to the parties' claims or defenses nor reasonably

24   calculated to lead to the discovery of admissible evidence, to the extent that it calls for

25   information not reasonably related to the SMS text message or text message content identified in

26   the Class Action Complaint in this matter. Additionally, RMG objects to this Request as not

27   limited as to time period. Subject to and without waiving the foregoing objections or the

28   Preliminary Statement and the General Objections, which are incorporated herein by reference,

-34-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO.  5:12-CV-04759 (PSG)

1    RMG responds as follows:

2        Reach Media Group, LLC admits that the Terms and Conditions to which EWA agreed

3    when joining RMG's network as a publisher and the Insertion Orders into which Reach Media

4    Group, LLC and EWA entered, did not expressly prohibit the use of SMS text messages to

5    distribute Reach Media Group, LLC's uniquely designed advertisements, called RMG's

6    "Creatives". RMG denies the remainder of this Request.

7    **REQUEST FOR ADMISSION NO. 59:**

8        Admit that YOUR instructions to and agreement with Ryan Lanahan did not include an

9    express prohibition on utilizing SMS MESSAGES.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

11       RMG objects to this Request as compound. RMG further objects to this Request as overly

12   broad in its use of the term "YOUR", and as vague and ambiguous, including with regard to the

13   use of the undefined terms "instructions" and "agreement". RMG also objects to this Request as

14   seeking information that is neither relevant to the parties' claims or defenses nor reasonably

15   calculated to lead to the discovery of admissible evidence, to the extent that it calls for

16   information not reasonably related to the SMS text message or text message content identified in

17   the Class Action Complaint in this matter. Additionally, RMG objects to this Request as not

18   limited as to time period. Subject to and without waiving the foregoing objections or the

19   Preliminary Statement and the General Objections, which are incorporated herein by reference,

20   RMG responds as follows:

21       Reach Media Group, LLC admits that the Terms and Conditions to which Ryan Lenahan

22   agreed when joining RMG's network as a publisher and the Insertion Order into which Reach

23   Media Group, LLC and Lenahan entered, did not expressly prohibit the use of SMS text messages

24   to distribute Reach Media Group, LLC's uniquely designed advertisements, called RMG's

25   "Creatives". RMG denies the remainder of this Request.

26   **REQUEST FOR ADMISSION NO. 60:**

27       Admit that YOUR instructions to and agreement with Kyle Danna did not include an

28   express prohibition on utilizing SMS MESSAGES.

-55-

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240645473.3

DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
CASE NO. 5:12-CV-04759 (PSG)

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

2         RMG objects to this Request as compound.  RMG further objects to this Request as overly

3    broad in its use of the term "YOUR", and as vague and ambiguous, including with regard to the

4    use of the undefined terms "instructions" and "agreement".  RMG also objects to this Request as

5    seeking information that is neither relevant to the parties' claims or defenses nor reasonably

6    calculated to lead to the discovery of admissible evidence, to the extent that it calls for

7    information not reasonably related to the SMS text message or text message content identified in

8    the Class Action Complaint in this matter.  Additionally, RMG objects to this Request as not

9    limited as to time period.  Subject to and without waiving the foregoing objections or the

10   Preliminary Statement and the General Objections, which are incorporated herein by reference,

11   RMG responds as follows:

12        Reach Media Group, LLC admits that the Terms and Conditions to which Kyle Danna

13   agreed when joining RMG's network as a publisher and the Insertion Order into which Reach

14   Media Group, LLC and Danna entered, did not expressly prohibit the use of SMS text messages

15   to distribute Reach Media Group, LLC's uniquely designed advertisements, called RMG's

16   "Creatives". RMG denies the remainder of this Request.

17

18   Dated:  March 11, 2013                    DLA PIPER LLP (US)

19

20                                            By:
                                              ERIN JANE ILLMAN
21                                            VISHAL SINGAL
                                              Attorneys for Defendant
22                                            REACH MEDIA GROUP, LLC

23

24

25

26

27

28

                                        -36-
                    DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO
                    PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS TO ADMIT FACTS
                                        CASE NO. 5:12-CV-04759 (PSG)
WEST\240645473.3

## VERIFICATION

I, Randy Mitchelson, declare as follows:

I am the Chief Marketing Officer of Reach Media Group, LLC and I am authorized to make this verification on behalf of Reach Media Group, LLC.

I have read the foregoing document, Defendant Reach Media Group, LLC's Objections and Responses to Plaintiff David Trindade's First Set of Requests to Admit Facts, and know the contents thereof. I either have personal knowledge that the matters stated therein are true, or I am informed and believe that such matters are true, and on those grounds certify that the same are true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 11, 2012, in Atlanta, Georgia.

_____
Randy Mitchelson

WEST\240645473.3

1

## PROOF OF SERVICE

2

I, Keith R. Nesbit, declare:

3

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is DLA Piper LLP (US), 555 Mission Street, Suite 2400, San Francisco, California 94105-2933. On March 11, 2013, I served a copy of the within document(s):

4

5

6

**DEFENDANT REACH MEDIA GROUP, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF DAVID TRINDADE'S FIRST SET OF REQUESTS FOR ADMISSIONS**

7

8

☒ by placing the document(s) listed above in a sealed Delivery Service envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Delivery Service agent for delivery.

9

10

| | | |
|---|---|---|
| Benjamin H. Richman<br>Rafey S. Balabanian<br>Christopher L. Dore<br>Edelson McGuire LLC<br>350 North LaSalle Street,<br>Suite 1300<br>Chicago, IL 60654<br>312 589-6370<br>Fax: 312 589-6378<br>brichman@edelson.com<br>rbalabanian@edelson.com<br>cdore@edelson.com | Sean Patrick Reis<br>Edelson McGuire, LLP<br>30021 Tomas Street, Suite 300<br>Rancho Santa Margarita, CA 92688<br>949-459-2124<br>Fax: 949-459-2123<br>sreis@edelson.com | Karl S. Kronenberger<br>Jeffrey M. Rosenfeld<br>Virginia A. Sanderson<br>150 Post Street<br>Suite 520<br>San Francisco, CA 94108<br>karl@krinternetlaw.com<br>jeff@krinternetlaw.com<br>ginny@krinternetlaw.com |

11

12

13

14

15

16

17

18

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

19

20

21

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

22

Executed on March 11, 2013, at San Francisco, California.

23

24

_Keith Nesbit_

25

Keith R. Nesbit

26

27

28

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\240669422.1